UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COURTNEY LINDE, et al.,

                    Plaintiffs,

        - v -                              CV-04-2799 (NG)(VVP)

ARAB BANK, PLC,
                    Defendant.
------------------------------------------------------------x
PHILIP LITLE, et al.,

                    Plaintiffs,

        - v -                              CV-04-5449 (NG)(VVP)

ARAB BANK, PLC,
                    Defendant.
------------------------------------------------------------x
ORAN ALMOG, et al.,

                    Plaintiffs,

        - v -                              CV-04-5564 (NG)(VVP)

ARAB BANK, PLC,
                      Defendant.
------------------------------------------------------------x
ROBERT L. COULTER, SR., et al.,

                    Plaintiffs,

        - v -                              CV-05-365 (NG)(VVP)

ARAB BANK, PLC,
                      Defendant.
------------------------------------------------------------x
GILA AFRIAT-KURTZER, et al.,

                    Plaintiffs,

        - v -                              CV-05-388 (NG)(VVP)

ARAB BANK, PLC,
                      Defendant.
------------------------------------------------------------x
MICHAEL BENNETT et al.,

                    Plaintiffs,

|                          |                       |
|--------------------------|-----------------------|
| - v -                    | CV-05-3183 (NG)(VVP)  |

ARAB BANK, PLC,
              Defendant.
----------------------------------------------------------------x
ARNOLD ROTH, et al.,

              Plaintiffs,

- v -                                        CV-05-3738 (NG)(VVP)

ARAB BANK, PLC,
              Defendant.
----------------------------------------------------------------x

## **DECISION AND ORDER**

The court here addresses the plaintiffs' renewed application to compel the defendant to produce documents produced to the Office of the Comptroller of the Currency ("OCC") and to the Financial Crimes Enforcement Network (FinCen) during their investigation of the defendant. The court adheres to its previous rulings denying the application.

*The OCC and FinCen documents*. The plaintiffs have asked that the defendant produce all transactional documents that were produced to the OCC and FinCen during their investigation of the defendant.[1] The investigation resulted in a Consent Order issued by the OCC requiring the defendant to modify a number of its practices and comply with various requirements. The investigation also resulted in an Assessment of Civil Money Penalty by FinCen, on consent, requiring the defendant to pay $24 million, for the defendant's failure to

---

[1] Both the OCC and FinCen are within the aegis of the Treasury Department. The OCC conducts investigations of banks as part of its supervisory and regulatory function, while FinCen has the responsibility of bringing enforcement proceedings to address violations of various financial regulations including the Bank Secrecy Act. In discharging its responsibilities, FinCen may rely on the investigatory reports issued by the OCC or conduct its own further investigation. There is no dispute that the OCC conducted an investigation of the defendant, but it is not clear whether FinCen conducted a separate investigation.

adopt procedures to implement an anti-money laundering program and to file suspicious activity reports.

The plaintiffs initially sought all documents relating to the investigation, both from the defendant and from the OCC, but the OCC asserted bank examination and law enforcement privileges in refusing to provide any non-public documents in their possession, including any copies of transactional documents. The plaintiffs have not pressed the matter with the OCC, but have now modified their request to seek from the defendant only the transactional documents that were produced by the defendant to the OCC and FinCen.

The request poses a practical problem because the OCC's investigation was conducted on-site by OCC personnel, who were given complete access to the records of the defendant without supervision by the defendant. Thus, accurately determining every document that was reviewed by the OCC during its investigation cannot be accomplished.

Aside from this substantial practical problem, after reviewing the Consent Order and the Assessment of Civil Money Penalty,[2] the court concludes that production pursuant to the plaintiffs' modified request is not reasonably calculated to lead to admissible evidence. The focus of the OCC investigation was on the procedures implemented by the bank, not on terrorist activity. The Assessment does state that, because the defendant had inadequate procedures in place, it "cleared funds transfers for originators or beneficiaries that the Office of Foreign Assets Control or the Department of State *later* designated as 'specially designated terrorists,' specially designtaed global terrorists,' or foreign terrorist organizations.'" Assessment at p. 7 (emphasis

---

[2]The Consent Order and Assessment of Civil Money Penalty (hereinafter the "Assessment") are found at Exhibits B and C, respectively, to the plaintiffs' December 12, 2005 letter to the court.

added).  But this is simply one example of the various types of suspicious activity that the defendant's lack of appropriate procedural controls allowed to occur.  Moreover, the OCC and FinCen have declined to identify what documents, or even what types of documents, led them to any of the conclusions stated in the Consent Order or the Assessment, including the conclusion concerning transfers to terrorist groups.  Thus, although the production of all transactional documents reviewed by the OCC will probably include records that relate in some way to terrorist activity, and thus to the plaintiffs' case, the production will also undoubtedly include a number of documents unrelated to the claims of the plaintiffs here, with no way to differentiate between the two.

The defendants have already made numerous requests for, and the court has already ordered production of, a broad array of transactional and other documents relating to numerous entities, including entities that have been classified as "specially designated terrorists," "specially designated global terrorists," and "foreign terrorist organizations."  Thus, the court is confident that any relevant documents that may be found within the production the plaintiffs seek are covered by their other requests and are therefore subject to production anyway.

Accordingly, the court denies the plaintiffs' request for an order requiring production of all transactional documents produced to the OCC and FinCen.

**SO ORDERED:**
*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:       Brooklyn, New York
             March 24, 2006