# LeBoeuf, Lamb, Greene & MacRae LLP

| | | |
|---|---|---|
| NEW YORK<br>WASHINGTON, D.C.<br>ALBANY<br>BOSTON<br>CHICAGO<br>HARTFORD<br>HOUSTON<br>JACKSONVILLE<br>LOS ANGELES<br>PITTSBURGH<br>SAN FRANCISCO | Goodwin Square<br>225 Asylum Street, 13th Floor<br>Hartford, CT 06103<br>(860) 293-3500<br>Facsimile: (860) 293-3555<br>E-mail address: RZDROJES@LLGM.COM<br>Writer's direct dial: 860-293-3537<br>Writer's direct fax: 860 293 3555 | LONDON<br>A MULTINATIONAL<br>PARTNERSHIP<br>PARIS<br>BRUSSELS<br>JOHANNESBURG<br>(PTY) LTD.<br>MOSCOW<br>RIYADH<br>AFFILIATED OFFICE<br>ALMATY<br>BEIJING |

May 3, 2006

**BY ELECTRONIC FILING**

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Linde, et al. v. Arab Bank, PLC, 04-2799 (NG) (VVP)*
*Coulter, et al. v. Arab Bank, PLC, 05-365 (NG) (VVP)*
*Almog, et al. v. Arab Bank, PLC, 04-5564 (NG) (VVP)*
*Bennett, et al. v. Arab Bank, PLC, 05-3183 (NG)(VVP)*
*Roth, et al. v. Arab Bank, PLC, 05-3738(NG)(VVP)*
*Afriat-Kurtzer, et al. v. Arab Bank, PLC, 05-388 (NG) (VVP)*
*Litle, et al. v. Arab Bank, PLC 04-5779 (NG)(VVP)*
*Stewart Weiss & Susan Weiss, et al. v. Arab Bank, PLC 06-1623 (NG)(VVP)*
<u>Motion for Reconsideration of Decision on Location of depositions</u>

Dear Judge Pohorelsky:

On behalf of defendant Arab Bank plc (the "Bank") in the above-captioned actions, we write, pursuant to Local Rule 6.3, regarding the location for depositions of Bank employees who live and work in Jordan. You had indicated that you were inclined to rule that Bank employees located in Jordan shall be deposed in a country other than Jordan based on plaintiffs' lawyers assertions that Jordan was not a safe country to visit. We respectfully submit that such assertions appeal to the prejudice that animates this entire action. Both counsel and Arab Bank must note in the strongest terms that the suggestion that Amman is an unsafe or unsuitable place to conduct business is offensive and without basis, and that there is no legitimate basis to depart from the rule elaborated in a long line of precedent that defendants' witnesses are to be deposed where they live and work.

The Honorable Viktor V. Pohorelsky
May 3, 2006
Page 2

The law is clear that a corporate defendant's employees, having not chosen the forum, are entitled to be deposed where they live and work. *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362 (D. Conn. 2005); *Dagen v. CFC Group Holdings, Ltd.*, No. 00-CV5682, 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2003). As noted, for a number of the bank witnesses, that place is Amman, Jordan.

The reasoning behind the default rule requiring that witnesses be deposed where they live or work is clear: a witness should not be put to the disruption, lost time, cost, and inconvenience of being forced to be deposed away from home, when it is plaintiffs who have chosen the forum. *Snow Becker v. Krauss P.C. v. Proyectos Instancaciones de Desalacion S.A.*, 92 Civ. 2644, 1992 WK 395598 (S.D.N.Y. Dec. 11, 1992); *Morin*, 229 F.R.D. at 364. There is absolutely no legitimate reason to conclude that Amman presents any ground for departing from this longstanding rule.

