UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
COURTNEY LINDE, et al.,

                    Plaintiffs,

          - v -                              CV-04-2799 (NG)(VVP)

ARAB BANK, PLC,
                    Defendant.
-----------------------------------------------------------------x
PHILIP LITLE, et al.,

                    Plaintiffs,

          - v -                              CV-04-5449 (NG)(VVP)

ARAB BANK, PLC,
                    Defendant.
-----------------------------------------------------------------x
ORAN ALMOG, et al.,

                      Plaintiffs,

          - v -                              CV-04-5564 (NG)(VVP)

ARAB BANK, PLC,
                    Defendant.
-----------------------------------------------------------------x
ROBERT L. COULTER, SR., et al.,

                      Plaintiffs,

          - v -                              CV-05-365 (NG)(VVP)

ARAB BANK, PLC,
                    Defendant.
-----------------------------------------------------------------x
GILA AFRIAT-KURTZER, et al.,

                      Plaintiffs,

          - v -                              CV-05-388 (NG)(VVP)

ARAB BANK, PLC,
                    Defendant.
-----------------------------------------------------------------x
MICHAEL BENNETT et al.,

                    Plaintiffs,

|  |  |
|---|---|
| - v - | CV-05-3183 (NG)(VVP) |

ARAB BANK, PLC,
                Defendant.
------------------------------------------------------------------x
ARNOLD ROTH, et al.,

                Plaintiffs,

        - v -                          CV-05-3738 (NG)(VVP)

ARAB BANK, PLC,
                Defendant.
------------------------------------------------------------------x
NETANEL MILLER, et al.,

                Plaintiffs,

        - v -                          CV-05-5518 (NG)(VVP)

ARAB BANK, PLC,
                Defendant.
------------------------------------------------------------------x
STEWART WEISS, et al.,

                Plaintiffs,

        - v -                          CV-06-1623 (NG)(VVP)

ARAB BANK, PLC,
                Defendant.
------------------------------------------------------------------x

## REPORT AND RECOMMENDATION

      The plaintiffs have moved for injunctive relief and sanctions to redress conduct by the defendant's counsel that they contend amounts to obstruction of justice. The allegedly inappropriate conduct justifying sanctions is the transmittal of a letter to an Israeli organization whose website has published information and evidence concerning the claims made by the plaintiffs here. Judge Gershon has referred the motion to me for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons below, I recommend that the motion be denied.

These related actions involve tort claims arising from injuries and deaths caused by suicide bombings and other attacks in Israel, the West Bank, and Gaza since the onset of the second intifada in late 2000. The plaintiffs allege that the defendant knowingly encouraged and promoted these violent acts by providing a financial system for the collection and payment of funds in compensation and reward to the families of those who carried out the attacks.

The defendant's alleged involvement in these financial activities has been the subject of comment on a website in Israel operated by an organization known as the Center for Special Studies ("CSS"). The CSS, which dedicates itself "In memory to the fallen of the Israeli Intelligence Community," disseminates a wide variety of information about terrorism on its website. *See* Center for Special Studies Home Page, http://www.intelligence.org.il/. Information that has appeared there includes commentary about the defendant's involvement in the financial affairs alleged in this action, as well as copies of documents, supposedly seized by the Israeli army from Palestinians, which purport to reflect financial transactions of the type alleged here.

In response to the website's publications about it, the defendant's counsel here engaged an Israeli law firm to send a letter to CSS in May 2005. *See* Letter of Eytan Epstein, May 25, 2005, annexed as Ex. 1 to Plaintiffs' Memorandum of Law. The letter takes issue with assertions made on the website, and denies the defendant's participation in, or support of, terrorist activity. The letter notes that the website has published material of an apparently evidentiary nature that purports to have been obtained from official intelligence sources in Israel, material which the plaintiffs' counsel here have apparently used in prosecuting their claims here. The letter complains that the publication of such materials on the CSS website could have an impact on the proceedings in this action, and thus deny the defendant a fair opportunity to defend itself against

the accusations. The letter asserts the belief that it is improper for the intelligence community of the State of Israel to publish material that could damage a party's position in ongoing litigation. Finally, the letter asks that CSS cease publishing material accusing the defendant of illegal activity until the proceedings here are concluded and issue a written clarification that its publications were only opinions and assessments of CSS, and do not reflect the official position of the State of Israel.

The plaintiffs argue that the letter constitutes an attempt to obstruct the plaintiffs' access to information by intimidating individuals from communicating about matters relating to the defendant. The court disagrees. The thrust of the letter is a defense of the defendant's reputation and a concern about how the information published on the website may affect public opinion and the proceedings in this action. Although the letter specifically mentions this action and highlights that some material published on the website would be used as evidence by the "prosecutors" (apparently a reference to the plaintiffs' counsel) here, it does not criticize CSS for providing that material to the "prosecutors." Rather, the criticism is directed at the publication of that material on the website. The court therefore finds nothing in the letter that constitutes an effort to obstruct the flow of information to the plaintiffs here, and the plaintiffs themselves acknowledge that the letter did not have that effect.

The principal case cited by the plaintiffs in support of their motion, *Ty, Inc. v. Softbelly's, Inc.*, is inapposite for several reasons. First, the effort to obstruct there involved a telephone call made for the specific purpose of dissuading an expert witness from offering testimony on behalf of the defendant at trial. In contrast, there has been no effort here to dissuade anyone from testifying anywhere, or to prevent anyone from providing information to the court. Second, the

object of the supposed obstruction here, CSS, is not even a witness.  At most CSS possesses documents that may have some evidentiary significance here, documents which it states are publicly available from the Israeli military.  *See* Letter of Yehuda Tunik, July 26, 2005, annexed as Ex. 7 to Defendant's Memorandum of Law.

The court finds little to support the notion that the letter was an attempt to prevent CSS from passing on such information to the plaintiffs.  Rather, the clear intent of the letter, on its face, is to attempt to convince CSS to cease publishing information on its website which the defendant asserts to be false and defamatory.  That CSS understood the letter that way is clear from its written response to the letter, which contends that the commentary on its website constitutes merely the "research opinion of the author," and thus seeks to take advantage of an "expression of opinion" defense to defamation.  Tunik Letter, *supra*.  Equally telling is a disclaimer which now appears on the CSS website stating, in essence, that material appearing on the website constitutes the opinion of the author and does not reflect CSS's opinions.  The defendant clearly has the right to take lawful steps to prevent the publication of statements it believes are defamatory.  The Epstein letter constitutes such a step.

The court therefore concludes that the letter furnishes no basis for taking any action, and accordingly recommends that the plaintiffs' motion for sanctions be denied.

   *    *    *    *    *    *

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g.,*

*Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

                                                                                 */s/ Viktor V. Pohorelsky*
                                                                                 VIKTOR V. POHORELSKY
                                                                                 United States Magistrate Judge

Dated:       Brooklyn, New York
               July 24, 2006