**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------x
**COURTNEY LINDE, et al.,**

                **Plaintiffs,**                             **<u>ORDER</u>**
                                                     **04 CV 2799 (NG)(VVP)**
   - against -

**ARAB BANK, PLC,**

                **Defendant.**
------------------------------------------------------x
**PHILIP LITLE, et al.,**

                **Plaintiffs,**
                                                     **04 CV 5449 (NG)(VVP)**
   - against -

**ARAB BANK, PLC,**

                **Defendant.**
------------------------------------------------------x
**ORAN ALMOG, et al.,**

                **Plaintiffs,**
                                                     **04 CV 5564 (NG)(VVP)**
   - against -

**ARAB BANK, PLC,**

                **Defendant.**
------------------------------------------------------x
**ROBERT L. COULTER, SR. et al.,**

                **Plaintiffs,**
                                                     **05 CV 365 (NG)(VVP)**
   - against -

**ARAB BANK, PLC,**

                **Defendant.**
------------------------------------------------------x

```
-------------------------------------------------------x
 GILA AFRIAT-KURTZER, et al.,

                    Plaintiffs,
                                                            05 CV 388 (NG)(VVP)
     - against -

ARAB BANK, PLC,

                    Defendant.
-------------------------------------------------------x
MICHAEL BENNETT, et al.,

                    Plaintiffs,
                                                            05 CV 3183 (NG)(VVP)
     - against -

ARAB BANK, PLC,

                    Defendant.
-------------------------------------------------------x
ARNOLD ROTH, et al.,

                    Plaintiffs,
                                                            05 CV 3738 (NG)(VVP)
     - against -

ARAB BANK, PLC,

                    Defendant.
-------------------------------------------------------x
STEWART WEISS, et al.,

                    Plaintiffs,
                                                            06 CV 1623 (NG)(VVP)
     - against -

ARAB BANK, PLC,

                    Defendant.
-------------------------------------------------------x
```

```
---------------------------------------------------------x
JESNER, et al.,

                    Plaintiffs,
                                                          06 CV 3869 (NG)(VVP)
     - against -

ARAB BANK, PLC,

                    Defendant.
---------------------------------------------------------x
```

**GERSHON, United States District Judge:**

Both plaintiffs and defendant have appealed from Magistrate Judge Pohorelsky's Decision and Order of November 25, 2006 which ruled on defendant's assertion of foreign bank secrecy laws as a basis for withholding production of documents and refusing to respond to other discovery requests. Plaintiffs also raise objections to two rulings made by Judge Pohorelsky at a conference on November 30, 2006.

Defendant's appeal of Judge Pohorelsky's overruling of its objections to production of documents or information on the basis of foreign bank secrecy laws is without merit. The ruling is neither clearly erroneous nor contrary to law. On the contrary, it is fully supported by the case law, as thoughtfully analyzed by Judge Pohorelsky.

Plaintiffs appeal from two aspects of the November 25, 2006 Decision and Order. The first ruling challenged is Judge Pohorelsky's conclusion that the Second Production Order "is broader than it needs to be to satisfy interests of comity" and his consequent direction to plaintiffs to narrow their requests "to achieve greater specificity." That ruling was well within the magistrate judge's discretion.

The second ruling challenged is the ruling that allowed defendant the opportunity to seek approvals to disclose the discovery requested, as follows:

> Now that this court has ruled that the bank secrecy laws of those jurisdictions will not serve as a bar to discovery ordered here, the defendant may be in a position to pursue avenues for obtaining permission to disclose the information from pertinent governments and authorities through letters rogatory or other devices, and should be given a specified period of time to do so. The defendant has expressed its desire to engage in this effort.

(Judge Pohorelsky noted in a footnote that defendant had already begun the process of seeking letters rogatory.) This exercise of discretion by the magistrate judge also was within his powers and will not be overturned.

Finally, plaintiffs challenge Judge Pohorelsky's rulings, on November 30, 2006, that (1) certification that all documents relating to the Beirut Account have been produced can await defense counsel's visit to Beirut and (2) plaintiffs' deposition of Arab Bank pursuant to Rule 30(b)(6) relating to the Beirut Account shall be conducted in Beirut in accordance with prior rulings governing this action which provided that the Bank's employees would be deposed where they reside. Judge Pohorelsky recognized that there is presently an issue of safety to American lawyers traveling to Beirut and concluded that there was no urgency for counsel on either side to travel to Beirut. He noted that there is other discovery which can be pursued first. He further ruled that, if the security situation remains unchanged, he can revisit his rulings and another location can be ordered. Status Conference Tr., Nov. 30, 2006 at 114-15. It is hard to imagine rulings more clearly within the discretion of the supervising magistrate judge than these. They are affirmed.

In sum, all of the appeals, by both defendant and plaintiffs, are denied and the magistrate judge's rulings affirmed.

I note that, to date, no "specific period of time" as contemplated by Judge Pohorelsky has been fixed for defendant's effort to obtain permission to turn over the documents and information covered by foreign bank secrecy laws, nor has a date been fixed for the production of the documents and information absent permission. In order to assure that production is not unduly delayed, it is contemplated that Judge Pohorelsky will promptly set an appropriate date by which the Bank will determine whether it can achieve permission to turn over the documents.

**SO ORDERED.**

/s/
_____
**NINA GERSHON**
**United States District Judge**

Dated:   March 14, 2007
         Brooklyn, New York