UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
COURTNEY LINDE, et al.,

                Plaintiffs,

      - v -                                      CV-04-2799 (NG)(VVP)

ARAB BANK, PLC,
                Defendant.
----------------------------------------------------------------x
PHILIP LITLE, et al.,

                Plaintiffs,

      - v -                                      CV-04-5449 (NG)(VVP)

ARAB BANK, PLC,
                Defendant.
----------------------------------------------------------------x
ORAN ALMOG, et al.,

                Plaintiffs,

      - v -                                      CV-04-5564 (NG)(VVP)

ARAB BANK, PLC,
                Defendant.
----------------------------------------------------------------x
ROBERT L. COULTER, SR., et al.,

                Plaintiffs,

      - v -                                      CV-05-365 (NG)(VVP)

ARAB BANK, PLC,
                Defendant.
----------------------------------------------------------------x
GILA AFRIAT-KURTZER, et al.,

                Plaintiffs,

      - v -                                      CV-05-388 (NG)(VVP)

ARAB BANK, PLC,
                Defendant.
----------------------------------------------------------------x
MICHAEL BENNETT et al.,

                Plaintiffs,

      - v -                                      CV-05-3183 (NG)(VVP)

```
ARAB BANK, PLC,
                           Defendant.
-------------------------------------------------------------------x
ARNOLD ROTH, et al.,

                           Plaintiffs,
              - v -                                CV-05-3738 (NG)(VVP)

ARAB BANK, PLC,
                           Defendant.
-------------------------------------------------------------------x
STEWART WEISS, et al.,

                           Plaintiffs,
              - v -                                CV-06-1623 (NG)(VVP)

ARAB BANK, PLC,
                           Defendant.
-------------------------------------------------------------------x
JOSEPH JESNER, et al.,

                           Plaintiffs,
              - v -                                CV-06-3869 (NG)(VVP)

ARAB BANK, PLC,
                           Defendant.
-------------------------------------------------------------------x
```

## **DECISION**

The parties seek resolution of a dispute over whether the plaintiffs will be required to reimburse the defendant for travel expenses associated with the upcoming depositions of certain plaintiffs who reside in Israel. The plaintiffs had originally proposed to do so to avoid the far more considerable expense of having those plaintiffs all travel to the United States for depositions in the forum, the customary situs for depositions of the plaintiffs. Although the court has decided not to require the Israeli plaintiffs to travel here for their depositions, a decision which saves them considerable expense both in money and time, the decision imposes expenses on the defendant which ordinarily a defendant is not expected to bear. In the circumstances, fairness dictates that the expenses be defrayed. Accordingly, the plaintiffs are hereby required to

reimburse the defendant for reasonable travel expenses (transportation and accommodations) for two attorneys for the upcoming double-tracked depositions in Israel. No reimbursement is required for the attorneys' fees incurred, however, as those expenses would be incurred whether the depositions were held in Israel or in the United States.

The court recognizes that there is no specific provision in the Federal Rules of Civil Procedure that authorizes such cost-shifting, although the court does have authority under Rule 26(c) to issue protective orders in the interest of justice to insure, among other things, "that . . . discovery may be had only on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26(c)(2). Local Civil Rule 30.1 also provides authority for cost-shifting, albeit under somewhat different circumstances. Notwithstanding the absence of specific authority, however, the court believes the cost-shifting contemplated above is appropriate given the other savings enjoyed by the plaintiffs under the arrangement. Moreover, the plaintiffs may avoid the cost-shifting by appearing here for their depositions. Should the Israeli plaintiffs now scheduled for depositions choose not to bear the defendant's travel expenses as set forth above, they will be required to appear here for their depositions.

As contemplated by Local Civil Rule 30.1, even though it is not specifically applicable to the present situation, the costs incurred by the plaintiffs in accordance with this decision shall be considered taxable costs, recoverable by the plaintiffs should they prevail in this litigation.

          **SO ORDERED:**
          *Viktor V. Pohorelsky*
          VIKTOR V. POHORELSKY
          United States Magistrate Judge

Dated:    Brooklyn, New York
           March 14, 2007