UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PHILIP LITLE, et al.,

                Plaintiffs,

- v -

ARAB BANK, PLC,

                Defendant.
------------------------------------------------------------------x

**OPINION AND ORDER**

CV-04-5449 (NG)(VVP)

      The defendant has moved for reargument of this court's December 12, 2006 Opinion and Order (the "Order") which granted the plaintiffs leave to file a second amended complaint in this action to add additional plaintiffs and to add factual allegations that further detail the scheme and conspiracy in which the defendant allegedly participated. Specifically, the defendant seeks reargument of that part of the Order which rested on the so-called "discovery" rule in rejecting the defendant's argument that some of the claims the plaintiffs sought to add were barred by the statute of limitations. For the reasons below, the defendant's motion is granted, and upon reargument the Order is vacated in part such that the plaintiffs' motion to amend is granted in part, and denied in part, but with leave to replead.

## I. LEGAL STANDARDS

      Motions for reargument or reconsideration are governed in this district by Local Civil Rule 6.3, which contemplates such motions when there are "matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. "In considering such a motion, the standard 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " *Babcock v. Computer Associates Intern., Inc.*, No. 00-CV-1648(JS)(MLO), 2007 WL 526601 at *3 (E.D.N.Y. Feb. 9, 2007) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256-57 (2d

Cir.1995) (citations omitted).  This strict standard is designed to discourage repetitive arguments on issues that have already been considered by the court.  *Hayles v. Advanced Travel Management Corp.*, No. 01 Civ. 10017 (BSJ), 2004 WL 117597 at *1 (S.D.N.Y. Jan. 26, 2004).

## II. ANALYSIS

A review of the proceedings on this motion is useful in explaining the basis for the court's decision.  The plaintiffs' initial moving papers provided sound support for the motion but did not address the statute of limitations issues that later arose.  The defendant's principal opposition to the motion rested on the ground that the claims of the new plaintiffs were barred by the applicable four-year statute of limitations.  As there was no dispute that the disputed claims were being filed more than four years after the terrorist attacks which caused the plaintiffs' injuries, the defendant anticipated a possible counterargument by arguing that principles of equitable tolling, based on allegations of fraudulent concealment by the defendant, did not save the time-barred claims.

In reply, although the plaintiffs mentioned fraudulent concealment in passing, their principal argument centered on a "discovery" rule of accrual, raised for the first time, that provided a basis on which the new claims could be deemed timely.  Relying on Second Circuit precedent, the accrual rule they advanced holds that a "claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm."  *Veal v. Geraci*, 23 F.3d 722, 724 (2nd Cir. 1994) (citing *Barrett v. United States*, 689 F.2d 324, 333 (2d Cir.1982)).  The plaintiffs thus argued that their claims accrued, and the statute of limitations began to run, not when the plaintiffs were

injured, but when they learned about the defendant's alleged participation in the scheme to compensate the terrorists.

The court's Order relied on the plaintiffs' "discovery" rule argument with respect to the claims of three of the newly added plaintiffs – Shivi Keller (¶ 377), Chayim Brovender (¶ 379), and Mattiyahu Zachariash (¶ 380).[1] The court found that questions concerning when those plaintiffs knew or had reason to know of the defendant's alleged participation in the tortious conduct presented issues of fact, and therefore could not be decided as a matter of law at the pleading stage.

As the "discovery" rule argument had been made for the first time in the plaintiffs' reply papers, however, the defendant did not have the opportunity to respond and to bring to the court's attention a controlling case which undercuts the analysis in the Order. In *Rotella v. Wood*, 528 U.S. 549 (2000), the Supreme Court confirmed that when a statute is silent on the issue of accrual, as is the case here, a "discovery" rule of accrual is generally applied to claims arising under federal law. 528 U.S. at 555. The Court went on, however, to articulate a different "discovery" rule than the one upon which this court had relied:

> But in applying a discovery accrual rule, we have been at pains to explain that discovery of the injury, *not discovery of the other elements of a claim*, is what starts the clock.

*Id*. (emphasis added). Thus, the question of when the plaintiffs knew or had reason to know of the defendant's participation in the tortious conduct is irrelevant. It is the discovery of the

---

[1]The citations refer to paragraphs in the Proposed Second Amended Complaint, which is annexed as Exhibit A to the plaintiffs' Notice of Motion (hereinafter the "proposed complaint"). Although the proposed complaint included claims by a number of new plaintiffs, the court found that many were either not opposed or were not time-barred because they were filed within the four-year period. The court's reliance on the "discovery" rule thus affected only the claims of these three potential plaintiffs. See Opinion and Order, Dec. 12, 2006, at 2-4 & n.2.

plaintiffs' injuries, which here are the physical injuries caused by the terrorist attacks, that starts the clock. As to that date, there is no disputed question of fact with respect to the claims of the three newly added plaintiffs. There is also no dispute that the date of the terrorist attacks that injured those plaintiffs preceded the filing of the motion to amend the complaint by more than four years. Accordingly, their claims are time-barred unless some period of equitable tolling preserves them. *Rotella v. Wood*, 528 U.S. 549, 560-61, 120 S.Ct. 1075,1084 (2000) (Court's holding does not "unsettle the understanding that federal statutes of limitations are generally subject to equitable principles of tolling").

