UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
COURTNEY LINDE, et al.,

                  Plaintiffs,

       - v -                                                               CV-04-2799 (NG)(VVP)

ARAB BANK, PLC,                                        **AND ALL RELATED CASES**[1]

                  Defendant.
-------------------------------------------------------------------x

## MEMORANDUM AND ORDER

By letter dated July 21, 2008, the plaintiffs in these related actions[2] object to the endorsement by the court of Letters of Request that the defendant wishes to submit to appropriate authorities of the governments of France and Germany. They contend that the Letters are untimely and that resort to such a procedure is improper. In addition they seek an order requiring the defendant to produce certain documents immediately. The plaintiffs' objections to the Letters of Request are overruled and the requested order is unnecessary.

The plaintiffs' objections to the Letters of Request rest on a fundamental misreading of this court's prior orders. The court's May 7, 2007 Production Order required the defendant to produce a wide array of documents. After the order was entered, a dispute arose between the plaintiffs and the defendant about the scope of the order, and the defendant sought a clarification of the order contending that compliance with the plaintiffs' reading of its scope would be unduly burdensome. Agreeing in part with the defendant's burdensomeness argument, the court entered an order on December 10, 2007 which limited the scope of the May 7, 2007 order, but only to the extent that the defendant did not assert bank secrecy laws as a basis for withholding production of any documents or demonstrated that it was seeking approval to disclose documents

---

[1] The following related cases have been consolidated with the instant case for purposes of discovery and other pretrial proceedings: *Philip Litle, et al. v. Arab Bank, PLC*, CV-04-5449 (NG)(VVP), *Oran Almog, et al. v. Arab Bank, PLC*, CV-04-5564 (NG)(VVP), *Robert L. Coulter Sr., et al. v. Arab Bank, PLC*, CV-05-365 (NG)(VVP), *Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC*, CV-05-388 (NG)(VVP), *Michael Bennett et al. v. Arab Bank, PLC*, CV-05-3183 (NG)(VVP), *Arnold Roth, et al. v. Arab Bank, PLC*, CV-05-3738 (NG)(VVP), *Stewart Weiss, et al. v. Arab Bank, PLC*, CV-06-1623 (NG)(VVP), and *Joseph Jesner, et al. v. Arab Bank, PLC*, CV-06-3869 (NG)(VVP).

[2] The letter states that it is written on behalf of all plaintiffs. In the future, submissions to the court is on behalf of all plaintiffs should be filed under the CV-04-2799 docket number, thus enabling the submission to be "spread" to all of the related dockets.

from any jurisdictions whose bank secrecy law prohibited their disclosure. Thus, the December 10, 2007 order contains the following language:

> Similarly, once the defendant has actually obtained authorization to disclose the records covered by the May 7 Order from any jurisdiction whose laws would otherwise prohibit their disclosure, the court will enter an order limiting the reach of the May 7 Order, provided, however, that the defendant must make requests for any such authorizations within the next 30 days.

Order, Dec. 10, 2007, at 5.

Citing the language, the plaintiffs have objected to the court's endorsement of the Letters of Request submitted by defendant on the ground that they are not timely. Although the final clause of the quoted sentence could be misinterpreted to mean that the defendant was required to send any Letters of Request within 30 days after December 10, the clause must be read in the context of the entire sentence. The purpose of the sentence is to provide the defendant with the opportunity to obtain a limitation on the scope of production required by the May 7 Order. That opportunity is described in the clause in the sentence which reads, "the court will enter an order limiting the reach of the May 7 Order." The opportunity is limited, however, by the proviso that follows it in the final clause, which makes it contingent on the defendant making requests to obtain authorizations from the jurisdictions that would otherwise prohibit disclosures within 30 days. Thus, the intent of the proviso clause is simply to require prompt action by the defendant if it wanted to obtain a reduction in the scope of the May 7 Order. It was not intended to prohibit the defendant from thereafter seeking disclosure authorizations from jurisdictions with bank secrecy laws.

Similarly, the plaintiffs' second argument in opposition to the Letters of Request rests on a misunderstanding of relevant caselaw. The plaintiffs argue that use of Letters of Request pursuant to the Hague Convention is inappropriate because it is inconsistent with the Supreme Court's decision in *Société Nationale Industrielle Aérospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522 (1987). That decision is simply inapposite to the Letters of Request before the court. *Société Nationale* held that a plaintiff seeking discovery from a foreign defendant need not resort to the Hague Convention, but rather could simply rely on the discovery tools provided by the Federal Rules of Civil Procedure. Here, the plaintiffs have been allowed to obtain discovery from the defendant by relying solely on the Federal Rules

of Civil Procedure, and have not been required to resort to the Hague Convention. Rather, the Hague Convention has become implicated here because the court has ordered the defendant to produce discovery in response to the plaintiffs' interrogatories and document requests notwithstanding that production of some that discovery is barred by the bank secrecy laws of various jurisdictions where the discovery resides and might lead to civil and criminal penalties against the defendant. The defendant's Letters of Request are an effort *by the defendant* to escape the prohibitions of those bank secrecy laws to enable it to produce the discovery ordered by the court. Indeed, a motion is now pending before the court to determine the sanctions that are to be imposed because of the defendant's failure to produce the discovery required by the order. The plaintiffs would have a legitimate objection, based on *Société Nationale*, if the court had required *them* to resort to the Hague Convention to obtain the discovery they sought. As it is, however, the court is mystified about why the plaintiffs would seek to block the defendant from trying to obtain approval to disclose records that the plaintiffs themselves asked for and presumably still wish to obtain.

Finally, the plaintiffs seek an order from the court requiring the defendant to produce certain records apparently covered by the May 7 Order which the defendant has apparently produced to German authorities. The defendant responds that whatever production of documents may have been made in Germany, it was done in accordance with German law, and does not entitle the defendant to ignore German bank secrecy laws by producing the documents here without appropriate authorization. Regardless of whether, and the circumstances under which, the defendant may have produced documents in Germany, the defendant is already obligated to produce documents covered by the May 7 Order here. Their failure to produce documents covered by the order subjects them to appropriate sanctions, which the court is considering in connection with the now pending motion. No further order is therefore necessary. Nor, absent a showing by the plaintiffs that production of the documents in Germany constitutes a lifting of the

bank secrecy prohibitions established by German law, is there any need to establish whether and what documents have been disclosed there.

The order of July 22, 2008 directing the defendant to suspend further action concerning the Letters of Request is vacated, and the defendant may resume the process of submitting the Letters of Request already signed by the court to the appropriate authorities in France and Germany.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:     Brooklyn, New York
            August 4, 2008