# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

Matthew E. Fishbein
Partner
Tel 212 909 6077
Fax 212 521 7077
mfishbein@debevoise.com

BY ECF

April 17, 2009

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      *Linde v. Arab Bank, PLC*, 04 Civ. 2799 (NG) (VVP) and related cases

Dear Judge Pohorelsky:

      We represent Israel Discount Bank, Ltd. ("IDB Ltd.") and Mercantile Discount Bank and write on behalf of IDB Ltd., Bank Hapoalim B.M. ("Hapoalim"), and Israel Discount Bank of New York ("IDBNY") (collectively, the "Non-Party Banks") in response to Arab Bank's letter dated April 10, 2009. In its letter, Arab Bank requests a ruling from Your Honor regarding its January 2007 motion to compel production from IDB Ltd. and IDBNY (*Linde* Docket Nos. 285), its March 2007 motion to compel production from Hapoalim (*Linde* Docket No. 317), and its January 2008 letter motion requesting the commencement of deposition discovery of Hapoalim and IDBNY (*Linde* Docket No. 483).

      We agree with Arab Bank that these matters are now "ripe for adjudication" following Judge Gershon's Order and Opinion dated April 2, 2009 (the "Order") dismissing all of Arab Bank's third-party claims for contribution against the (now) Non-Party Banks (*Litle* Docket No. 531). However, contrary to Arab Bank's assertion, Judge Gershon's opinion did answer important questions relating to this discovery dispute.

      First, Judge Gershon's decision reduced the banks to non-party status. This status weighs heavily against permitting Arab Bank to engage in any document or deposition discovery, where, as here, such discovery is protected from disclosure by foreign law.

      In particular, Arab Bank seeks discovery of information from the Non-Party Banks protected from disclosure by various Israeli laws and privileges, including but not limited to bank secrecy laws and Israel's Banking Ordinance protecting communications with Israeli banking regulators. Because the Non-Party Banks could be subject to civil and/or criminal liability in Israel for disclosure of this information, non-party discovery

New York • Washington, D.C. • London • Paris • Frankfurt • Moscow • Hong Kong • Shanghai

The Honorable Viktor V. Pohorelsky                2                              April 17, 2009

would be particularly inappropriate. *Minpeco, S.A. v. Conticommodity Servs., Inc.*, 116 F.R.D. 517, 526 (S.D.N.Y. 1987) (fact that entity to be compelled to produce documents in violation of foreign law is "merely a neutral source of information, and not itself a target of a criminal investigation or an adverse party in litigation" weighs heavily against compelled production). *See also Minpeco, S.A. v. Conticommodity Servs., Inc.*, 118 F.R.D. 331, 332 (S.D.N.Y. 1988) (foreign non-party document discovery should be compelled "only in extreme circumstances" and is particularly inappropriate where another nation may impose harsh penalties for complying with such an order).

Second, Judge Gershon's order also helped clarify that Arab Bank could not satisfy its burden under the Federal Rules. Federal Rule of Civil Procedure 45—which governs the production of material by non-parties—provides that Arab Bank must demonstrate a "substantial need" for the requested discovery where, as is the case here, it is confidential material. Toward that end, Arab Bank continues to contend that the requested discovery from the Non-Party Banks is "vital to Arab Bank's defense," (*see* Arab Bank's letter dated April 10, 2009 at 1). But, as Judge Gershon's ruling made clear, this is not the case. Plaintiffs' extensive allegations of Arab Bank's knowing and intentional support of terrorism, including its signature role in the perpetuation of the Saudi Committee (Order at 6-11), far outweigh Arab Bank's scant allegations that the Non-Party Banks participated in some banking transactions (*id.* at 12).

Moreover, even if its scant allegations against the Non-Party Banks were of sufficient consequence to Arab Bank's defense, Arab Bank does not need the transaction records it has requested because, by its own admission, it already has those records. And as to its request for the compliance efforts of the Non-Party Banks to purportedly illustrate its own compliance with industry standards, an expert on Middle Eastern banking practices would suffice. *See e.g., Fort James Corp. v. Sweetheart Co., Inc.*, 1998 WL 709813, at *3 (S.D.N.Y. Oct. 8, 1998) ("Fed. R. Civ. P. 45 Subpoenas [are not] substitutes for the presentation of evidence by expert witnesses" and are not an excuse to "romp through the files of basically unrelated competitive entities").

Finally, we again urge that because this Court lacks personal jurisdiction over IDB Ltd., Arab Bank's motion to compel IDB Ltd. should be denied on that basis alone. IDB Ltd. is itself not present in this jurisdiction, and because it observes the appropriate formalities distinguishing it from its subsidiary, IDBNY, the subsidiary's presence in New York does not bring IDB Ltd. within the jurisdiction of this Court. In this regard, we also respectfully urge Your Honor to resist Arab Bank's request for jurisdictional discovery from IDBNY relating to IDB Ltd. Second Circuit case law requires a prima facie showing of control before jurisdictional discovery is ordered, yet Arab Bank has not made that showing -- an especially glaring failure given the sworn declarations by IDBNY's president and counsel (*see Linde* Docket Nos. 324, 325) that IDBNY does not exercise control over those documents. *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 147 (S.D.N.Y. 1997) ("in the face of a denial by a party

The Honorable Viktor V. Pohorelsky         3                    April 17, 2009

that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion").

Thus, for all the reasons raised in the Non-Party Banks' opposition papers to Arab Bank's motions to compel production (*See Linde* Docket Nos. 304, 309, 323, 329, 375, 378, 379) and at oral argument on these motions, as well as all the reasons stated above, Your Honor should deny Arab Bank's request for discovery. Should Your Honor wish to hear additional argument on this issue, the Non-Party Banks are available at the Court's convenience.

Sincerely,

*/s/ Matt Fishbein*

Matthew E. Fishbein

cc: All counsel of record (by ECF and electronic mail)