UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COURTNEY LINDE, et al.,

                      Plaintiffs,           **ORDER MODIFYING REPORT**
                                                          **AND RECOMMENDATION**

       - v -

                                                   CV-04-2799 (NG)(VVP)

ARAB BANK, PLC.,

                                                   **AND ALL RELATED CASES**[1]

                      Defendant.
------------------------------------------------------------x

      The defendant has moved by letter dated June 2, 2009 for reconsideration of a portion of my Report and Recommendation dated June 1, 2009 concerning sanctions to be imposed for the defendant's non-production of certain discovery. The plaintiff has opposed the motion by letter dated June 3, 2009, and the court heard argument on the motion at a hearing on June 16, 2009. For the reasons below, the motion is granted and on reconsideration the Report and Recommendation is modified accordingly.

      The defendant's motion is directed to that portion of the Report and Recommendation which recommended that certain facts be deemed established concerning payments made by the defendant at the request of the Saudi Committee in Support of the Intifada Al Quds (the "Saudi Committee"). The defendant argues that the court overlooked facts concerning the nature and extent of the information it had disclosed about those payments which led to the erroneous

---

[1]The following related cases have been consolidated with the instant case for purposes of discovery and other pretrial proceedings: *Philip Litle, et al. v. Arab Bank, PLC*, CV-04-5449 (NG)(VVP), *Oran Almog, et al. v. Arab Bank, PLC*, CV-04-5564 (NG)(VVP), *Robert L. Coulter Sr., et al. v. Arab Bank, PLC*, CV-05-365 (NG)(VVP), *Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC*, CV-05-388 (NG)(VVP), *Michael Bennett et al. v. Arab Bank, PLC*, CV-05-3183 (NG)(VVP), *Arnold Roth, et al. v. Arab Bank, PLC*, CV-05-3738 (NG)(VVP), *Stewart Weiss, et al. v. Arab Bank, PLC*, CV-06-1623 (NG)(VVP), and *Joseph Jesner, et al. v. Arab Bank, PLC*, CV-06-3869 (NG)(VVP).

conclusion that the plaintiff had been deprived of information about the identities of those who received payments and transaction records reflecting the amounts and timing of the payments.

Motions for reconsideration, which are governed in general by Rule 6.3 of the Local Rules for the United States Courts for the Southern and Eastern Districts of New York, *see, e.g., Zinnamon v. Bank of New York*, Dkt. No. 06-CV-1805, 2006 WL 1652662, at *1 (E.D.N.Y. June 8, 2006), usually are granted only when the moving party offers controlling decisions or facts that the court had originally overlooked and that might reasonably be expected to alter the court's original decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "A movant may not, however, 'advance new facts, issues or arguments not previously presented to the Court,' or 'reargue those issues already considered.' " *Hayles v. Advanced Travel Mgmt. Corp.*, No. 01 Civ. 10017 (BSJ), 2004 WL 117597 at *1 (S.D.N.Y. Jan. 26, 2004) (quoting *Gjoni v. Home Depot Inc.*, 99 Civ. 1849, 2002 WL 91623, *1 (S.D.N.Y. Jan. 23, 2002)). Courts have adopted this strict standard to prevent litigants from making repetitive arguments on issues that already have been considered by the court or from offering new arguments on a motion the court has already decided. *Id.* These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters. *Zoll v. Jordache Enter. Inc.*, No. 01 Civ. 1339, 2003 WL 1964054, at *2 (S.D.N.Y. Apr. 24, 2003), *quoting Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

The defendant is correct that the court reached erroneous conclusions about the nature of the information withheld by the defendant concerning the payments made on behalf of the

Saudi Committee. In doing so the court overlooked factual information and arguments submitted by the defendant in their opposition to the plaintiffs' sanctions motion which demonstrate that the documents produced by the bank did in fact provide a good deal of information about the identity of each recipient of such a payment, the amount and timing of each payment, and other information concerning each payment transaction such as the location of the branch where payment was made and whether the payment was made in cash or by deposit into the recipient's account. *See* Def't Mem. In Opp. 15-17, 42-43; Howard Decl. Ex. A, Tabs 1 & 2. The failure to appreciate the nature and extent of the information provided by the defendant led the court to overestimate the importance of the evidence that has been withheld and the extent of the consequent prejudice to the plaintiffs. This in turn resulted in an overstatement of the remedy necessary to restore the evidentiary balance that is a central object of any sanction. *See, e.g., Residential Funding Corp. v. Degeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002) (*quoting Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 75 (S.D.N.Y. 1991))

To be sure, the withheld documents could well provide valuable evidence concerning financial services provided to terrorists and the affiliation of those terrorists with designated terrorist organizations such as HAMAS. For example, account opening documents for the accounts of the recipients of payments might disclose addresses or other identifying information that reveal a familial or other relationship between payment recipients and terrorists. Similarly, transactions reflected in the account records of the recipients of payments might also assist in identifying them as terrorists and in disclosing their relationships to terrorist organizations or their fronts. The potential relevance of the withheld documents is thus sufficient to justify an adverse inference under the applicable standards in the Second Circuit. *See, e.g., Residential*

*Funding Corp.*, 306 F.3d at 108-09; *Kronisch v. United States*, 150 F.3d 112, 127-28 (2d Cir. 1998).  But whether the withheld documents would actually disclose any relevant information, and how much information they would disclose, is necessarily a subject of speculation.  The uncertainty about what might be proved by the withheld information is such that the findings of fact recommended by the court in the Report and Recommendation go too far, particularly in light of the amount of information concerning the recipients, including their names and other identifying information, that has been provided by the defendant.

Accordingly, the court withdraws that part of the Report and Recommendation concerning facts to be deemed established as set forth in the first numbered paragraph on page 22 of the Report.  Instead I recommend that an adverse inference instruction along the following lines be given to every jury that addresses the issue of liability:

> Because the defendant has not produced relevant documents in its possession the jury may, but are not required, to infer that the withheld records would prove that between 2000 and 2004 the defendant processed and distributed payments on behalf of the Saudi Committee in Support of the Intifada Al Quds to terrorists, or to the relatives or representatives of terrorists, including terrorists affiliated with HAMAS, the Palestinian Islamic Jihad, the Popular Front for the Liberation of Palestine or the Al Aqsa Martyrs Brigade, as well as terrorists or the relatives or representatives of terrorists not affiliated with any terrorist organizations.

Objections to this modification to the Report and Recommendation are to be submitted in the same manner and on the same schedule as those that will be made with respect to the Report and Recommendation.

**SO ORDERED:**
*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
      June 18, 2009