UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COURTNEY LINDE, et al.,

                      Plaintiffs,                CV-04-2799 (NG)(VVP)

  - v -                                        AND ALL RELATED CASES[1]

ARAB BANK, PLC,                 Defendant.
------------------------------------------------------------x

## MEMORANDUM AND ORDER

The plaintiffs have moved to compel further testimony from Brian Billard, the Head of Compliance at the defendant's former New York branch, in response to questions he declined to answer on the ground that the information requested was protected by either or both the bank examination and attorney/client privileges. The plaintiffs identified five areas of inquiry about which Billard declined to testify. In response to a subsequent request by the court, the plaintiffs submitted a list of the questions that Billard had declined to answer together with a transcript of the deposition and other materials related to their motion.

Promptly after the plaintiffs made the motion, the defendant brought the motion to the attention of the Office of the Comptroller of the Currency (the "OCC"), which actually possesses the bank examination privilege asserted by the defendant and which had previously invoked the privilege in connection with discovery sought by the plaintiffs. Upon learning of the motion, the OCC advised the defendant by letter that it did not object to Billard's answering questions with respect to the "discrete topic" of "the scope of Arab Bank's production of transactional documents to the OCC during its examination of the Bank, including the type of documents provided," but that he should respectfully decline to answer questions beyond that topic that might be covered by the privilege.

---

[1]The following related cases have been consolidated with the instant case for purposes of discovery and other pretrial proceedings: *Philip Litle, et al. v. Arab Bank, PLC*, CV-04-5449 (NG)(VVP), *Oran Almog, et al. v. Arab Bank, PLC*, CV-04-5564 (NG)(VVP), *Robert L. Coulter Sr., et al. v. Arab Bank, PLC*, CV-05-365 (NG)(VVP), *Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC*, CV-05-388 (NG)(VVP), *Michael Bennett et al. v. Arab Bank, PLC*, CV-05-3183 (NG)(VVP), *Arnold Roth, et al. v. Arab Bank, PLC*, CV-05-3738 (NG)(VVP), *Stewart Weiss, et al. v. Arab Bank, PLC*, CV-06-1623 (NG)(VVP), and *Joseph Jesner, et al. v. Arab Bank, PLC*, CV-06-3869 (NG)(VVP).

In view of the OCC's advice, the defendant has withdrawn its objections to several of the disputed questions, and presumably does not oppose the reconvening of Billard's deposition to permit inquiry into those areas. As to the majority of the questions, however, the defendant maintains that the inquiries fall outside the "discrete topic" that the OCC considers appropriate for questioning and invade the bank examination privilege.

Stated broadly, the bank examination privilege is a qualified privilege that protects communications between banks and their examiners in order to preserve absolute candor essential to the effective supervision of banks. *See, e.g., In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995); *In re Subpoena Served Upon Comptroller of Currency*, 967 F.2d 630, 634 (D.C. Cir. 1992). It covers the opinions and recommendations of bank examiners and the banks' responses to the examiners' inquiries. *E.g., Bankers Trust*, 61 F.3d at 471; *In re Subpoena Served Upon Comptroller of Currency*, 967 F.2d at 633-34; *Bank of China v. St. Paul Mercury Ins. Co.*, No. 03 Civ. 9797, 2004 WL 2624673, at *4 (S.D.N.Y. Nov. 18, 2004). Purely factual material is not protected. *Bankers Trust*, 61 F.3d at 471; *In re Subpoena Served Upon Comptroller of Currency*, 967 F.2d at 634. The OCC takes a limited view of what constitutes purely factual material, however, and in response to the plaintiffs' request to the OCC for information the OCC advised that the names of individuals and organizations about which it inquired of the defendant and the defendant's responses to the OCC's supervisory action do not constitute "facts" that are outside the coverage of the privilege. See OCC Letter to Elsner, Aug. 3, 2005, at p. 3 (anne xed as Ex. C to Def't Letter to the Court, May 26, 2008).

With the above principles in mind, the court has reviewed the list of questions submitted by the plaintiffs and has made the following determinations concerning the questioning that may be pursued in the resumed deposition of Mr. Billard.

1.  *1 through 3 and 5*: as the defendant concedes, Billard must answer these questions;

2.  *Questions 6, 7 and 8*: these questions are to be answered to the extent that they are understood to seek information only about the manner in which the defendant received requests for information from the OCC, but not the content of any of the requests, and who participated in gathering information in response to the OCC requests. For example, the

plaintiffs are entitled to know whether they received both written and oral requests from the OCC; if any requests were oral, whether the defendant made some written record of those requests; and whether the defendant consulted any of the OCC's written requests for records or the defendant's written record of any OCC oral requests when gathering the documents they produced to the plaintiffs here in responding to the plaintiffs' request for the documents produced by the defendant to the OCC. The plaintiffs are not entitled to know, however, the content of any of the requests – written or oral – made by the OCC in the course of their review of the defendant's operations.

3. *Questions 12 through 24*: the plaintiffs may attempt to rephrase these questions in a manner that excludes in the question any information Billard may have received directly or indirectly from bank examiners or from his attorneys;

4. *Questions 4, 9 through 11, 25 and 26*: no answers are required as these questions seek information plainly covered by the bank examination privilege.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
       September 21, 2009