UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

COURTNEY LINDE, et al.                          :
                                                :    Case No. CV 04 2799 (NG)(VVP) *and all*
                                                :    *related cases*[*]
                           Plaintiffs,          :
                                                :
            -against-                           :
                                                :
ARAB BANK, PLC,                                 :
                                                :
                           Defendant.           :
_____       :


## REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF PAUL ALLAN SCHOTT

---

[*] *Litle, et al. v. Arab Bank, PLC,* No. CV-04-5449 (E.D.N.Y. 2004) (NG)(VVP); *Almog v. Arab Bank, PLC*, No. CV-04-5564 (E.D.N.Y. 2004) (NG)(VVP); *Coulter, et al. v. Arab Bank, PLC*, No. CV-05-365 (E.D.N.Y. 2005) (NG)(VVP); *Afriat-Kurtzer v. Arab Bank, PLC,* No. CV-05-388 (E.D.N.Y. 2005) (NG)(VVP); *Bennett, et al. v. Arab Bank, PLC, PLC*, No. CV-05-3183 (E.D.N.Y. 2005) (NG)(VVP); *Roth, et al. v. Arab Bank, PLC,* No. CV-05-3738 (E.D.N.Y. 2005) (NG)(VVP); *Weiss, et al. v. Arab Bank, PLC,* No. CV-06-1623 (E.D.N.Y. 2006) (NG)(VVP); *Jesner, et al. v. Arab Bank, PLC,* No. CV-06-3869 (E.D.N.Y. 2006) (NG)(VVP); *Lev, et al. v Arab Bank, PLC,* No. CV-08-3251 (E.D.N.Y. 2008) (NG)(VVP); and *Agurenko v. Arab Bank, PLC,* No. CV-10-626 (E.D.N.Y. 2010) (NG)(VVP).

<u>PRELIMINARY STATEMENT</u>

Defendant Arab Bank's Opposition to Plaintiffs' Motion to Exclude the Expert Testimony of Paul Allan Schott ("Opposition") offers nothing more than generalized self-attestations that fail to meaningfully address the flaws in Mr. Schott's Revised Report.  Instead, with a report and testimony that remain in violation of the Court's December 19, 2011 Order, the Bank's Opposition conflates Schott with Anne T. Vitale in a failed attempt to elevate the substance of both witnesses' testimony through a "strength-in-numbers" strategy.  In deploying that strategy, Defendant ignores the vast majority of substantive arguments in Plaintiffs' Motion to Exclude Schott, and implicitly concedes Schott's insurmountable deficiencies.  These concessions continue to necessitate Schott's exclusion.

## I.   ARAB BANK FAILS TO BRING SCHOTT'S TESTIMONY WITHIN THE COURT'S DECEMBER 19 RULING

In an effort to assure the Court that Schott's Revised Expert Report complies with Your Honor's December 19, 2011 ruling, the Bank argues that Schott's testimony fits within the Court's pronouncement that Schott "*may describe industry practices and requirements of banking industry associations during the relevant time period*."  Opposition at 2.  Defendant also claims that Schott "discusses industry standards and practices in the Schott Revised Report."  *Id.* at 5.  But no amount of self-serving rhetoric in the Opposition eliminates the reality that when one reads the Revised Report itself, and Schott's deposition testimony, the Bank's position is fallacious.  As Plaintiffs previously explained, Schott's Revised Report, like his original stricken report, focused not on industry standards and practices, but on the legal and regulatory AML/CFT standards applicable to U.S. banks, topics far removed from those approved by the Court.  *See* Memorandum of Law in Support of Plaintiffs' Motion to Exclude the Expert Testimony of Paul Allan Schott ("Plaintiffs' Mem.") at 4.  In fact, the two examples identified by

