

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000   f. 843.216.9450

**Robert T. Haefele**
*Licensed in DC, NJ, NY, PA, SC*
direct: 843.216.9184
rhaefele@motleyrice.com

April 24, 2013

**By ECF & Federal Express**

Honorable Nina Gershon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: ***Linde v. Arab Bank, PLC*, No. CV-04-2799 (NG)(VVP) and related cases**

Dear Judge Gershon:

  In an April 8, 2013 letter from Gary Osen, Plaintiffs asked Your Honor to restore to the docket and grant Plaintiffs' motion for attorneys' fees (ECF Nos. 665-66). As noted in that letter, the fee motion was fully briefed in connection with Plaintiffs' motion for sanctions against Arab Bank. On April 22, 2013, under the guise of responding to Plaintiffs' request, Arab Bank took the opportunity to offer additional briefing in opposition to Plaintiffs' fee motion. This letter briefly responds to Arab Bank's correspondence and requests that the Court disregard the Bank's attempt to supplement its arguments.

  Although the Bank invites Your Honor to have a "change in mind" concerning the sanctions motion, nothing in the Court's original reasoning warrants any change, and certainly nothing in the Bank's April 22, 2013 letter points to any reason for a change. Arab Bank conceded at argument today that it is simply challenging the amount of fees and not the Court's sanction. Setting aside any argument on the distinctions between the claims in this litigation and the claims in the *Kiobel* case (of which there are many[1]), there is a much more basic reason why the Bank's request is both wrong and misleading.

  As this Court is aware, although the litigation has included allegations of Arab Bank's direct support for HAMAS and other Palestinian terrorist organizations in violation of international law under both the Anti-Terrorism Act (ATA) and the Alien Tort Statute (ATS), all of the liability discovery addressed in the sanctions motion proceeded without any need to distinguish between plaintiffs with ATA claims versus those with ATS claims.[2] Although Motley Rice does represent

---

[1] As the Court is aware, a briefing schedule on *Kiobel's* impact on Plaintiffs' claims was set at the conference before the court on April 24, 2013.

[2] Importantly, none of the bills submitted for consideration in the fee application concerned bills for the depositions of any of the Plaintiffs, neither ATA nor ATS.

MT. PLEASANT, SC | PROVIDENCE, RI | HARTFORD, CT | NEW YORK, NY
MORGANTOWN, WV | WASHINGTON, DC | LOS ANGELES, CA | NEW ORLEANS, LA
*Motley Rice LLP operates the California office.*



The Honorable Nina Gershon
April 24, 2013
Page 2

many of the ATS plaintiffs, the firm also represents many ATA plaintiffs, as well, and, as with the work of all Plaintiffs' counsel engaged in the liability discovery addressed in the sanctions motion, the discovery was done collectively for all Plaintiffs – there was no distinction between the liability discovery for one set of plaintiffs versus another set. All of the fees and expenses sought in the fee application represent work done for the ATA cases just as much as for the ATS cases. So, the Bank's artificial distinction between the two sets of plaintiffs in discussing the sanctions and fee application is unreasonable because, even if it were correct about its view concerning the ATS claims (which it is not), all of the same discovery would have been warranted for the ATA claims. In short, the Bank's attempt to maneuver around or delay the fee aspect of the sanctions by pointing to only the ATS claims has no basis.[3]

As for the Bank's additional arguments about the value of the fees sought, those should be rejected as untimely and improper efforts to restate Arab Bank's previous briefing. Nothing in the ABA resolution Arab Bank references changes the calculus of this Court's previous findings and the resulting decision. Not only has the Court already conducted the kind of balancing considerations highlighted in the referenced excerpt from the ABA Report, but also the concerns about impeding global commerce are a terribly poor fit when they are sought to be applied to acts of global terrorism. The remainder of Arab Bank's complaints about allegedly improper elements of plaintiffs' fee application is nothing more than renewed arguments raised in earlier briefs, and Plaintiffs refer the Court to their prior and comprehensive briefing for their response.

For all the reasons set out in Plaintiffs briefs and in Mr. Osen's April 8, 2013, plaintiffs respectfully request that the Court restore to the docket and grant Plaintiffs' motion for attorneys' fees (ECF Nos. 665-66).

Respectfully,

ROBERT T. HAEFELE

---

[3] The Bank's view suggests, for example, that counsel from Motley Rice would fly to Jordan and ask questions for only ATS plaintiffs, leaving other counsel to reiterate discovery pertinent to ATA claims. Plaintiffs' counsel, in reality, coordinated liability discovery to avoid as much duplication as possible. Any suggestion to the contrary is misleading.