UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
COURTNEY LINDE, et al.,

        Plaintiffs,

  - against -

ARAB BANK, PLC,

        Defendant,
-----------------------------------------------------------------x

ORDER

04-cv-2799 (NG)(VVP)
and related cases[1]

NINA GERSHON, United States District Judge:

During oral argument on April 24, 2013, on defendant Arab Bank's motion for summary judgment, decision was reserved with respect to whether plaintiffs' civil conspiracy claims would be dismissed in light of *Rothstein v. UBS AG*, 708 F.3d 82, 97-98 (2d Cir. 2013). In *Rothstein*, the Second Circuit held that the Anti-Terrorism Act, 18 U.S.C. §§ 2331 *et seq.* ("ATA"), does not permit civil claims for aiding and abetting liability under § 2333(a). The Court, following *Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164 (1994), noted that "'Congress has not enacted a general civil aiding and abetting statue,'" *Rothstein*, 708 F.3d at 97 (citing *Cent. Bank of Denver*, 511 U.S. at 182), and that § 2333 is "silent as to the permissibility of aiding and abetting liability." *Id.* Considering that Congress had specifically provided for criminal aiding and abetting liability elsewhere in the ATA, *see, e.g.*, § 2339B(d)(1)(F) (providing for jurisdiction over aiders and abetters who knowingly provide material support or resources to a foreign terrorist organization); § 2332g(b)(5) (same

---

[1] The following related cases have been consolidated with this case for the purposes of discovery and other pretrial proceedings: *Philip Litle, et al. v. Arab Bank, PLC*, 04-CV-5449; *Oran Almog, et al. v. Arab Bank, PLC*, 04-CV-5564; *Robert L. Coulter, Sr., et al. v. Arab Bank, PLC*, 05-CV-365; *Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC*, 05-CV-388; *Michael Bennett, et al. v. Arab Bank, PLC*, 05-CV-3183; *Arnold Roth, et al. v. Arab Bank, PLC*, 05-CV-0378; *Stewart Weiss, et al. v. Arab Bank, PLC*, 06-CV-1623; *Joseph Jesner, et al. v. Arab Bank, PLC*, 06-CV-3869; *Yaffa Lev, et al. v. Arab Bank, PLC*, 08-CV-3251; and *Viktoria Agurenko, et al. v. Arab Bank, PLC*, 10-CV-626.

with respect to aiding and abetting the production and possession of antiaircraft missile systems), § 2332h(b)(5) (same with respect to aiding and abetting the production and possession of radiological dispersal devices); § 2339D(b)(6) (same with respect to aiding and abetting the receipt of military training from a foreign terrorist organization), the Second Circuit expressed doubt that Congress "can have intended § 2333 to authorize civil liability for aiding and abetting through its silence." *Rothstein*, 708 F.3d at 98.

It is likely that the Second Circuit would treat claims for civil conspiracy as akin to civil aiding and abetting claims under § 2333(a). The Second Circuit has already extended the reasoning of *Central Bank of Denver* to claims for civil conspiracy under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, in *Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin*, 135 F.3d 837, 841 (2d Cir. 1998). In that case, the Second Circuit observed that:

> Just as Congress clearly knew how to impose aiding and abetting liability when it chose to do so, thereby suggesting that its absence from § 10(b) should not be disregarded, the existence of statutes expressly providing for conspiracy liability . . . warrants the same conclusion here. Accordingly, implying a cause of action for conspiracy would be "inconsistent with settled methodology in § 10(b) cases" for precisely the same reasons that the Supreme Court refused to imply a cause of action for aiding and abetting in *Central Bank*—it would "extend liability beyond the scope of conduct prohibited by the statutory text."

*Id.* at 841 (quoting *Central Bank*, 511 U.S. at 177). Here, as with aiding and abetting liability, the Second Circuit is likely to hold that § 2333(a) does not provide for claims for civil conspiracy.

At oral argument, plaintiffs suggested that *Rothstein* is best read as holding only that, in the absence of explicit language, a court should not read into a civil cause of action a "common law" aiding and abetting theory. Conspiracy liability, according to plaintiffs, is different because

§§ 2339A, 2339B, and 2339C specifically refer to criminal conspiracy. This argument ignores the reasoning of *Rothstein*, 708 F.3d at 98, that inclusion of criminal aiding and abetting liability in the ATA counsels against interpreting silence in the civil statute to include aiding and abetting liability. Put another way, under *Rothstein*, silence regarding civil conspiracy liability in § 2333(a) speaks louder than criminal conspiracy liability set forth in other provisions of the ATA.

For the reasons stated above, all conspiracy claims under the ATA are dismissed.

SO ORDERED.

s/ electronic signature NG

**NINA GERSHON**
**United States District Judge**

Dated: May 8, 2013
Brooklyn, New York