```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   COURTNEY LINDE et al.,                                   :
                                                            :  ORDER
                                       Plaintiffs,          :
                                                            :  04 Civ. 2799 (BMC) (VVP)
                   - against -                              :  and related cases¹
                                                            :
   ARAB BANK, PLC,                                          :
                                                            :
                                       Defendant.           :
                                                            :
                                                            :
----------------------------------------------------------- X
```

**COGAN, District Judge.**

By Minute Entry and Order dated July 31, 2013, this Court made evidentiary rulings on certain of the parties' pending motions in limine and reserved judgment on others. The Court also ordered defendant to file a written proffer for any newly designated witnesses, and granted the parties' requests to submit letter briefs addressing certain motions in limine in further detail. Those proffers and motions are now before the Court.

    **I.    Plaintiffs' Motion in Limine Number 13: Fact Witnesses.**

        A.   <u>The Hon. Edward M. Abington, The Hon. Edward W. Gnehm, Jr., The Hon. David Rundell, Gen. Ilan Paz</u>

These witnesses offer to testify as to their personal knowledge of a variety of issues, ranging from the connection between zakat committees and Hamas to the views of the Jordanian and Saudi government on terrorism. Though the precise content of their testimony varies, it all

---

[1] The following related cases have been consolidated with this case for the purposes of discovery and other pretrial proceedings: Philip Litle, et al. v. Arab Bank, PLC, 04-CV-5449; Oran Almog, et al. v. Arab Bank, PLC, 04-CV-5564; Robert L. Coulter, Sr., et al. v. Arab Bank, PLC, 05-CV-365; Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC, 05-CV-388; Michael Bennett, et al. v. Arab Bank, PLC, 05-CV-3183; Arnold Roth, et al. v. Arab Bank, PLC, 05-CV-03738; Stewart Weiss, et al. v. Arab Bank, PLC, 06-CV-1623; Joseph Jesner, et al. v. Arab Bank, PLC, 06-CV-3869; Yaffa Lev, et al. v. Arab Bank, PLC, 08-CV-3251; and Viktoria Agurenko, et al. v. Arab Bank, PLC, 10-CV-626.

suffers from similar problems: hearsay, conflict with prior Orders in this case, and risk of prejudice and confusion to the jury.

First, the testimony of all of these witnesses raises questions, to varying degrees, of whether the witness is relying on his own personal knowledge or channeling hearsay. As government officials, these witnesses' personal knowledge is principally derived from what others told them in meetings with staff, other agencies, or foreign officials. Although this could perhaps form a permissible basis for an expert's opinion under Rule 703, a lay witness may not base his testimony on hearsay or specialized knowledge. See United States v. Garcia, 413 F.3d 201 (2d Cir. 2005). Nor does the hearsay exception for government documents under Rule 803(8) extend to the live testimony of former government officials.

Defendant did not produce the most probative direct evidence of its intent, and is barred from "making any argument about its state of mind that would find proof or refutation in the withheld documents." Linde v. Arab Bank, 269 F.R.D. 186, 204 (E.D.N.Y. 2010). The proposed testimony by Ambassador Abington and General Paz – that they never knew zakat committees to be Hamas fronts – is relevant only to support an argument that the bank "did not have a culpable state of mind because certain people or organizations were not 'generally known' to be terrorists," which is the one example of impermissible argument explicitly provided in the sanctions order. Id. As to this aspect of Abington and Paz' testimony, what defendant is doing is asking the jury to find that since these witnesses did not know that Hamas used zakat committees as fronts, then the jury should conclude that defendant did not know either. But there is no evidence that would allow the jury to impute the knowledge, or lack of knowledge, of these witnesses to the bank.

Finally, this testimony is excluded under Rule 403. Whatever marginal probative value it may have is far outweighed by the risk of prejudice, delay, and confusion to the jury. Again, the issue in this trial is what the <u>defendant</u> knew. Testimony concerning the knowledge of the Israeli or United States governments or the commitment of the Jordanian or Saudi governments to fighting terrorism is, at best, tangentially relevant to this issue, and permitting these witnesses to testify runs the risk that "the sideshow will swallow up the circus." <u>Buckley v. Evans</u>, 02-cv-01451, 2007 WL 2900173 at *4 (E.D. Cal. Sept. 28, 2007).

### B. <u>Yair Dagan and George Abed</u>

Both of these witnesses propose to testify as to the customs and practices of Palestinian and Israeli banks.[2] These witnesses' knowledge of "customs and practices" appears to be based on their familiarity with foreign law and regulations rather than personal knowledge of the practices of any specific bank or banks.[3] Moreover, this Court has already excluded evidence or argument comparing the anti-money laundering ("AML") or counter-terrorism financing ("CTF") policies of Israeli or other banks to those of defendant. This testimony is similar in purpose and effect, and is excluded under Rule 403 for the same reasons.

