

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

*VIA ECF*                                                     August 4, 2014

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:   Linde v. Arab Bank, PLC, 04-CV-2799 (BMC) (VVP), and related ATA cases**

Dear Judge Cogan:

On behalf of defendant Arab Bank, plc (the "Bank"), we write concerning the part of the of the Court's order filed August 1, 2014 (the "Order," ECF No. 986), which allows for the admission of a portion of the FinCEN Assessment of Civil Monetary Penalty dated August 17, 2005 (the "FinCEN Settlement" or "Settlement," PX11) to establish notice to the Bank of certain facts.

The Court's Order states that Plaintiffs seek to offer as evidence that part of the FinCen Settlement, which recites:

> [N]ames similar to those of originators and beneficiaries in funds transfers cleared by Arab Bank - New York appeared in credible and publicly available sources of information, including Congressional testimony, indictments in the United States, and well-publicized research and media reports, linking the originators and beneficiaries to illicit activity. Some originators or beneficiaries appeared in subpoenas or other legal process that Arab Bank - New York received from law enforcement in the United States.

According to the Order, Plaintiffs may offer this statement to show that the Bank had notice of a "heightened need to screen its customers for illicit activity." (Order at 3.)

The date of the FinCEN Settlement is August 17, 2005.  The first attack alleged in this case took place in March 2001, four years before the Settlement.  The last attack alleged in the case occurred on September 24, 2004, eleven months before the Settlement.  Whatever notice the Bank arguably received in August 2005 was almost a year after the last attack at issue here and more than four years after the first event at issue in this case.

The first quoted sentence from the Settlement refers to unidentified, undated and undescribed "indictments"; unidentified, undated and undescribed "media reports"; and unidentified, undated and undescribed "Congressional testimony."  The second quoted sentence



Honorable Brian M. Cogan
*VIA ECF*                                                                                                    August 4, 2014
Page Two


refers to unidentified, undated, and undescribed "originators" and "beneficiaries," as well as undated and undescribed "subpoenas" or "other legal process." These references are far too vague and unsubstantiated to put the Bank on notice of anything. Plaintiffs do not offer any OCC witness to explain what the statements refer to, and, as set forth in the Settlement, the Bank disputed and denied FinCen's findings. The statement from the Settlement amounts only to an unproven and vague assertion by the OCC.

The proposal made by Plaintiffs in their July 29, 2014 letter to the Court (but never presented to the Bank before that) incorrectly recites the facts. Plaintiffs' July 29 letter claims that the statements in the Settlement adopted by the Court show the Bank's improper intent because <u>after</u> the "notice" given by the Settlement, the Bank continued to make transfers to SDGTs and to Hamdan. (Pl. Letter 7-29-14 at 4.) But each of the transfers identified by Plaintiffs (PX 2316, 2320 and 2333) took place <u>before</u> August 17, 2005, and none were through the Bank's New York branch.

- PX 2316 is a January 14, 2004 transfer, 18 months before the August 2005 Settlement. The transfer is from Arab Bank Paris to the Nablus Zakat Committee by a transferor not in issue in this case identified as "La Poste M et M Deleg." The transfer appears to be completely irrelevant to this case.

- PX 2320 and 2333 are transfers by ASP from Arab Bank Switzerland dated October 21, 2004, and by Interpal from Arab Bank London dated January 18, 2004. The transfers are 18 months and 9 months, respectively, before the Settlement in August 2005.

And, as the Court is aware, the Hamdan account in Lebanon was identified in Plaintiffs' July 2004 complaint, long before any alleged "notice" from the 2005 Settlement.

These are the facts that Plaintiffs put before the Court as to the Settlement. These facts do not show any notice, and the language in the settlement is too vague and non-specific to allow any cogent discussion for the jury. The Court has recognized that on its face the FinCEN Settlement states that the Bank makes no admissions, and that Fed. R. Evid. 408 and 403 bar admission of such settlements. "Notice" years after the events at issue is irrelevant. It is reasonably predictable that the Plaintiffs will trumpet the Settlement in their opening. The Bank therefore respectfully requests that the Court preclude use of the Settlement and the statements therein as part of the Plaintiffs' opening statement and until the Court has the benefit of the introduction of relevant evidence concerning the timing and nature of the transfers cited to it by Plaintiffs.



Honorable Brian M. Cogan
*VIA ECF*  August 4, 2014
Page Three

Respectfully submitted,

**DLA Piper LLP (US)**

/s/
Shand S. Stephens

cc:  all counsel (via ECF)