

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

August 6, 2014

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Linde v. Arab Bank, PLC*, **04-CV-2799 (BMC) (VVP), and related cases**

Dear Judge Cogan:

      On behalf of defendant Arab Bank, plc (the "Bank"), we write in response to Plaintiffs' disclosure of the anticipated order of their case-in-chief witnesses, filed August 4, 2014 (ECF No. 1051).  The Bank objects (a) to Plaintiffs' presentation of "eyewitness" testimony that has no bearing on attribution; and (b) Plaintiffs' plan to present a piecemeal presentation of the prior deposition testimony of Bank personnel, calling and recalling the same witnesses, in some cases 5 and 6 times, in a manner that is almost certain to mislead and confuse the jury.

**Eyewitness Testimony**

      The Court has indicated its intent to further address the "eyewitness" issue on Monday, August 11, after its review of their prior deposition testimony.  Plaintiffs have identified four "eyewitnesses" they claim have relevant testimony.  The Bank notes its continuing objection to Plaintiffs' presentation of such testimony:

- **Steven Averbach**:  Mr. Averbach's knowledge about the "appearance and disguise" of the Bus No. 6 bomber was solely that he was dressed in clothing similar to that worn by someone who is "Jewish Orthodox."  *De Bene Esse* Dep. Tr. at 19-20.  Mr. Averbach had no knowledge linking the bomber to Hamas and the Bank will not contest that the bomber was dressed as an Orthodox Jew.  Mr. Averbach's injuries had left him a quadriplegic, paralyzed from the neck down, before his death in 2010.  His recorded testimony would plainly be irrelevant and highly prejudicial and should be excluded pursuant to Rules 401 and 403; nor was he timely disclosed as a witness.  As Plaintiffs concede (*see* Pls.' Ltr. dated Aug. 5, 2014 (ECF No. 1052)), Mr. Averbach was not identified in the parties' 2013 Joint Pre-Trial Order ("JPTO"); *see also* Order dated June 23, 2014



Honorable Brian M. Cogan
August 6, 2014
Page Two

    (ECF No. 1013) (excluding two Bank witnesses not identified in the JTPO for, among other reasons, "unjustified late disclosure").

- **Shukri Brif:** Similarly improper is the gruesome testimony of Mr. Brif, a volunteer for an Israeli organization that collects bits of human remains to permit a proper Jewish burial of the victims. (*See* Pls.' Rev. PTO at 15 (ECF No. 1027).) Mr. Brif described in horrific detail the aftermath of remains observed by him at the Sheffield Club, Mike's Place and Dolphinarium bombings, but conceded that although he "heard" about claims of credit, "I personally don't know." Shurki Brif, *De Bene Esse* Dep. Tr., 53:3-8.

- **Joshua Faudem:** Similarly, Mr. Faudem's description of one of the alleged bombers of Mike's Place was that "he looked like was on some serious drugs." He had no knowledge regarding attribution. Joshua Faudem, Disc. Dep. Tr. at 33:8-13, August 28, 2008; *id.* at 100:2-12 (he learned only from the media that the bombers were allegedly affiliated with Hamas).

- **Nachum Babkoff:** The Bank similarly objects to Mr. Babkoff's appearance as a live witness, for the same reasons noted above. Mr. Babkoff's testimony made clear that he although observed the horrific aftermath of the Dolphinarium and Bus No. 4 attacks, his only knowledge of any potential link to Hamas came from his later review of newspapers, articles and advertisements—*i.e.*, all inadmissible hearsay.

**Piecemeal Testimony**

    Plaintiffs' plan is to repeatedly call, and recall, no less than 10 witnesses by deposition: three of them 2 times; one of them 3 times; four of them 4 times; one of them 5 times and one of them 6 times. These witnesses are Mr. Fazwan Shukri, Mr. Brian Billard (30(b)(6)),[1] Mr. Baker Alomari, Mr. Shukry Bishara, Mr. Tayser Sadeq, Mr. George Kawwas, Mr. Ghalib Hantoly, Mr. Mohammad Al-Tahan, Mr. Blackmore and Mr. Mohammad Dabbour. (Per your Honor's Order

---

[1] Mr. Billard's testimony as a 30(b)(6) witness, as stated in Plaintiffs' Notice of Deposition, was limited to "the OCC's examination of Arab Bank in 2004 that resulted in the consent order issued on February 8, 2005." A copy of the Notice is annexed. Pursuant to this Court's Order dated August 1, 2014, Mr. Billard's 30(b)(6) testimony should be excluded in its entirety.



