OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 201, HACKENSACK, NJ 07601   345 SEVENTH AVENUE, 21ST FLOOR, NEW YORK, NY 10001
T. 201.265.6400   F. 201.265.0303                      T. 646.380.0470   F. 646.380.0471

August 7, 2014

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Linde v. Arab Bank, PLC*, 04-CV-2799 (BMC)(VVP) and related cases
             **Response to Defendant's August 6, 2014 Letter**

Dear Judge Cogan:

    We write on all Plaintiffs' behalf to respond to Defendant's August 6, 2014 letter (*Linde* ECF No. 1053). The Bank's letter constitutes its latest effort to file untimely, unauthorized motions in *limine*. The Bank: (1) argues for excluding the testimony of the 5 eyewitnesses Plaintiffs have listed; and (2) accuses Plaintiffs of planning to present "piecemeal" designated deposition testimony for witnesses, urging the Court to "direct Plaintiffs to present each witness once." Both requests should be denied.

**Attack Eyewitness Testimony**

    With respect to the eyewitnesses, Plaintiffs, have, in accordance with the Court's prior Order, filed each witness's deposition testimony with the Court and have previously explained in our July 29, 2014 letter (*Linde* ECF No. 1047) why their testimony is relevant and admissible testimony, including in particular the fact that the witnesses' testimony enables the jury to assess whether the details of the attacks Mr. Shaked analyzes corroborate the witnesses' recollections of what they experienced and observed. The Bank's letter rests on the false premise that if the witness does not have direct knowledge of Hamas's responsibility, their testimony lacks any relevant probative value under Fed. R Evid. 401 and/or is unfairly prejudicial under Rule 403.

    On August 3, 2014, we contacted Defendant's counsel and asked whether the Bank would agree to stipulate to Hamas's responsibility for the attacks. *See* attached Exhibit A. As this exhibit demonstrates, Plaintiffs offered to significantly reduce the scope of Messrs.

Hon. Brian M. Cogan, U.S.D.J.
August 7, 2014
Page 2 of 4

Kohlmann's and Shaked's expert testimony, and also offered to strike the 5 eyewitnesses.[1] The Bank responded on August 4, 2014 (*see* attached Exhibit B) and rejected Plaintiffs' proposed stipulation. Although it is Defendant's prerogative to reject proposed stipulations, the Bank's position demonstrates the relevance and value of the witnesses' testimony.

The jury should be permitted to receive information, including eyewitness testimony, that corroborates the experts' findings and observations and analyses, including the particulars of the attacks. In this instance, the testimony of each fact witness corroborates other admissible evidence. For example, Mr. Averbach[2] described the bombing as follows:

> Q. After you got on, what happened?
>
> A. Having gotten on the No. 6 bus, I had taken a seat with my back towards the front of the bus, and the bus started to pull away.
>
> Q. And what happened next?
>
> A. The bus suddenly stopped, allowing for another passenger to get on the bus.
>
> Q. How was that passenger dressed when you saw him?
>
> A. From the split second that I saw him he was wearing black pants and a long black jacket and a white shirt.
>
> Q. Is that typical of any sect in Israel?
>
> A. Orthodox, Jewish Orthodox.

The criminal conviction[3] of Samer Abd al-Sami' Ahmad Atrash (PX3852) for his role in the bombing states:

> The defendant relayed the information to the military activist while noting to him that the French Hill Junction was a place which was suited for executing suicide attacks. At this meeting the defendant was given NIS 1,500 and he was requested to buy clothes typifying [ultraorthodox] Haredi Jews in order to disguise the suicide bomber. The defendant bought a four-cornered undergarment with fringes attached to it, skullcaps and a chain with a Star of David on it, and continued to

---

[1] In separate correspondence (*see* attached Exhibit C) Plaintiffs *also* offered to remove or limit the use of certain exhibits if Defendant stipulated to the identities of particular perpetrators. As Exhibit B demonstrates, the Bank has also rejected that stipulation.

