# Exhibit B



DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

August 4, 2014

**VIA E-MAIL**

Gary M. Osen, Esq.
Osen LLC
2 University Plaza, Suite 201
Hackensack, NJ 07601

Re:   *Linde v. Arab Bank*, **04-cv-2799 (NG)(VVP) and related cases**

Dear Gary:

I write in response to your letter dated July 30, 2014 and your e-mail dated August 3, 2014 both of which generally regard "attribution."

The Court has ruled that "if there is no dispute that the attacks were acts of international terrorism, then eyewitness testimony and other evidence relating to the details of each attack would be relevant only to the extent it might bear on attribution of the attack to Hamas." (July 23, 2014 Order at 2 (ECF No. 980)). The Bank has since informed the Plaintiffs and the Court that it "will not dispute, and hereby stipulates and agrees, that the 24 attacks identified in paragraph 4 of Plaintiffs' July 18, 2014 Proposed Pre-Trial Order ("Plaintiffs PTO") are acts of international terrorism within the meaning of 28 U.S.C. §§ 2331 and 2333." (July 29, 2014 Ltr. From Shand S. Stephens to the Hon. Brian M. Cogan (ECF No. 1045)). Accordingly, exhibits related to the attacks are only admissible insofar as they are relevant to attribution. (Aug. 1, 2014 Order ("Aug. 1 Order") at 7 (ECF No. 986) ("Exhibits bearing no relation to the issue of attributing the attacks to Hamas are therefore excluded.")).

I.   **Attack-Specific Exhibits**

None of the exhibits identified in the second category of your July 30 letter are relevant to attribution. Indeed, they do not even mention Hamas. They are also each inadmissible insofar as they cannot be authenticated and they contain hearsay not subject to any exception. (Aug. 1 Order at 4 ("To the extent plaintiffs seek to admit some of these 41 government documents as independent exhibits, they will have to authenticate them.")). As one example, when Plaintiffs' witness David Bar was asked about the photograph listed as PX 3816, he responded that he did not know who took the picture, whether it was an official police document, what time it was taken, the names of the people in the photograph or whether the photograph had been altered in any way. (Bar Discovery Dep. at 93:21-94:8; Bar *De Bene Esse* Dep. at 85:17-23, 86:22-23).



Gary M. Osen, Esq.
August 4, 2014
Page Two

Any probative value found in these exhibits, moreover, is also far outweighed by their significant prejudicial impact.

Nor may these exhibits be properly disclosed pursuant to Federal Rule of Evidence 703. To the extent that some of the exhibits are not relied upon by Plaintiffs' attribution experts at all, Rule 703 clearly does not apply. Others, while cited by Plaintiffs' attribution experts, are used only to state what bomb materials were used and not to connect the bombing to Hamas. (*See, e.g.*, PX 3357 (cited in the Expert Report of Ronni Shaked at 78 solely to show that "[t]he expert opinion report by the Israel Police's explosives expert details the way in which the bomb was prepared, and the materials used in its preparation.")). None of Plaintiffs' expert witnesses, notably, claim expertise on bomb forensics or Hamas's bomb making methods and they do not opine on these issues in their expert reports. (Aug. 1 Order at 3 ("Federal Rule of Evidence 703 does not give plaintiffs *carte blanche* to admit otherwise inadmissible evidence simply because their experts rely upon it.")).

## II. Attacker Identities

Your proposed stipulation with regard to the third category of documents set out in your July 30, 2014 letter is similarly misguided. None of these exhibits can be authenticated and each contain hearsay without an applicable exception. Nor are most of these documents cited by your expert witnesses, and so they cannot be disclosed pursuant to Federal Rule of Evidence 703. Most importantly, these documents have no bearing whatsoever on attribution as none provide the name of any of the alleged perpetrators. Any faces that they depict, moreover, are completely unrecognizable. As such, the Bank has not stipulated to the identities of the perpetrators.

## III. Steve Averbach and David Bar

The new deposition designations for Mr. Averbach and Mr. Bar are inadmissible. As noted above, the Bank has stipulated that the 24 attacks were acts of international terrorism. The proposed testimony of these witnesses is also unduly prejudicial in that both "have little, if any, knowledge of whether a particular attack was perpetrated by Hamas." Order, at 2, July 24, 2014 (ECF No. 1043); *see also* Order, at 7, Aug. 1, 2014 (ECF No. 1049) (excluding attack scene exhibits "bearing no relation to the issue of attributing the attacks to Hamas"). Specifically, with regard to each, the Bank has the following additional comments:

- Mr. Averbach was not listed in the original PTO and his testimony in thus clearly inadmissible. (*See, e.g.*, Judge Cogan's June 23 Order (barring introduction of witnesses



Gary M. Osen, Esq.
August 4, 2014
Page Three

> not listed in the PTO). His testimony—that the perpetrator of the No. 6 bus bombing was dressed as an Orthodox Jew—is not probative of whether Hamas had any involvement in, *inter alia*, planning, funding or carrying out the attack. Rather, the Plaintiffs' deposition designations clearly demonstrate that the true purpose of Mr. Averbach's testimony is to prejudice the Bank with details of his injuries.

- Although Mr. Bar was listed in the original PTO as one of Plaintiffs' witness, no deposition designations were provided until July 30, 2014, more than 394 days after the deadline for such designations. More importantly, his testimony is completely irrelevant to a determination of whether Hamas committed the bombing at Mike's Place, not to mention unduly prejudicial. While Mr. Bar opines that a decapitated head at the scene of the crime belonged to one of the bombers, he arrived at the scene after the bombing took place and his assertion is based solely on a comparison to an unauthenticated photograph. (*See* David Bar, *De Bene Esse* Dep. Tr. at 36-39, 45-49, 63-65 and 71-72).

The Bank's position is that these witnesses have already been excluded by the Court's prior orders. Nevertheless, without prejudice to this position and while reserving its right to contest the testimony of these witnesses, the Bank submits herein its counter-designations for Mr. Averbach and Mr. Bar.

### IV.   Attribution Stipulation

We also received your e-mail of August 3 asking if we would stipulate to attribution "in light of" Judge Cogan's August 1 Order. That Order does not addresses a stipulation on attribution. Rather, as noted, the Order is clear that Plaintiffs' attribution witnesses do not have "*carte blanche* to admit otherwise inadmissible evidence simply because their experts rely upon it." *Id.* at 3. In any event, we do not stipulate to attribution for the 24 attacks you have put in issue.

Very truly yours,

Shand S. Stephens