

DLA Piper **LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

September 3, 2014

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Linde v. Arab Bank, PLC*, 04-CV-2799 (BMC) (VVP), and related cases

Dear Judge Cogan:

On behalf of Defendant Arab Bank plc (the "Bank"), I write to address the Court's statements today regarding exhibits to be used with the Bank's expert witness Professor Beverley Milton-Edwards.  The Court stated that it would not allow exhibits to be added to the Defendant's exhibit list during trial, even though the documents were produced to the Plaintiffs in discovery, and Plaintiffs have been adding exhibits to their exhibit list throughout their case. (Sept. 3, 2014 Tr. at 1713-15.)

Of the 65 Defendant Exhibits (attached as Ex. A) listed by the Bank today, three (DX 1602-04) were produced to Plaintiffs in 2011 and 61 were produced in April 2014.  Forty-five of these documents (DX 1554-82, DX 1585-88 and DX 1590-1601) are licenses issued by Israel or the Palestinian Authority and related regulatory records.  Plaintiffs have known for more than three years that Professor Milton-Edwards relied on these licenses in forming her opinion that the charities at issue were not controlled by Hamas.  Professor Milton-Edwards 2011 Expert Report explains:

> From 1967 to 1994, the State of Israel was responsible for registering, licensing and monitoring charitable organizations operating in the Palestinian Territories, including zakat committees.
> . . .
> Each zakat committee operating in the Palestinian Territories must register with the Ministry of Awqaf and Ministry of Interior of the Palestinian Authority; after receiving the approval of these sector ministries that supervise it, it receives a license that is renewable annually.

(Expert Report of Professor Beverley Milton-Edwards (Jan. 31, 2011) (Ex. B) at 8.)



Honorable Brian M. Cogan
September 3, 2014
Page Two

Sixteen of the Defendant Exhibits listed today (DX 1602-17) are photographs that Professor Milton-Edwards took herself while visiting the charities. Plaintiffs have likewise known since her original report was issued in 2011 that Professor Milton-Edwards personally visited many of charities involved in this case. (*See, e.g.*, Ex. B at 14 ("I have had the opportunity to visit the Tulkarem Zakat Committee.") Professor Milton-Edwards would testify that the photographs fairly and accurately represent what she saw during her visits in 2000-2004.

Three of the documents listed today (DX 1583-84 and DX 1589) relate to USAID partner ANERA's work with some of the charities at issue. Plaintiffs have known about Professor Milton-Edwards' reliance on these kinds of documents for years as well. (*See, e.g.*, Ex. B at 10 ("It is also significant that many international governmental and non-governmental actors, including USAID . . . have partnered with and provided funds to zakat committees and other Islamic charities over the years, including during the period from 1995 to 2005.").)

The Bank does not intend to seek the admission of these documents into evidence. Rather, while they are pre-marked for the convenience of the Court, the Bank will ask only that the documents be disclosed to the jury pursuant to Federal Rule of Evidence 703. Notably, Judge Gershon's Individual Motion Practices—the operative document for the Pre-Trial Order—requires only a "schedule listing exhibits to be offered in evidence" and is silent as to Rule 703 evidence. *See* Individual Motion Practices of Judge Nina Gershon at 4(A)(xi)(2).

The Court has allowed Plaintiffs' expert witness Arieh Dan Spitzen to testify about information that he learned years after the submission of his expert report in February 2011. For example, Mr. Spitzen presented testimony to the jury about: Muhamad Shama'a's death in June 2011 (Spitzen slide 24); Baha al-Din al-Madhun's position from 2012-14 as Vice Minister for the Hamas Ministry of Prisoner Affairs (Spitzen slide 28); the 2012 killing of Ahmad al-Jabari (Spitzen slide 105); the 2012 OFAC designation of the Welfare Association for Palestinian and Lebanese Families in Lebanon (Spitzen slide 8); and charts created by Mr. Geisser in July 2014 (Spitzen slides 14, 47, 49, 53, 64 and 74-77).

It is fundamentally unfair to prevent Professor Milton-Edwards from disclosing to the jury the sources of information that have informed her expert opinion. This is particularly true since the Court has repeatedly allowed Plaintiffs to display to the jury pursuant to Rule 703 documents that are not admitted into evidence. Not only have Plaintiffs known about these sources for years, but the Court also has permitted Plaintiffs to add new exhibits at will. Since the beginning of this trial, Plaintiffs have added 31 new documents to their exhibit list. Some of Plaintiffs' newly added exhibits were photographs. (*See* PX 4771-73, PX 4776.) Rather than



Honorable Brian M. Cogan
September 3, 2014
Page Three


objecting to these exhibits outright, however, as a matter of fair and reasonable trial practice the Bank reviewed these documents and objected only on substantive evidentiary grounds.

      The Bank thus respectfully requests that it be permitted to use the Defense Exhibits listed today with Professor Milton-Edwards for Rule 703 purposes.


                Respectfully submitted,

                **DLA Piper LLP (US)**


                /s/
                Shand S. Stephens

cc:  all counsel (via ECF)