

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

September 7, 2014

<u>VIA ECF</u>

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Linde v. Arab Bank, PLC*, 04-CV-2799 (BMC) (VVP), and related cases

Dear Judge Cogan:

    On behalf of Defendant Arab Bank plc (the "Bank"), we move to strike the testimony of Plaintiffs' expert Arieh Spitzen. Throughout his direct examination, Plaintiffs elicited exactly the type of testimony concerning information post-dating his report that was excluded by this Court with regard to the Bank's zakat committee expert Beverly Milton-Edwards. As Mr. Spitzen acknowledged during his cross-examination, Plaintiffs paid substantial sums of money to him to continue work in support of his opinion through the date of trial, even as they successfully sought a contrary ruling with regard to Professor Milton-Edwards.

    When the Bank first proffered Professor Milton-Edwards, Plaintiffs moved to exclude her testimony entirely, arguing that the public perception of zakat committees in general was not at issue. However the Court ruled that Professor Milton-Edwards may testify "as to whether a specific zakat committee or charitable organization was perceived by the community as a front for Hamas, if she demonstrates that she has specific information as to that organization." *Linde v. Arab Bank, PLC*, 922 F. Supp. 2d 316, 326 (E.D.N.Y. 2013). Consistent with that ruling, Professor Milton-Edwards submitted a supplemental report "provid[ing] further detail as to interviews and field work . . . Milton-Edwards conducted before submitting her initial reports in 2011 . . . [and] describ[ing] additional field work . . . conducted in 2013." (Order, dated June 23, 2014 (ECF No. 1013).)

    Plaintiffs then moved to exclude Professor Milton-Edwards' supplemental report and rejected the Bank's argument that the "[t]he "traditional means" of addressing conflicts over an expert witness's proffered testimony includes "vigorous cross-examination" among other factors. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 482 (S.D.N.Y. 2009). The Court acknowledged that Professor Milton-Edwards "testimony is important to the defense." (June 23 Order, at 3.) But the Court granted Plaintiffs' motion in part, holding that Professor Milton-Edwards may only



Honorable Brian M. Cogan
September 7, 2014
Page Two

testify as to the details of her prior field work, but she may not testify "as to any new research conducted after she submitted her original report in 2011." (*Id.* (emphasis supplied).)

In his testimony on September 5, 2014, Mr. Spitzen testified that he has expended 1,000 hours in further support of his testimony—paid for by Plaintiffs—after the submission of his report in May 2011, and that his opinion is based not just on his work before his report but on the 1,000 hours spent afterward:

> Q. In all three of those cases, since 2009, you've been paid $1,500,000 for your work, haven't you?
> A. According to my calculation, $1.4 million.
> Q. Oh, okay, $1.4 million. And you wrote your report in this case in May 2011, did you not?
> A. The report was submitted in May 2011.
> Q. Right. And you worked on that report between April 2010 and May 2011 and spent 2,045 hours doing it, right?
> A. Yes, sir.
> Q. And since then you've spent another thousand hours on this case, haven't you?
> A. This is correct.
> Q. And your testimony in the last few days is based upon all 3,100 hours of your work; the 2,000 that led up to your report and the 1,000 afterwards; is that right?
> A. Yes, it is based on this and also my experience of 30 years.

(Trial Tr., Sept. 4, 2014, at 1728 (emphasis supplied).)

In short, Mr. Spitzen's testimony is based on 1,000 hours of work performed after his expert report—in other words, 50% more hours than the 2,000 he says he worked to produce the report. He acknowledged that his testimony in Court on direct was based on all this work. Consistent with the Court's ruling on defense expert Milton-Edwards, Mr. Spitzen's testimony must be stricken.



Honorable Brian M. Cogan
September 7, 2014
Page Three

Respectfully submitted,

**DLA Piper LLP (US)**

/s/
Shand S. Stephens

cc: all counsel (via ECF)