

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

*VIA ECF*                                            September 14, 2014

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    **Linde v. Arab Bank, PLC, 04-CV-2799 (BMC) (VVP), and related ATA cases**

Dear Judge Cogan:

On behalf of defendant Arab Bank, plc (the "Bank"), we are writing concerning the Court's decision to allow the FinCEN Assessment of Civil Money Penalty dated August 17, 2005 (the "FinCEN Assessment", PX 11) to be used "for the limited purpose of impeachment." (Trial Tr. 2696:18-19, 22-23.)  The ruling was made over the Bank's objection that the FinCEN Assessment could not be used because it was a settlement and any use of it would be unfairly prejudicial.  (Trial Tr. 2696:6-13.)  The ruling is plain error because it violates Rule 408(a)'s express prohibition on using settlement agreements for impeachment purposes.

**A.    Fed. R. Evid. 408(a) and Impeachment**

Federal Rule of Evidence 408 (Compromise Offers and Negotiations) was amended in 2006 to prohibit the use of a settlement or compromise "to impeach by a prior inconsistent statement or a contradiction."  Fed. R. Evid. 408(a); Fed. R. Evid. 408 Advisory Committee Notes 2006 Amendment.  It is widely understood that Rule 408 "embodies the strong federal policy favoring settlement of disputes by precluding the use of settlement-related materials." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 198-99 (S.D.N.Y. 2008).

**B.    The Court's Plain Error**

During the cross-examination at trial of Brian Billard, Plaintiffs sought to use the FinCEN Assessment to impeach Mr. Billard's statements made in his direct testimony.  After the Bank objected, Plaintiffs' counsel explained at sidebar that the issue "originally was that a settlement and the fact that they settled under 408 was the basis for not admitting it."  (Trial Tr. 2694:19-21.)  The Bank's counsel pointed out that the Court "address[ed] this at the July 2013 conference."  (*Id.* 2695:10-12.)  At the July 2013 conference, the Court had explained that the statements in the FinCEN Assessment "are not facts, if the bank doesn't agree they are true":

> They are propositions upon which an agency is operating. They are facts that it considers true. And I don't think it's fair to let the jury think that because some



Honorable Brian M. Cogan
September 14, 2014
Page Two

> agency has thought a certain thing, therefore you can hold that against this defendant. That's why they pretty much have to be admissions.
>
> . . . .
>
> But I will tell you, I'm pretty confident you are not going to find a way around Rule 408 and Rule 403 as to that one.

(Hr'g Tr. July 30, 2013 at 127:9-15, 127:19-21.)  At trial, the Bank continued to object that the FinCEN Assessment could not come in because it was a "settlement agreement" and its use at trial was "inherently prejudicial." (Trial Tr. 2696:6-13.)  The Court overruled the objections, holding that the FinCEN Assessment could be used "for the limited purpose of impeachment":

> My ruling is as follows: First of all, I agree with the bank that these do not constitute admissions of the bank.  Nevertheless, I think it's the report of a government agency that contains findings, and those findings are relevant for the limited purpose of impeachment.

(Trial Tr. 2696:15-19.)  The Court then repeated that "I will allow it to be used for impeachment purposes." (Trial Tr. 2696:22-23.)  Plaintiffs then used the FinCEN Assessment extensively in cross-examination of Mr. Billard.  The Court allowed Plaintiffs to display language from the FinCEN Assessment to the jury.  (Trial Tr. 2702:9 – 2706:18, 2712:7-14.)  Plaintiffs also referred to it in cross-examination of Mr. Dabbour.  (*Id.* 2786:23-2787:10.)

      1.      **Rule 408 applies because the FinCEN Assessment is a settlement**

When the Bank's counsel later repeated its objection that the FinCEN Assessment is inadmissible because "It's a settlement," the Court responded that "It's really not.  It's a government report to which there's a non-objection noted by the bank." (Trial Tr. 2789:21-2790:1.)  But this is contradicted by the FinCEN Assessment on its face, as Judge Weinstein found when he discussed this same FinCEN Assessment and Rule 408's bar on using settlement agreements for impeachment:

> This evidence [the FinCEN Assessment] would not even support a finding of negligence, since it is inadmissible.  *See* Fed. R. Evid. 408(a) ([such] evidence . . . is inadmissible "on behalf of any party—either to prove or disprove the validity or amount of a disputed claim *or to impeach* by a prior inconsistent statement or a contradiction").



Honorable Brian M. Cogan
September 14, 2014
Page Three

*Gill v. Arab Bank, plc*, 893 F. Supp. 2d 542, 566 (E.D.N.Y. 2012) (emphasis added).

The FinCEN Assessment expressly states that it is part of a "settlement" (at p. 9), and explains (at p. 1) that the Bank has entered into this settlement "without admitting or denying" the determinations by FinCEN:

> In order to resolve this matter, and only for that purpose, the Federal Branch of Arab Bank plc, New York, New York ("Arab Bank – New York") has entered into a CONSENT TO THE ASSESSMENT OF CIVIL MONEY PENALTY ("CONSENT") dated August 17, 2005, without admitting or denying the determinations by the Financial Crimes Enforcement Network, as described in Sections III and IV below, except as to jurisdiction in Section II below, which is admitted.

