OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 201, HACKENSACK, NJ 07601　　　　345 SEVENTH AVENUE, 21ST FLOOR, NEW YORK, NY 10001
T. 201.265.6400　F. 201.265.0303　　　　　　　　　　　　　　T. 646.380.0470　F. 646.380.0471

September 14, 2014

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Linde, et al. v. Arab Bank, PLC*, **04-cv-2799 (BMC)(VVP), and related cases**

Dear Judge Cogan:

      We write on behalf of Plaintiffs in response to Defendant's misleading and vexatious motion for reconsideration. The Court should deny Defendant's latest attempt to reinstate the testimony of the Bank's Saudi Committee expert witnesses Robert Lacey and David Rundell, which Defendant concedes has been excluded by multiple Court Orders.[1]

      The Court is entitled to candor from parties regardless of their legal positions. Defendant's letter not only reargues matters previously ruled upon by the Court (sometimes more than once), but also misleadingly cites and grossly distorts the trial testimony of Plaintiffs' experts Dr. Levitt and Mr. Spitzen. For example, Defendant's letter states that Dr. Levitt testified that:

> "[T]he Saudi Committee worked with the Union of Good 'in order to facilitate the transfer of funds to Hamas.'" (Trial Tr., Aug. 19, 2014 at 651:23-652:5.)

      This citation is actually a discussion of PX4169, the U.S. designation of the Union of Good (which Defendant did not even object to). Dr. Levitt then reads language from the exhibit. The exchange does not even mention the Saudi Committee.

---

[1]     The Court previously excluded the testimony of Mr. Lacey on the Saudi Committee's humanitarian purpose as "irrelevant expert evidence" because it was "fundamentally an attempt to paint a picture for the jury regarding the intent of the Saudi Committee and the motivations of Saudi Arabia." *Linde v. Arab Bank PLC*, 922 F. Supp. 2d 316, 328 (E.D.N.Y. 2013) (citation omitted). In addition, despite Mr. Lacey being offered solely as an expert on the Saudi Committee, the Court held that his proposed testimony was improper because he is not "an expert on terrorism or terrorism financing." *Id.* at 329 n.2. The Court similarly excluded the testimony of Mr. Rundell as "impermissible intent and motive opinion." *Linde v. Arab Bank PLC*, 920 F. Supp. 2d 282, 285 (E.D.N.Y. 2011). Mr. Rundell was also excluded as a fact witness because he would be "channeling hearsay" and his personal knowledge was "principally derived from what others told [him] in meetings with staff, other agencies, or foreign officials." *Linde v. Arab Bank PLC*, 2013 WL 4516778, at *1 (E.D.N.Y. Aug. 23, 2013). Judge Gershon thereafter denied the Bank's motion to reconsider and reverse its Order excluding Mr. Lacey. *See* May 3, 2013 Order (*Linde* ECF No. 940). Indeed, the May 3 Order also denied Defendant's request to proffer a new expert witness on the Saudi Committee.

Defendant's letter also states that Dr. Levitt testified that:

"[T]he Union of Good acted as a 'broker' between Hamas and the Saudi Committee in order 'to strengthen Hamas' political and military position in the West Bank and Gaza.'" (*Id.* at 667:20-668:5.)

This citation refers to the following exchange concerning PX1275 (admitted into evidence over Defendant's objection):

> Q Dr. Levitt, I mentioned in your report, I pointed to the page where you mentioned the Saudi Committee for Support of Intifada and it was that place where you were quoting from that German intelligence that we showed the jury. Do you recall that now?
>
> A I do.
>
> Q And you were quoting from German intelligence that the Saudi Committee that funds through Hamas charities were going through to the Saudi Committee to pay, among others, suicide bombers; correct?
>
> A Correct.
>
> Q Are you aware that the Arab Bank made those payments on behalf of the Saudi Committee?
>
> MR. STEPHENS: Objection, Your Honor.
>
> THE COURT: Overruled.
>
> A I am.

Needless to say, the cited testimony offers **no** opinion on the subjective intent of the Saudi Committee.

The three citations to Mr. Spitzen's testimony are equally misleading.

Defendant's first citation merely reflects Mr. Spitzen's delineation of the name of the Saudi Committee, not an explication of its purpose:

> Q Mr. Spitzen, very briefly introduce the Saudi Committee in Support of the Intifada al Quds, what is it, when it was created and for what stated purpose?
>
> A Yes. The Saudi Committee for the Support of the al Quds Intifada was founded on October 16, 2000 by a war [sic] decree issued by the Saudi royalty under the auspices of Ministry of the Interior Nayef Bin Sultan and its role was to support the al Quds Intifada,

<u>this is its name</u>. In order to do this, it did its fundraising activity and transfers the funds to the fields to the Palestinian authority (emphasis added).

Defendant's second citation, to testimony that the Saudi Committee was part of the Union of Good which had a "primary purpose" of "divert[ing] charitable donations to support Hamas members and the families of terrorists operatives" (*Id.* at 1577:20-25, 1580:6-10), again references testimony wherein the witness discusses PX4169 – the U.S. designation of the Union of Good (which was admitted into evidence without objection).

Lastly, Defendant's citation to Mr. Spitzen's testimony that "payments made by the Saudi Committee to the injured individuals of [the] Intifada, to the prisoners, and to the martyrs of the intifada are extremely significant" was <u>not</u> offered as an opinion concerning the state of mind of the Saudi Committee (Tr. at 1592:4-19). Instead, the testimony was quantitative – i.e. "they [the recipients] received five times more than the income per capita the average income per capita at that time."

Defendant's latest effort to resuscitate the testimony of excluded experts Robert Lacey and David Rundell is meritless and mendacious and should be denied.

Respectfully submitted,

<u>/s/ Gary M. Osen</u>

cc:     All Counsel