**OSEN LLC**
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 201, HACKENSACK, NJ 07601
T. 201.265.6400   F. 201.265.0303

345 SEVENTH AVENUE, 21ST FLOOR, NEW YORK, NY 10001
T. 646.380.0470   F. 646.380.0471

September 15, 2014

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Linde, et al. v. Arab Bank, PLC*, **04-cv-2799 (BMC)(VVP), and related cases**

Dear Judge Cogan:

We write on behalf of Plaintiffs in brief reply to Defendant's opposition letter (*Linde* ECF No. 1151) to Plaintiffs' request (*Linde* ECF No. 1150) to exclude or significantly restrict the proposed expert testimony of Anne Vitale. The Bank's opposition fails to acknowledge this Court's prior Orders that materially limit Ms. Vitale's testimony, and Defendant's response fails to establish that she will or can provide relevant, helpful, admissible testimony. In summary:

1. Both the December 19 Ruling and May 24 Order[1] already prohibit Ms. Vitale from offering any opinions or testimony regarding Arab Bank's conduct, whether in its foreign offices or overseas. *See* December 19 Ruling at 6:17-23; 7:7-22; 11:25-12:2; May 24 Order at *1. The December 19 Ruling specifically prohibits Ms. Vitale from testifying or opining about FinCEN or the OCC's actions directed at Defendant (December 19 Ruling at 9:16-10:17), and the May 24 Order's holding regarding Paul Schott's proposed testimony regarding OCC/FinCEN actions (May 24 Order at *4-5) applies equally to Ms. Vitale. The fact that Plaintiffs introduced the FinCEN Order (PX11) to impeach Mr. Billard, or that witnesses confirmed that the Bank had compliance programs and practices, including Know Your Customer (KYC) protocols, does not license Ms. Vitale to now offer testimony concerning Defendant's compliance practices or policies.

2. Ms. Vitale is also already prohibited from offering any opinions concerning U.S. or foreign law. December 19 Ruling at 7:23-9:12; May 24 Order at 5-7.

3. Arab Bank fact witnesses have already testified as to the Bank's KYC protocols, as well as the former New York branch's fund transfer system. As Plaintiffs' prior letter explains, testimony regarding "industry standards" is unnecessary given that the jury has now learned what the Bank's actual purported policies are, and would also be confusing under

---

[1]   Defined or capitalized terms are synonymous in scope and meaning with their use in Plaintiffs' earlier letter concerning Ms. Vitale's testimony.

    Fed. R. Evid. 403, because, as noted above, Ms. Vitale is not permitted to testify about Defendant's practices and policies, including whether they adhere to, or deviate from, "industry standards."

4.  The May 24 Order expressly conditioned Ms. Vitale's testimony on certain subjects based on what the Plaintiffs proffered at trial:

> Since it appears that *plaintiffs may proffer* evidence of the Bank's conduct regarding the use of automated tools to detect suspicious accounts, Know Your Customer ("KYC") procedures, and the use of "blacklists" to screen account applications and financial transactions, the Bank is entitled to counter the inferences plaintiffs seek to draw as to the Bank's mental state with evidence regarding banking industry standards or practices on these subjects. Order at p. 6 (emphasis added).

  Here, Plaintiffs have not raised the use of automated tools to detect suspicious accounts in this case – that was Defendant's choice. The Bank, not Plaintiffs, introduced PX1 (the 2000 Banking Instructions that describe the Bank's KYC procedures) into evidence, and it is the Bank, not Plaintiffs, that has repeatedly attempted to interject the use of "blacklists" to screen account applications and financial transactions.

  Finally, the Bank has offered demonstrative slides for Ms. Vitale that were explicitly excluded by Judge Gershon's prior rulings or earlier Court orders. As Plaintiffs explained earlier, Vitale Slide 5 – which uses an Arab Bank SWIFT payment message (one in which the Al Aqsa Foundation was the originator) – is a transparent end-run around the December 19 Ruling's holdings that Ms. Vitale may not testify about Arab Bank's conduct. Similarly Vitale Slide 9, which would advise the jury as to which jurisdictions' blacklists do or do not allegedly apply, violates the December 19 Ruling and May 24 Order regarding legal opinions and constitutes another effort to offer evidence that was barred during opening argument and, (in substance), during Mr. Dabbour's testimony.

  Accordingly for these reasons and those set forth in Plaintiffs' earlier letter, Ms. Vitale should be excluded as a witness, or, if permitted to testify, her testimony should be significantly restricted, and Plaintiffs' objections to the Vitale Slides should be sustained.

            Respectfully submitted,

            /s/ Gary M. Osen

cc:  All Counsel