

DLA Piper **LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

September 16, 2014

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Linde v. Arab Bank, PLC*, **04-CV-2799 (BMC) (VVP), and related cases**

Dear Judge Cogan:

      Arab Bank plc moves to preclude Plaintiffs' use of the superseding indictment and verdict from the Holy Land Foundation case (*see* ECF No. 1159 and PX4340, PX4442) with the rebuttal testimony of Mr. Levitt.  The organizations at issue here were neither indicted nor convicted in the Holy Land Foundation trial.

      These documents, issued in 2008, cannot be relevant to any notice that the Bank allegedly may have had in 2000-2004.  Nor can they be used as proof of the allegations set out in the indictment, because it is hearsay not subject to any exception.  "[I]ndictments are not admissible evidence" and the hearsay exception set out in Federal Rule of Evidence 803(22) "addresses judgments of conviction, not indictments or charging instruments."  *In re WorldCom, Inc. Sec. Litig.*, 02 CIV 3288 DLC, 2005 WL 375315, at *9 (S.D.N.Y. Feb. 17, 2005).  "The traditional common-law rule is that even a criminal *conviction* is not admissible in a civil trial to establish the occurrence of the act to which the conviction pertained."  *Jordan v. Medley*, 711 F.2d 211, 218 (D.C. Cir. 1983) (original emphasis).

      This Court has ruled, with regard to certain Israeli military court indictments, that they "may be admissible under Rule 803(22) where they led to a judgment of conviction."  (Aug. 1, 2014 Order (ECF No. 986) at 5.)  That exception does not apply here, because Rule 803(22) only permits "evidence of a final judgment of conviction if . . . the evidence is admitted to prove any fact essential to the judgment."  Fed. R. Evid. 803(22).  "A prior judgment of conviction may be used as prima facie evidence in a subsequent civil suit only with respect to matters of fact or law necessarily decided by the conviction and the verdict on which it was based."  *State of N.Y. v. Hendrickson Bros.*, 840 F.2d 1065, 1081 (2d Cir. 1988) (quotation omitted).

      In PX4442, no allegation regarding any specific charity was essential to the conviction in that case.  Count 1, alleging conspiracy to provide material support and resources to a designated Foreign Terrorist Organization, lists 14 overt acts, of which eight are transfers to six distinct



Honorable Brian M. Cogan
September 16, 2014
Page Two

zakat committees, each allegedly under the control of Hamas. (PX4442, at 18.) The jury's conviction on Count 1, however, does not specify which overt acts the Holy Land Foundation was believed to have committed. (PX4340, at 1.) It may have concluded, for example, that the Holy Land Foundation wrongfully engaged in a transaction for the benefit of the Qalqilia Zakat Committee—an organization not at issue in this trial—and none of the others. Hamas's control of any particular charity at issue here was not "essential to the judgment" in the Holy Land Foundation case and cannot be admitted under Rule 803(22).

      Accordingly, preclusion of PX4340 and PX4442 is warranted. Even if these exhibits were otherwise admissible, however, they should be precluded pursuant to Rule 403, especially in light of the fact that the referenced charities were not indicted.

      The Bank also moves to preclude the Watson memo, unless it is replaced with a copy that does not say "public" on it. Plaintiffs have not identified that handwriting and Mr. Levitt, at whose deposition it was marked (as Exhibit 2) was unable to do so:

> Q. There's some handwriting at the top right, which appears to read "public 12/3-01." Do you have any idea what that means?
>
> A. I assume that that's -- I don't know if I have that notation on my copy. I assume that is a notation of when it was made public. That is not what a full declassification stamp looks like. So I don't know if that means that's when it was declassified or that's when it was first made public. It was reported on in the press, and I don't recall if it was declassified first or if the reporting came out first.
>
> Q. I mean, when you've seen declassified documents, they typically have a stamp that says "declassified" and a date, don't they?
>
> A. Often. The exception is when documents leak out and then later become declassified. By definition, you'll have all kinds of copies out there. So the government -- U.S. government has now officially declassified just this past week the Pentagon papers. So most people who are going to be looking at the Pentagon papers will not be looking at the copy that has the stamp on it, because this has been so out -- I don't think even my copy has the declassification stamp on it.
>
> Q. Did this document leak out?
>
> A. I know that it was reported on by the press, and I just said I don't know if it was before it was officially declassified or not.
>
> Q. So it might have leaked?



Honorable Brian M. Cogan
September 16, 2014
Page Three

        A.  I can't say one way or the other . . . .

(Levitt Dep. Tr., at 118-20 (annexed).)

        Finally, the Bank moves to strike Plaintiffs' slides (ECF No. 1159, Ex. 1).  These are simply two press reports from different newspapers referencing the Watson memo.  Using these press reports, which also reference matters beyond the Watson memo (PX1297)—such as eavesdropping by the FBI in 1993—to inject rank hearsay into the case is a tactic that should not be endorsed.  Nor can these slides constitute alleged notice, in the absence of evidence that these publications reached the Palestinian Territories.  The evidence already adduced is to the contrary.  (*See*, *e.g.*, Trial Tr., Sept. 11, 2014, at 2421:9-11 (Prof. Milton-Edwards):  During the 2000 to 2004 time period, was the Western press making its way into the Palestinian Territories?  A. No.)

                                        Respectfully submitted,

                                        **DLA Piper LLP (US)**

                                        /s/
                                        Shand S. Stephens

cc:  all counsel (via ECF)