Jordan is a firm ally of the United States and has signed a peace treaty with Israel. American government officials legislators and judges regularly enjoy Jordanian hospitality[1], and the U.S. Government regards Jordan as an important ally in the Middle East.[2] Indeed, during their recent visits to Amman, counsel for the bank observed that Justice Scalia and Dennis Ross were fellow hotel guests. Numerous United States soldiers come every week to Amman on rest and relaxation leave from their duties in Iraq. Moreover, we note that there are currently no

---

[1] The following excerpt is from the Mission Statement from U.S. Department of Commerce's recent (April 1-6, 2006) Safety and Security Trade Mission to Jordan and Egypt.
"Jordan is one of the most stable and secure countries in the Middle East, and the Jordanian Government gives the safety and security sector strong attention." http://trade.gov/doctm/safetysecurity_jordan_egypt_0406.html

[2] Jordan's bilateral relations with the United States are today at their best. Over the past several years this relationship has developed in both scope and in depth to the extent that it now constitutes a true partnership. *See, e.g.*, **Then US Secretary of State Colin Powell at the Hearing of the Foreign Operations, Export Financing & Related Programs Subcommittee of the House of Appropriations Committee**, *House Comm. on Appropriations: Subcomm. On Foreign Ops., Export Fin. & Related Progs. Hearing on FY03*, 107th Congress (2002) (statement of Colin Powell, Secretary of State) ("Jordan is a frontline state that plays a vital role in that part of the world, a close friend of the United States. It's been in the forefront of our efforts in the campaign against terrorism. "); *See also* Congressional debate on United States-Jordan Free Trade Area Implementation Act, 147 Cong. Rec. S9691 (daily ed. September 24, 2001) (statement of **Sen. John McCain**) ("strengthening our strategic relations with our friends in the Middle East has become an urgent priority of American policy. This free trade agreement marks an important benchmark in U.S. relations with Jordan, an island of moderation and stability in a volatile region."); *Id.* at S9690 (statement of **Sen. Frank Murkowski**) ("the U.S.-Jordan Free Trade Agreement is an important acknowledgment of our long-standing friendship with the Hashemite Kingdom of Jordan, which has been a stalwart ally in pursuing peace and prosperity in the Middle East. "); *Id.* at S9680 (statement of **Sen. Max Baucus**) ("Jordan has been a steadfast friend in its support for the United States' efforts to bring peace to the Middle East. "); *Id.* at S9688 (statement of **Sen. Charles Grassley**) ("The Kingdom of Jordan and King Abdullah are good friends of the United States."); *See also* Congressional debate on United States-Jordan Free Trade Area Implementation Act, 147 Cong. Rec. H4871 (statement of **Rep. Phil English**) ("our relationship with Jordan is a strategic one, and that alone is reason enough for this trade agreement to be desirable. . . Trading with Jordan will be mutually beneficial and strengthen them as our ally. Jordan also represents a country that plays a critical role in the Middle East peace process").

The Honorable Viktor V. Pohorelsky
May 3, 2006
Page 3

Department of State travel warnings on traveling to Jordan, unlike Israel. *See* http://travel.state.gov/travel/cis_pa_tw/tw/tw_1764.html.

Pursuant to the Court's own discovery orders, the Bank's own American lawyers, including the undersigned, have been required frequently to travel to Amman to obtain discovery materials and prepare the case. Is the safety of plaintiffs' counsel a higher priority somehow than the safety of defense counsel? The argument of plaintiffs' attorneys that they will be "targeted" is baseless. Amman is a large, cosmopolitan city. Jordan possesses a thriving economy and is a frequent business destination for American travelers, who are able to choose from an array of five star hotels. It is hard to imagine a scenario where the plaintiffs' attorneys would be differentiated from the thousands of other Americans traveling to Amman every day. There is no reason to suggest that a visit by a group of private attorneys would even be noticed by the Jordanians. We can assure Your Honor that plaintiffs' counsel would be treated with courtesy and hospitality, and we would be happy to assist in facilitating their travel arrangements. Plaintiffs' lawyers speak frequently of their travels through various parts of Israel. Any assertion that they should be no less willing to travel to Jordan can be based only in ignorance, bias or tactical calculation, not in fact.

Plaintiffs can avail themselves of the option of videolink deposition in convenience to the bank's witnesses. Surely the marginal inconvenience to them of conducting depositions by way of videolink deposition is far less than the inconvenience to the bank witness to being required to travel great distances to a city with no connection to the parties or the case.