The plaintiffs attempt to argue that *Rotella* does not disturb the theory of accrual they rely on, except perhaps in medical malpractice and employment discrimination cases, and cite several cases decided after *Rotella* which they contend support their view that the discovery rule continues to require knowledge of both harm and the defendant's role in causing it. Pl. Mem. in Opp., Jan. 4. 2007, at 2-3. The sweeping language of *Rotella* undercuts any argument that the holding is applicable only to a limited class of federal claims, however, and the plaintiffs point to nothing in the Supreme Court's opinion in *Rotella* to suggest any such limitation.

The several cases cited by the plaintiffs are inapposite or not controlling. Their reliance on *Levitt v. Bear, Stearns & Co.*, 340 F.3d 94 (2nd Cir. 2003) is misplaced because that case examined accrual of claims under the federal securities laws which, unlike the claims here, specifically prescribe when claims accrue. 340 F.3d at 103. Since the *Levitt* holding applies only to claims arising under the federal securities laws, it has no application here. The plaintiffs' reliance on *Connolly v. McCall*, 254 F.3d 36 (2nd Cir. 2001), is puzzling because it provides no support for – indeed it contradicts – their position. The Second Circuit there simply held that a

section 1983 claim "accrues when the plaintiff knows or has reason to know of the harm." 254 F.3d at 41. The "harms" complained of here are, of course, the physical injuries suffered by the plaintiffs, and there is no question when they knew of those harms. Finally, the opinion in *Statistical Phone Philly v. Nynex Corp.*, 116 F. Supp. 2d 468, 477 (S.D.N.Y. 2000), to the extent it supports the plaintiffs, merely quotes a rule of accrual from *Kronisch v. United States*, 150 F.3d 112, 121 (2nd Cir. 1998), which is plainly no longer viable after *Rotella*.[2] Thus, although the rule quoted in *Statistical Phone Philly* suggests that accrual requires knowledge of both harm and causation, as the plaintiffs argue, *Rotella* has directly ruled otherwise – knowledge of harm alone starts the clock. 528 U.S. at 555.

As noted above, *Rotella* specifically preserved equitable tolling as a means of extending a limitations period. 528 U.S. at 560-61. Equitable tolling, however, is a limited doctrine that "applies only in the rare and exceptional circumstance." *Bertin v. United States*, ___ F.3d ___ , 2007 WL 574705, at *4 n.3 (2nd Cir. Feb. 26, 2007) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) ( per curiam )). Equitable tolling requires a showing that the plaintiff "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply."

---

[2]The court quoted from *Kronisch* as follows:

> [A] plaintiff need not know each and every relevant fact of his injury or even that the injury implicates a cognizable legal claim. *Rather, a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice.* A claim does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim, but such suspicions do give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence.

*Statistical Phone Philly v. NYNEX Corp.*, 116 F. Supp. at 481 (quoting *Kronisch*, 150 F.3d at 121) (emphasis added).

*Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80-81 (2nd Cir. 2003) (citing *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir.2002)) (internal quotations omitted).

The only argument made by the plaintiffs that equitable tolling may apply rests on various allegations of fraudulent concealment by the defendant. See Pl. Reply Mem. at p. 7; Proposed Second Amended Complaint ¶¶ 524-30.³ Fraudulent concealment must be pleaded with particularity, in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. *See, e.g., Armstrong v. McAlpin*, 699 F.2d 79, 88-89 (2nd Cir. 1983). The elements of such a claim are "(1) that the defendant concealed from [the plaintiff] the existence of his cause of action, (2) that he remained in ignorance of that cause of action until some point within four years of the commencement of his action, and (3) that his continuing ignorance was not attributable to lack of diligence on his part." *State of New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1083 (2nd Cir. 1988) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 460 (2d Cir.1974)). The allegations in the proposed complaint suffer from a number of failings with respect to the pleading requirements for stating fraudulent concealment. For instance, they make only generalized and conclusory statements about the time, place and manner of the defendant's allegedly fraudulent conduct. They fail to allege any duty to disclose owed by the defendant to the plaintiffs with respect to any of the matters they allege were fraudulently concealed. They fail to allege with any specificity when they became aware of their cause of action, and the efforts they undertook to satisfy the reasonable diligence requirement. These deficiencies, and

---

³The Proposed Second Amended Complaint is annexed as Exhibit A to the plaintiffs' Notice of Motion (hereinafter the "proposed complaint").

perhaps others as well, prevent the court from relying on equitable tolling as a possible basis for extending the statute of limitations with respect to the otherwise time-barred claims.

As this is the plaintiffs' first attempt to plead a basis for bringing the otherwise time-barred claims, the plaintiffs are afforded an opportunity to replead them. Any motion to file a repleaded complaint with those claims, however, must address with specificity the factual and legal basis for tolling the statute of limitations.

## III.  CONCLUSION

For the foregoing reasons, the defendant's motion for reargument is granted and the Opinion and Order dated December 12, 2006 is vacated in part. As a result the plaintiffs are granted leave to serve and file the proposed second amended complaint, except for allegations concerning the claims of Shivi Keller, Chayim Brovender, and Mattiyahu Zachariash, as to which the motion to amend the complaint is denied, with leave to replead.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         March 22, 2007