1

Arab Bank in support of its claim that the Revised Report comports with the December 19 Order demonstrate this point.  In both instances, concerning the role of financial institutions in deterring money laundering and terror financing and common elements shared between "international standards" and U.S. regulatory requirements, the Bank argues that Schott only is describing industry standards and practices. *See* Opposition at 5 (citing Revised Report at 6-7, 15).[1]  But the very next paragraph for each excerpt of the Revised Report cites to statutes for support of the supposed industry standard.  All this does is demonstrate that the "standards" discussed by Schott actually are disguised statements of law.[2]

Perhaps in Schott's view, "standards" are inextricably intertwined, or even synonymous, with legal requirements.  That, however, only furthers the need to exclude Schott's testimony; if one accepts the mistaken premise that "industry practice" is synonymous with legal requirements, then it is for this Court, not Schott, to: (a) determine what the law is; and (b) address whether the laws and regulations discussed by Schott (and Vitale) have any genuine relevance to Plaintiffs' claims or the Bank's defenses.  As Plaintiffs previously explained, the laws and regulations discussed by Schott provide no defense to ATA liability, and whatever

---

[1] The Revised Report was attached as Exhibit A to the Declaration of Joel Israel in Support of Plaintiffs' Motion to Exclude the Expert Testimony of Paul Allan Schott.

[2] Once again the source of this conflation of "industry standards" and "regulation" may originate from the questions presented to Schott by Arab Bank's counsel.  At the December 19, 2011 hearing, this Court stated:

> And I should say I note that the questions that were put to the experts…what they were asked to do, [were] themselves improper.  It's clear that the expert was responding to questions that were put to them by the bank, which would lead them to this type of testimony….  The lawyers in this case will have to make sure that they are asking their witnesses to do things that are lawfully permitted.

Dec. 19, 2011 H'rg Tr., at 12:12-23.  It consequently is unsurprising that the focus of Schott's Revised Report is on the statutory and regulatory framework when that is *precisely* what he was asked (again) to opine on by Arab Bank's counsel:

> What was the U.S. **federal statutory and regulatory framework** for anti-money laundering ("AML") and combating the financing of terrorism ("CFT"), both with regards to **civil compliance requirements and criminal liability, that was applicable to Arab Bank's New York Branch** ("ABNY") during the timeframe relevant to this litigation, 1995-2004 ("relevant timeframe")?

Revised Report, at 3 (emphasis added).

marginal relevance they theoretically have to evaluating the Bank's state of mind is tremendously outweighed under Fed. R. Evid. 403 by the risks of prejudice and confusion, particularly given the Bank's refusal to comply with Court orders and produce documents and testimony that – unlike the Opposition's repeated, empty references to "context" – would *genuinely* contextualize Schott's opinions.

The Bank's Opposition further strains to minimize Schott's reliance on laws and statutes by claiming that Schott (and Vitale) merely reference them "in order to provide context for their broader opinions, which are properly focused on the relevant standards, practices, and customs for banks operating within and outside the United States during the time period at issue in the litigations." Opposition at 5. Context, however, consumes any proper substance. As discussed in Plaintiffs' Memorandum, the "broader opinions" in Schott's Revised Report are nothing other than transparent defenses of the Bank's conduct (Plaintiffs' Mem. at 7-8), and the Revised Report does not *actually* discuss banking practices and customs. This context-over-substance renders the Bank's reliance on *Highland Capital Mgmt., L.P. v. Schneider* doubly inapposite, as not only does Schott tread well beyond discussions of customs and practices into a discussion of laws, but in the process, he further improperly opines as to whether the laws were violated. 551 F.Supp.2d 173, 186 (S.D.N.Y. 2008).

A clear example of this tactic appears on pages 8-9 of the Bank's Opposition, where Defendant claims that Schott provided "*limited discussion of laws and regulations … solely as context for … broader opinions and conclusions concerning industry customs and practices*." The referenced passage of Schott's Revised Report concentrates on several laws and regulations, with Schott's so-called "*broader opinion*" being that banks did not monitor correspondent banking transactions until "a statutory due diligence requirement" was in place. Revised Report

at 17-18.  In other words, the discussion of industry practice in the Revised Report can only be described as a "limited discussion"; whereas Schott's "broader opinion" unabashedly focuses on describing and interpreting laws and regulations.  Schott is not opining on industry practice; he is instead referencing the fact that banks naturally are required to follow the law, a reference easily reached without need of an expert.