Defendant also offers Dr. Abed's testimony about the Welfare Association, which he helped to found and directed from 1985 to 1993. But plaintiffs disclaim any allegation that the Welfare Association was controlled by Hamas, and Dr. Abed had left the Welfare Association by 1993, long before the relevant time period. Dr. Abed's testimony concerning the "organization's

---

[2] Mr. Dagan developed software used by Israeli banks to screen financial transactions. Mr. Abed was an official working for the IMF from 2002 through 2003, and for the Palestinian Monetary Authority from 2005 through 2007.

[3] Defendant is correct that Judge Gershon's May 28 Order permitted defendant to offer <u>expert</u> testimony regarding banking industry standards and practices to counter any inferences that plaintiffs seek to draw about the Bank's mental state from its own practices. May 28, 2013 Order (ECF No. 954) at 6-7. As discussed above, however, experts may base their knowledge on hearsay or specialized knowledge, but fact witnesses cannot.

3

creation, mission, purpose, operations and activities" therefore has minimal probative value, and, when weighed against the risk of delay and confusion of issues, must be excluded under Rule 403.

### C. Pinhas Shmilovitch

All expert testimony relating to the motivations of suicide bombers, including that of Mr. Shmilovitch, has already been excluded. Linde v. Arab Bank, PLC, 920 F. Supp. 2d 282 (E.D.N.Y. 2011). Defendant does not explain why Mr. Shmilovitch should be permitted to testify as a fact witness on a subject he could not as an expert. Moreover, as a matter of logic, any knowledge Mr. Shmilovitch possesses about the motivations of suicide bombers would necessarily rely on hearsay or specialized knowledge. He is therefore excluded from testifying as a fact witness.[4]

### D. Gen. Gadi Shamni

Gen. Shamni's late-proffered testimony suffers from the same defects as the testimony the other government officials described above in I.A. Moreover, this Court has already excluded evidence relating to the IDF's investigation of defendant. Further, as the Court has indicated, any evidence of the seizures by the IDF will be admissible, at most, for the limited purpose of demonstrating notice to the defendant of the existence and ownership of the accounts seized. Gen. Shamni cannot rebut the fact these seizures occurred, which sharply limits the probative value of his testimony. Because the Court will not permit a mini-trial concerning the IDF's actions, Gen. Shamni's testimony is excluded under Rule 403.

---

[4] Mr. Shmilovitch may, of course, still testify as an expert consistent with Judge Gershon's February 6, 2013 Order. See Linde v. Arab Bank, PLC, 922 F. Supp. 2d 316 (E.D.N.Y. 2013).

4

## II. Plaintiff's Motion in Limine Number 5: Dr. Milton-Edwards.

Plaintiffs move to bar Dr. Milton-Edwards from opining on general Palestinian public perceptions as to whether zakat committees were affiliated with Hamas. Judge Gershon's February 6, 2013 Order stated that Dr. Milton-Evans could testify as to whether a specific zakat committee was perceived as affiliated with Hamas "if she demonstrates that she has specific information as to that organization," but explicitly precluded her from testifying that "zakat committees and local charitable organizations enjoy such widespread community approval precisely because they are not perceived to be affiliated with organizations like Hamas." Linde v. Arab Bank, PLC, 922 F. Supp. 2d at 326. Consistent with that Order, Dr. Milton-Evans may only testify as to the public perception of *specific* zakat committees, subject to proper foundation.

## III. Plaintiffs' Motion in Limine Number 12: Statements of Ari Fleischer and Colin Powell

In their public statements, Messrs. Powell and Fleischer both explicitly state that they are relating what has been told to them by unnamed, unidentified Saudi sources. Even assuming that the public statements themselves qualify as public records under Federal Rule of Evidence 803(8), this double-hearsay problem requires excluding this evidence. The Court additionally finds that, under Rule 403, any probative value of these statements would be greatly outweighed by the risk of prejudice and confusion of the issues before the jury.

## IV. Defendant's Motion in Limine Number 9: OCC and FinCEN Investigation.

Defendant appears to be under the misimpression that it can successfully exclude all mention of the OCC and FinCen investigation. Although the Court is reluctant to admit such evidence for the reasons stated on the record, the Court also made clear that plaintiffs are entitled to argue that the information that defendant received through this investigation placed defendant

5

on notice of certain facts. If defendant was dissatisfied with the stipulation offered by plaintiffs, defendant should have proposed a counter-stipulation that addressed its concerns <u>and</u> the notice issue. If the parties are unable to agree on a stipulation to notice, the Court will consider admitting portions of the FinCEN settlement.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
      August 22, 2013