Honorable Brian M. Cogan
August 6, 2014
Page Three

of today, the Bank has agreed to produce Theodore Scholtz, and Teresa Pacheco, former employees, and Brian Billard, who is currently employed by the Bank, live at trial.)

As the Court is aware, witnesses are normally called to the stand once, unless there is a previously unanticipated need to clarify prior testimony. *See*, *e.g., United States v. Maddox*, 944 F.2d 1223, 1230 (6th Cir. 1991) (witness allowed to retake stand to correct prior testimony only because the court concluded that the witness believed she had been threatened by defendant while initially on the stand); *United States v. Johnson*, 434 F. Supp. 2d 301 (D. Del. 2006) (government allowed to recall expert witness to clarify that weight of crack cocaine could change over time, only because testimony was relevant *and* not cumulative); *Aguilar v. CH2M Hill Hanford Grp., Inc.*, 223 F. App'x 744, 746 (9th Cir. 2007) (acknowledging an "*unanticipated* need to recall" a witness after he was accused of using a racial epithet) (emphasis supplied). Here, there is no unanticipated need to recall witnesses—5 or 6 times, let alone even once—to correct or explain their testimony.

This piecemeal presentation will not avoid the introduction of cumulative testimony. Here, the cumulative nature of Plaintiffs' presentation is apparent, as they intend repeatedly to offer the *same* witnesses to provide "excerpts" of testimony:

- "regarding or relating to Defendant's possible motives for providing material support to Hamas" (Category 5);

- "regarding or relating to defendant's awareness of Hamas" (Category 6), "regarding or relating to Osama Hamdan's account" (Category 8);

- "regarding or relating to Defendant's account opening procedures" (Category 11);

- "regarding or relating to individuals or organizations the U.S. designated as terrorists" (Category 13);

- "excerpts regarding or relating to Defendant's transactions/customers alleged to be affiliated with Hamas" (Category 15); and

- "excerpts regarding or relating to the Bank's knowledge of Hamas leaders" (Category 19).



Honorable Brian M. Cogan
August 6, 2014
Page Four

      This presentation is cumulative and prejudicial and, in light of the fact that the testimony at issue is recorded video testimony, it leaves the Bank unable to meaningfully counter-designate testimony—as it previously did in the expectation that each witness would be "called" once, with the jury viewing that witness's designated and counter-designated testimony together.  Here, Plaintiffs have not even identified which portions of each witness's testimony would be played to the jury within each of Plaintiffs' eight generally described segments of presentation, making counter-designations problematic.  Even if they had done so, however, the defendant is entitled to counter-designate for completeness and a full understanding of a witness's testimony—and not just one small piece at a time.

      To avoid juror confusion, and unfair prejudice to the Bank, the Bank respectfully urges the Court to reject Plaintiffs' piecemeal and repetitive approach to trial and to direct Plaintiffs to present each witness once, absent a compelling reason to recall a particular witness if such reason becomes apparent at trial.

      Respectfully submitted,

      **DLA Piper LLP (US)**

      /s/
      Shand S. Stephens

Encl.

cc:  all counsel (via ECF)

# BLUE SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| COURTNEY LINDE, et al. | : | |
| Plaintiffs, | : | Case No. CV 04 2799 |
| | : | |
| -against- | : | Honorable Nina Gershon |
| | : | |
| ARAB BANK, PLC, | : | Magistrate Victor V. Pohorelsky |
| | : | |
| Defendant. | : | |
| PHILIP LITLE, et al. | : | |
| | : | |
| Plaintiffs, | : | Case No. CV 04 5449 |
| | : | |
| -against- | : | |
| | : | |
| ARAB BANK, PLC, | : | |
| | : | |
| Defendant. | : | |
| ORAN ALMOG, et al. | : | |
| | : | |
| Plaintiffs, | : | Case No. CV 04 5564 |
| | : | |
| -against- | : | |
| | : | |
| ARAB BANK, PLC, | : | |
| | : | |
| Defendant. | : | |
| ROBERT L. COULTER, SR., FOR THE ESTATE OF JANIS RUTH COULTER, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| ARAB BANK, PLC, | : | |
| | : | |
| Defendant. | : | |