[2] Plaintiffs are acutely sensitive to the Court's concerns regarding attack details. In Mr. Averbach's case, we have designated certain testimony describing his injuries, simply so that the jury understands his physical appearance on the videotape.

[3] The conviction includes an Apostille.

gather information regarding the bus lines which pass through the French Hill Junction.

(<u>Exhibit D</u> attached)

Hamas's biography of the suicide bomber (PX3839) states:

The martyr al-Takruri was disguised in the clothes of a Zionist settler, and he was carrying a big explosive device on his body. The Jewish religious outfit helped him cover it.

(<u>Exhibit E</u> attached)

In sum, because the Defendant will not stipulate to neither Hamas's responsibility for the attacks nor the identity of specific suicide bombers, Plaintiffs are entitled to offer evidence that corroborates the terrorists' identities and/or identifying characteristics.

**"Piecemeal" Testimony**

The Bank's arguments fail to acknowledge the Court's discretion under Fed. R. Evid. 611(a)[4] to control the organization, sequencing, and manner of presentation of trial evidence. The cases cited at page 3 of the Bank's Letter at 3 involved calling and re-calling **live** witnesses, not playing deposition testimony. Depositions cover a variety of topics and, if presented in strictly linear fashion, threaten to confuse the jury. In addition (and as the Court could surmise from our July 18, 2014 filings), even with the material reductions made in the last year, presenting the testimony witness-by-witness inherently results in a lengthier trial, and one that taxes the jury's focus and attention. Grouping witness testimony by topic serves Rule 611(a)'s purposes by enabling the jury to evaluate the witnesses' testimony as it relates to a particular

---

[4]   Rule 611(a) provides: "The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:

(1) make those procedures effective for determining the truth;

(2) avoid wasting time; and

(3) protect witnesses from harassment or undue embarrassment."

See also *Beard v. Mitchell*, 604 F.2d 485, 503 (7th Cir. 1979) (sustaining trial court's decision to exclude integrated deposition testimony but noting generally "in some cases it may well be permissible for the trial court to permit the integrated presentation of deposition testimony," citing *United States v. Jackson*, 549 F.2d 517 (8th Cir. 1977), cert denied, 430 U.S. 985 (1977)); *Mark IV Props., Inc. v. Club Dev. & Mgmt. Corp.*, 12 B.R. 854, 859-60 (Bankr. S.D. Cal. 1981) ("While the Court is mindful of the need for a fair editing process when dealing with videotaped depositions, and a mutual editing process would have been preferable here, Mark IV was in no danger of being prejudiced by the manner in which the videotapes were edited. The existence of conventional transcripts of the examinations and video scripts gave Mark IV the ability to generously supplement the record. See Fed. R. Civ. P. 32(a)(4)."). *See also* Manual for Complex Litigation (Fourth) §12.34 (2004) (observing that in complex trials, evidence may be sequenced by particular issues).

Hon. Brian M. Cogan, U.S.D.J.
August 7, 2014
Page 4 of 4

issue, rather than presenting the witnesses' testimony straight through on a variety of topics, the interrelatedness of which would be unclear to the jury at the time.

Defendant's argument that the manner of presentation unfairly impacts its counter-designation rights should be rejected. Defendant's right to present counter-designated testimony to any witnesses' excerpt is not affected.[5] Accordingly, the Bank's request for an Order prohibiting Plaintiffs from presenting designated deposition testimony in the manner described in our August 4 letter should be denied.

Respectfully submitted,


/s/ Gary M. Osen


Encls.


cc:     All Counsel

---

[5] Nevertheless, to the extent the Court is concerned, 48 hours in advance of its anticipated presentation to the jury, Plaintiffs will be prepared to provide the Court, *in camera*, both transcripts and integrated video clips of each "grouping" of testimony we intend to present, so that the Court can address any concerns regarding its presentation, and determine the degree to which Defendant should be permitted to present testimony it has counter-designated.