The "CONSENT" referred to in this quotation is a separate document that is "incorporated into this ASSESSMENT OF CIVIL MONEY PENALTY [*i.e.*, the FinCEN Assessment] by this reference." (*Id.*)  The August 17, 2005, CONSENT—which is incorporated into the FinCEN Assessment—expressly states that the "provisions of this Order constitute a *settlement* of the civil money penalty proceeding contemplated by the Comptroller."  (Consent Order for Civil Money Penalty, at 4 (emphasis added), PX 20.)

The FinCEN Assessment is therefore a settlement within the scope of Rule 408 and cannot be used for impeachment purposes.  Fed. R. Evid. 408; *Gill*, 893 F. Supp. 2d at 566 (quoted above); *Dodson v. CBS Broadcasting Inc.*, 423 F. Supp. 2d 331, 334 (S.D.N.Y. 2006) (excluding consent decrees between CBS and EEOC); *In re Blech Securities Litigation*, No. 94 Civ. 7696 (RWS), 2003 WL 1610775, *10 - *11 (S.D.N.Y. March 26, 2003) (excluding SEC consent orders under FRE 408, noting that parties had consented to them "without admitting or denying the findings of fact" contained therein); *Wilson v. Parisi*, No. 3:CV-04-1737, 2009 WL 151666, at *2 (M.D. Pa. Jan. 21, 2009) ("consent decrees and orders are precluded by Federal Rules of Evidence Rule 408").  Fed. R. Evid. 408(a)(2) covers "conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority."  The Advisory Committee Notes explain that the exception is for criminal cases "regarding a civil dispute by a government regulatory, investigative, or enforcement agency."  Fed. R. Evid. 408, Advisory Committee Notes 2006; *see, e.g., U.S. v. Davis*, 596 F.3d 852, 860 (D.C. Cir. 2010) (explaining criminal case exception); 31A *Fed. Prac. & Procedure, Evidence Quick Reference Guide* at 98-99 (Thomson Reuters 2013)



Honorable Brian M. Cogan
September 14, 2014
Page Four


(explaining history of criminal exception).  The present case involves statements made during compromise negotiations, and it is not a criminal case.  Rule 408 applies.

### 2. There is no basis for impeachment in any event

Even if the FinCEN Assessment could be used for impeachment—which it cannot because of Rule 408's express prohibition—there is no basis in this trial because nothing in it was contradicted by any statement by the witness, Mr. Billard.  Mr. Billard only testified to the Bank's practice and attempted to address the rules and regulations.  Mr. Billard testified that he did not agree with FinCEN's determinations in the FinCEN Settlement, and this is entirely consistent with the FinCEN Assessment which expressly states that the Bank consents to it as a settlement "without admitting or denying" FinCEN's determinations.  (FinCEN Assessment at p. 1.)  Plaintiffs did not use the FinCEN Assessment to impeach anything, but simply to put before the jury the inadmissible statements by FinCEN in a settlement agreement.

### C.   Rule 403 and Unfair Prejudice

The Court has been aware of the unfairness of disclosing the FinCEN Agreement, having acknowledged it in the July 2013 conference.  (Hr'g Tr. July 30, 2013 at 127:9-15.)  The Bank has repeatedly objected on this ground.  (Trial Tr. 2696:6-13.)

Allowing extensive cross-examination on the FinCEN Assessment is plain error of the most serious kind.  The Court has recognized the seriousness of this issue for over a year, and has known of the Bank's repeated insistence that Rules 408 and 403 prohibit presenting it to the jury.  This error cannot be effectively corrected.  The FinCEN Assessment was not just mentioned in passing, but was used as a major part of Plaintiffs' cross-examination.  In these circumstances, the proper remedy for the erroneous use of the FinCEN Assessment in violation of Fed. R. Evid. 408 is to declare a mistrial.  *See, e.g.*, *Hodge v. American Home Assurance Co.*, 150 F.R.D. 25, 26 (D.P.R.1993), *aff'd*, 25 F.3d 1037 (1st Cir. 1994).  In *Hodge* the court declared a mistrial based on Rule 408, finding that the jury had been "presented with a scenario which stresse[d] a verdict for plaintiff relying upon such inadmissible evidence."  *Id.*

The proper remedy is to declare a mistrial.  Absent a mistrial, and without waiving the Bank's request, the only course is for Court to reverse its ruling on the FinCEN Assessment, strike the testimony concerning it, and, after consultation with counsel, give the jury an instruction that the testimony and questions asked by Plaintiffs as to the FinCEN Assessment must be disregarded in their entirety and prohibiting Plaintiffs' counsel from mentioning the settlement in closing.



Honorable Brian M. Cogan
September 14, 2014
Page Five

                                                Respectfully submitted,

                                                **DLA Piper LLP (US)**

                                                _____/s/_____
                                                Shand S. Stephens

cc:  all counsel (via ECF)