In sum, we appeal to the Court's sense of fairness and respect for other cultures in affirming the longstanding rule that witnesses are to be deposed where they live. There is absolutely no basis for creating an exception in the case of Jordan and thereby announcing that Jordan is not a safe and suitable venue for Americans to visit. Therefore, we respectfully request the court order the Plaintiffs to take the deposition of the Bank's Jordonian employees either in person in Jordan or by videolink.

Respectfully submitted,

Ronald W. Zdrojeski

cc: All counsel on attached list

## SERVICE LIST

**BY ELECTRONIC DELIVERY:**

**IN** *LITLE, ET AL. V. ARAB BANK, PLC,* **CV 04-5449 &** *BENNETT, ET AL. V. ARAB BANK, PLC,* **CV 05-3183 &** *ROTH, ET AL. V. ARAB BANK, PLC,* **CV 05-3738 &** *WEISS, ET. AL. V. ARAB BANK, PLC, CV 06-1623*

**Liaison Counsel for** *Litle, Bennett and Roth* **Plaintiffs:**
James P. Bonner, Esq (jbonner@lawssb.com)
SHALOV, STONE & BONNER LLP
485 Seventh Avenue
Suite 1000
New York, N.Y. 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310

**Co-Counsel for** *Litle, Bennett and Roth* **Plaintiffs:**
Mark S. Werbner, Esq. (mwerbner@swtriallaw.com)
SAYLES WERBNER
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
Telephone: (214) 939-8711
Facsimile: (214) 939-8787

Richard D. Heideman, Esq. (rdheideman@hnklaw.com)
HEIDEMAN LEZELL NUDELMAN & KALIK, P.C.
1146 19th Street, NW
Fifth Floor
Washington, D.C. 20036
Telephone: (202) 462-8990
Facsimile: (202) 462-8995

Steven R. Perles, Esq. (sperles@perleslaw.com)
PERLES LAW FIRM, P.C.
1146 19th Street, NW
Washington DC 20036
Telephone: (202) 745-1300
Facsimile: (202) 745-1858

**IN** *LINDE, ET AL. v. ARAB BANK, PLC,* **CV 04-2799 &** *COULTER, ET AL. v. ARAB BANK, PLC, CV 05-365*

**Liaison Counsel for** *Linde* **Plaintiffs; Co-counsel for the** *Coulter* **Plaintiffs**:
Andrew D. Friedman, Esq. (afriedman@whesq.com)
Joshua D. Glatter, Esq. (jglatter@whesq.com)
WECHSLER HARWOOD LLP
488 Madison Avenue
8th Floor
New York, NY 10022

Telephone: (212) 935-7400
Facsimile: (212) 753-3630

**Counsel for the *Coulter* Plaintiffs; Co-Counsel for *Linde* Plaintiffs:**
Gary M. Osen, Esq. (gmo@osen.us)
Peter Raven-Hansen (praven@law.gwu.edu)
OSEN & ASSOCIATES, LLC
700 Kinderkamack Road
Oradell, NJ 07649
Telephone: (201) 265-6400
Facsimile: (201) 265-0303

Robert A. Swift, Esq. (rswift@kohnswift.com)
Steven M. Steingard, Esq. (ssteingard@kohnswift.com)
KOHN SWIFT & GRAF, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

**IN *ALMOG, ET AL. v. ARAB BANK, PLC*, CV 04-5564 & *AFRIAT-KURTZER, ET AL. V. ARAB BANK, PLC*, CV 05-388**

**Counsel for *Almog & Afriat-Kurtzer* Plaintiffs**
Ronald L. Motley, Esq. (rmotley@motleyrice.com)
Jodi W. Flowers, Esq. (jflowers@motleyrice.com
John M. Eubanks, Esq. (jeubanks@motleyrice.com)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

**Co-Counsel for *Almog* Plaintiffs**
Alan Gerson, Esq. (gerson@gilgintl.org)
ATTORNEY AT LAW
2131 S. Street
Washington, D.C. 20008
Telephone: (202) 966-8557