Finally, the Bank's claim that the Revised Report also contains explanations of unfamiliar terms and concepts is false.  The "explanations" merely constitute nothing more than Schott's legal conclusions as to the applicability of FATF recommendations and the relevancy of U.S. laws with regard to money laundering and terrorist financing.  Plaintiffs' Mem. at 4; Revised Report at 8-9, 12-20.[3]  Schott's Revised Report remains not one of background explanations, but of legal substance.[4]

## II.   ARAB BANK IGNORES THE SUBSTANCE OF SCHOTT'S OPINIONS ON THE OCC, FINCEN AND DOJ DEFENDING THE BANK'S CONDUCT

Arab Bank claims that "*consistent with this Court's instruction*," Schott's Revised Report has no opinions "*whatsoever*" concerning whether the Bank's conduct, particularly that of its New York branch, "*violated any laws, rules, or guidelines*."  Opposition at 7.  As discussed in Plaintiffs' Memorandum, the new section on pages 20-26 of the Revised Report purely is an irrelevant and inadmissible attempt to evade the Court's December 19 ruling.  The Bank

---

[3] The Bank acknowledges that Schott's Revised Report "contains similar opinions" to Vitale's revised report, which means that, at most, any brief reference by Schott to unfamiliar terms is unnecessarily duplicative of terms addressed by Vitale.  For example, the Bank contends that Schott and Vitale both describe what FATF is.  Opposition at 9.  Even if the opinions were proper, they are far more duplicative than the opinions of Plaintiffs' experts such as Evan Kohlmann and Ronni Shaked that Defendant complained are identical and that it moved to strike on that basis.  In addition, the Bank also proffered another witness, William Isaac, as a putative case-in-chief banking expert, and particularly given that Plaintiffs' have not moved to exclude Isaac's testimony, all three witnesses' testimony plainly would be excessively cumulative and duplicative.

[4] Unsurprisingly, Defendant fails to address or distinguish *Hill v. Commerce Bancorp, Inc.*, 2012 WL 694639 (D.N.J., Mar. 1, 2012), cited in Plaintiffs' Mem. at 6-7, where that district court concluded that "... many of Schott's statements are legal conclusions that are the province of the Court to make, rather than proper opinion testimony." *Hill* at *6 n.5.

characterizes Schott's discussion of the OCC, FinCEN, and the DOJ as a background description of their respective roles in supervising and examining banks.  Opposition at 9-10, 15-16; Revised Report at 20-26.  This supposedly benign discussion, however, is only a cosmetic adjustment of Schott's original report; Schott just makes *slightly* less explicit his exoneration of Arab Bank and its $24 million fine, using this new section of his Revised Report more deceptively to lead to the transparent conclusion that "[t]he failure of a financial institution to have adequate AML and CFT procedures in place does not mean that it engaged in money laundering or terrorist financing activities."  Revised Report at III.C., p. 5.  The reality that Schott now is opining by implication that Arab Bank's substantial AML and CFT failures, including as determined by the OCC and FinCEN, do not render the Bank liable in this case for terror financing effectively is conceded by Arab Bank's Opposition.

Defendant does not even attempt to rebut the true nature of Schott's testimony, nor does its Opposition address Schott's opinion defending the Bank for purportedly not willfully or systemically violating any laws or regulations, hoping instead to slip Schott through the *Daubert/Kumho Tire* process by disingenuously representing that his substantive discussion provides limited "background" or "context."  Defendant improperly is attempting to dodge the Court's December 19 holding that ". . . *expert opinions that an administrative agency was incorrect in its action or mistaken in its judgment are irrelevant*", Dec. 19, 2011 Tr. at 9:14-15, and "*[i]f it's determined to be relevant that an OCC consent order was entered into or that a FinCEN order was issued . . . and if they are proffered to the jury, the defendant cannot avoid whatever weight the jury gives those orders by arguing via expert testimony that the orders shouldn't have been issued.*"  *Id*. at 10:11-17.