Notice of 30(b)(6) Deposition of Arab Bank, PLC

EXHIBIT
Billard-1
Joyce Silver, C.S.R.
Date 6/3/10

| | | |
|---|---|---|
| GILA AFRIAT-KURTZER, et al. | : | Case No. CV 05 388 |
| Plaintiffs, | : | |
| -against- | : | |
| ARAB BANK, PLC, | : | |
| Defendant. | : | |
| MICHAEL BENNETT, et al. | : | Case No. CV 05 3183 |
| Plaintiffs, | : | |
| -against- | : | |
| ARAB BANK, PLC, | : | |
| Defendant. | : | |
| ARNOLD ROTH, et al. | : | Case No. CV 05 3738 |
| Plaintiffs, | : | |
| -against- | : | |
| ARAB BANK, PLC, | : | |
| Defendant. | : | |
| STEWART WEISS, et al. | : | Case No. CV 06 1623 |
| Plaintiffs, | : | |
| -against- | : | |
| ARAB BANK, PLC, | : | |
| Defendant. | : | |
| JOSEPH JESNER, et al. | : | Case No. CV 06 3869 |
| Plaintiffs, | : | |
| -against- | : | |
| ARAB BANK, PLC, | : | |
| Defendant. | : | |

Notice of 30(b)(6) Deposition of Arab Bank, PLC

```
YAFFA LEV, et al.                        :
                                         :   Case No. CV 08 3251
                        Plaintiffs,      :
                                         :
           -against-                     :
                                         :
ARAB BANK, PLC,                          :
                                         :
                        Defendant.       :
                                         :
```

Notice of 30(b)(6) Deposition of Arab Bank, PLC

## PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION OF ARAB BANK, PLC CONCERNING THE SCOPE OF ARAB BANK'S PRODUCTION OF TRANSACTIONAL DOCUMENTS TO THE OCC

TO:   Defendant, Arab Bank, PLC
By and through its attorneys of record
Mr. Kevin Walsh and Mr. Alan Howard
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, New York, 10019-6092

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned cases will take the oral deposition of Defendant Arab Bank, PLC on **December 8, 2009**, beginning at **9:00 a.m.** at the offices of Dewey & LeBoeuf, 1301 Avenue of the Americas, New York, New York, 10019-6092, United States of America, or at a place and time to be agreed by the parties. The deposition will be taken before an officer duly authorized to administer oaths. The deposition will also be videotaped and real time transcription services will be utilized. The deposition shall be taken in compliance with this Court's prior orders, the Federal Rules of Civil Procedure, and the Local Rules of this Court. The deposition will continue from day to day until the examination is completed. You are invited to attend and cross-examine.

Under Rule 30(b)(6), Arab Bank, PLC shall designate one or more agents, officers, or other knowledgeable persons who can testify on behalf of Arab Bank, PLC with respect to the scope of Arab Bank's production of transactional documents to the Office of the Comptroller of the Currency (the "OCC"). Specifically, this relates to the OCC's examination of Arab Bank in 2004 that resulted in the consent order issued on February 8, 2005. This includes:

1. The manner in which Arab Bank received requests for information from the OCC and the identities of those persons who participated in gathering information in response to the OCC requests;

2. The procedures employed by Arab Bank to comply with the OCC's requests for transactional records;

3. The type(s) of documents provided by Arab Bank to the OCC and the manner in which those documents were provided; and

4. Arab Bank's production to Plaintiffs of the transactional records and related documents that Arab Bank produced to the OCC, as required by the Order of Judge Gershon on December 13, 2006. D.E. 251.

Arab Bank has the duty under Rule 30(b)(6) of the Federal Rules of Civil Procedure to designate one or more representative(s) to testify on its behalf regarding the matters identified, and to set forth, for each person designated, the matters on which the person will testify. Please take further notice that, just as if served with a subpoena, the witness is required to produce for inspection and copying at the time and place noticed, all documents and tangible things related to the subject-matter of the deposition.

Dated: October 9, 2009

Signed:

Michael Elsner, Esq. (melsner@motleyrice.com)
Ronald L. Motley, Esq. (rmotley@motleyrice.com)
Jodi Westbrook Flowers, Esq. (jflowers@motleyrice.com)
John M. Eubanks, Esq. (jeubanks@motleyrice.com)
Vincent I. Parrett, Esq. (vparrett@motleyrice.com)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

CC: All counsel of record.