5

The only defense Arab Bank offers to distract from the substance of Schott's opinions is Schott's claim at deposition that he did not review the Bank's AML or CFT policies or any of Defendant's conduct.  That claim is false.  Exhibit D to the Revised Report, which provides his "List of Documents and Materials Reviewed," shows that Schott reviewed descriptions of Arab Bank's AML and CFT policies and its conduct.  The list includes transcripts of ten Arab Bank employees' and corporate representatives' depositions and a list of 90 documents produced by the Bank, encompassing numerous Arab Bank AML and CFT policies.  Revised Report at D-1 through D-5.  The Bank also directs the Court to Schott's deposition statement that his Revised Report expressed no opinions "*concerning Arab Bank's compliance with AML or CFT requirements, whether any particular transactions processed by Arab Bank were appropriate pursuant to banking standards, or whether Arab Bank intended to finance terrorism at any point in time*."  Opposition at 8.  It also claims that the Revised Report does not argue that the $24 million fine should not have been issued.  *Id*. at 16.  Arab Bank and its expert's say-so do not, however, hold up to the record.  Schott unsubtly implies in his Revised Report that the Bank did not engage in money laundering or terror financing, and concludes that until 2005 the Bank had no issues with the OCC or FinCEN with regard to AML or CFT.  No amount of rhetorical flourish can change the fact that these constitute improper opinions about the Bank's conduct, and the correctness of the OCC and FinCEN's conclusions regarding Defendant.  Schott's opinions remain as inadmissible and irrelevant as they were when the Court struck them in its December 19 ruling.

## III.   THE BANK'S OPPOSITION FAILS TO SAVE SCHOTT'S METHODOLOGICAL FLAWS

Arab Bank spends just over one page at the end of its Opposition obliquely defending Schott's methodology, and tellingly fails to make even passing reference to the weaknesses of

Schott's reliance on generic experience and his inability to explain his methods as raised in Plaintiffs' Motion. *See* Plaintiffs' Mem. at 11-15. The Bank thus acknowledges that Schott:

> (1) looked only to statutes and regulations and his general experience in reaching the Revised Report's three conclusions (*id*. at 11-12);

> (2) is unable to describe how to test his conclusions (*id*. at 13);

> (3) ignored certain regulations and applied his own experience in their place, even though he could not point to any particular experience to prove his point (*id*. at 13);

> (4) opined without support that the OCC manual pertaining to *money laundering* somehow excludes terror financing from acts of terrorism (*id*. at 14);

> (5) has no proof (including a supposed *American Banker* article) for his claim that FinCEN's requirement for banks to prevent terror financing in their correspondent banking relationships as relates to the originators and beneficiaries of wire transfer transactions first arose when sanctions were imposed on Arab Bank by FinCEN in 2005 (*id*. at 14); and

> (6) has no proof, and did not attempt to find any, to support his conclusion that he is not aware of any duty to third parties for a bank's failure to comply with federal civil AML/CFT compliance requirements (*id*. at 14-15).

All that the Bank can offer is the assertion that, to test Schott's methodology, the Court can review the statutes, regulations, and regulatory guidance. Opposition at 23. Setting aside that the above infirmities demonstrate the futility of this approach, suggesting that the Court review legal statutes and regulations merely confirms, as explained in Point I *supra*, and as reflected in Your Honor's December 19 ruling, that an expert should not be opining on this subject matter at all.

The Bank's only other defense of Schott's methodology is citing to his acceptance "*as an expert on AML and CFT*" by such irrelevant entities as Pricewaterhouse Coopers and "*private clients*." Opposition at 23. The unremarkable fact that an accounting firm or a private client describes Schott as an expert has no bearing on his *Daubert* bona fides. Instead, the more apt analogy is *Hill*. And another, equally apt analogy is *United States v. Wintermute*, 443 F.3d 993,

1001 (8th Cir. 2006).  In *Wintermute*, the Eighth Circuit affirmed a district court's exclusion of Schott in a case where Schott proffered irrelevant testimony based on a misconstruction of the legal question at issue.  Specifically, the defendant in *Wintermute* attempted to have Schott present testimony concerning the OCC's failure to take certain actions in response to false statements in a report filed with federal regulators.  *Id*.  The court, however, concluded that Schott's proposed testimony "misrepresented the government's burden of proving materiality, and by misconstruing the legal question at issue, the testimony was not relevant" and "would have served to confuse rather than assist the jury in the jury's attempt to understand the evidence on this issue." *Id*.[5]  Likewise here, and as in *Hill*, Schott's Revised Report invades the province of this Court with improper, irrelevant, and unreliable opinion testimony.

## CONCLUSION

For all of these reasons, as well as those set forth in Plaintiffs' opening motion papers, Plaintiffs respectfully request that the Court exclude Paul Allan Schott as a witness in this case, together with such other and further relief as the Court deems appropriate.

Dated: July 16, 2012                          Respectfully submitted,

   /s/ Joel Israel_____
SAYLES WERBNER
Mark S. Werbner, Esq.
Joel Israel, Esq.
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
(214) 939-8700

---

[5] Specifically the Eighth Circuit concluded that Schott's testimony should be excluded, because, among other reasons, it failed to square with the fact that the Government only had to prove that the false statements were capable of misleading the OCC, regardless of whether they actually succeeded.  *Id*.  As such, Schott's testimony misrepresented the Government's burden of proving materiality, and thus would have misled the jury.  An analogous threat exists in this case, because, as explained in Plaintiffs' Mem. at 8-10, Schott's conclusions that procedural failures do not automatically equate to engagement in terror financing are irrelevant.

HEIDEMAN NUDELMAN & KALIK, P.C.
Richard D. Heideman, Esq.
Noel J. Nudelman, Esq.
Tracy Reichman Kalik, Esq.
1146 19th Street, NW, 5th Floor
Washington, DC 20036
(202) 463-1818

STONE BONNER & ROCCO LLP
James P. Bonner, Esq.
260 Madison Avenue, 17th Floor
New York, New York 10016
(212) 239-4340

Attorneys for the *Litle, Roth, Bennett, Weiss* and
*Jesner* Plaintiffs

OSEN LLC
Gary M. Osen, Esq.
Ari Ungar, Esq.
Joshua D. Glatter, Esq.
Aaron Schlanger, Esq.
345 Seventh Avenue, 21st Floor
New York, New York 10001
(646) 380-0470

KOHN, SWIFT & GRAF, P.C.
Stephen H. Schwartz, Esq.
Steven M. Steingard, Esq.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

ZUCKERMAN SPAEDER LLP
Peter R. Kolker, Esq.
Aitan D. Goelman, Esq.
Semra A. Mesulam, Esq.
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800

TURNER & ASSOCIATES, P.A.
C. Tab Turner, Esq.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
(501) 791-2277

9

Attorneys for the *Linde and Coulter* Plaintiffs

MOTLEY RICE, LLC
Michael Elsner, Esq.
John M. Eubanks, Esq.
Vincent Parrett, Esq.
Brian Frutig, Esq.
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9000

Attorneys for the *Almog, Afriat-Kurtzer* and *Lev* Plaintiffs

STONE AND MAGNANINI LLP
David S. Stone, Esq.
150 John F. Kennedy Pkwy, Fourth Floor
Short Hills, NJ 07040
(973) 218-1111

Attorneys for the *Agurenko* Plaintiffs

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that, on July 16, 2012, a copy of the foregoing Reply in Further Support of Plaintiffs' Motion to Exclude the Expert Testimony of Paul Allan Schott, was served by CM/ECF and email on all counsel of record in the above-referenced cases.

/s/  Joel Israel_____