UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

COURTNEY LINDE et al.,

                           Plaintiffs,                04-cv-2799 (BMC)

        -against-

ARAB BANK PLC,

                           Defendant.

----------------------------------------------------------- X

## JURY CHARGES

**PART I: GENERAL RULES** ....................................................................................................3

  A.  PARTIES TO THE JUDICIAL PROCESS ...................................................................................3
      i)   Juror Attentiveness ............................................................................................3
      ii)  Role of the Court...............................................................................................3
      iii)  Duty of the Jury ................................................................................................4
      iv)  Juror Oath ........................................................................................................4
      v)   Jury to Disregard Court's View ........................................................................4
      vi)  Conduct of Counsel...........................................................................................5
  B.  IMPROPER CONSIDERATIONS ............................................................................................5
      i)   Sympathy...........................................................................................................5
      ii)  Race, Religion, National Origin, Sex, or Age ...................................................6
      iii)  Avoiding Prejudice: Foreign Bank ...................................................................6
  C.  EVIDENCE .......................................................................................................................6
      i)   Consider Only Testimony, Exhibits and Stipulations ........................................6
      ii)  Direct and Circumstantial Evidence .................................................................7
      iii)  Evidence Admitted For a Limited Purpose ........................................................7
  D.  WITNESSES .....................................................................................................................8
      i)   Weighing Testimony ..........................................................................................8
      ii)  Interest in Outcome ..........................................................................................9
      iii)  Foreign Language Testimony & Evidence.........................................................9
      iv)  Use of Pre-Trial Depositions at Trial ............................................................10
      v)   Expert Witnesses ............................................................................................10
  E.  BURDEN OF PROOF ........................................................................................................11
  F.  INFERENCES ..................................................................................................................12
  G.  ADVERSE INFERENCE .....................................................................................................13
  H.  EXISTENCE OF INFERENCE AGAINST DEFENDANT DOES NOT SHIFT BURDEN OF PROOF............13

**PART II: THE LEGAL ELEMENTS** ......................................................................................14

A.  ACTING "KNOWINGLY".................................................................................................14

B.  THE ELEMENTS OF A CLAIM UNDER 18 U.S.C. § 2333(A) AND 18 U.S.C. §2339B(A)(1)....................15

      i)   18 U.S.C. § 2333(a) ........................................................................................15
      ii)  18 U.S.C. § 2339B ..........................................................................................15
      iii)  Proximate Cause .............................................................................................18

C.  EACH TERRORIST ATTACK TO BE CONSIDERED SEPARATELY ...........................................18

D.  CORPORATION'S RESPONSIBILITY FOR ACTS OF ITS AGENTS ...........................................19

E.  POLICIES AND PROCEDURES; INDUSTRY STANDARDS AND PRACTICES..............................20

F.  FOREIGN LAW ..............................................................................................................20

**PART III: GENERAL REMARKS REGARDING DELIBERATION**..............................................21

  A.  DUTY TO CONSULT & NEED FOR UNANIMITY ................................................................21
  J.  COMMUNICATIONS WITH THE COURT .............................................................................22
  K.  RIGHT TO SEE EXHIBITS & HEAR TESTIMONY ...............................................................22

2

Now that the evidence in this case has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case. My instructions will be in three parts:

FIRST:  I will instruct you on the general rules that govern your duty as jurors in a civil case;

SECOND:  I will instruct you on the legal elements of the plaintiffs' claims; and

THIRD:  I will give you some important principles that you will use in your deliberations.

## PART I: GENERAL RULES

A.  <u>PARTIES TO THE JUDICIAL PROCESS</u>

*i)  Juror Attentiveness*

You are about to enter your final duty, which is to decide the fact issues in this case.

It has been obvious to me and to counsel that you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never lagged and you followed the testimony with close attention.  I also would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients.

I ask that you now give me that same careful attention that you gave at trial.

*ii)  Role of the Court*

You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  My responsibility at this point is to instruct you on the law.  It is your duty to accept these instructions and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under

3

the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in these instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law.  You must consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be – or should be – it would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

### iii) Duty of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.  In determining these issues, no one may invade your province or functions as jurors.

### iv) Juror Oath

In carrying out your duty, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

### v) Jury to Disregard Court's View

In the course of the trial, it has been necessary for me to rule on the admission of

evidence.  You must not conclude from any such ruling I have made, or from any questions I may have asked, or from anything that I have said during the course of the trial, that I favor any party to this lawsuit.  I hold no such view.  It is your recollection of the evidence and your decision on the issues of fact that will decide this case. You also are to draw no inference from the fact that I occasionally asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witness.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

### vi) Conduct of Counsel

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence that an attorney believes is not properly admissible.  Counsel also have the right and duty to ask me to make rulings of law and to request conferences at the side bar out of your hearing.  All those questions of law must be decided by me.  You should not concern yourselves with, or speculate about, the contents of any discussion between me and counsel at side bar.  You also must not bear any prejudice against any attorney or his client because that attorney objected to the admissibility of evidence, asked for a conference out of your hearing, or asked me for a ruling on the law.

## B.  IMPROPER CONSIDERATIONS

### i)  Sympathy

In reaching your verdict, you are not to be swayed by sympathy for the parties; what the reaction of the parties or of the public to your verdict may be; whether it will please or displease

anyone; be popular or unpopular or, indeed, by any consideration outside the case as it has been presented to you in this courtroom.  You should consider only the evidence, find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you.  Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

### ii)  Race, Religion, National Origin, Sex, or Age

It would be equally improper for you to consider any personal feelings you may have about one of the parties' or any witness' race, religion, national origin, sex, or age.

The parties in this case are entitled to a trial free from prejudice.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

### iii) Avoiding Prejudice: Foreign Bank

In this case the defendant is a foreign bank. The mere fact that one of the parties is a bank and is foreign does not mean it is entitled to any lesser or greater consideration by you. All litigants are equal before the law, and corporations and banks, big or small, foreign or domestic, are entitled to the same fair consideration as you would give any other individual party.

## C.  EVIDENCE

### i)  Consider Only Testimony, Exhibits and Stipulations

In deciding this case, you may consider only the exhibits which have been admitted in evidence, the testimony of the witnesses as you have heard it in this courtroom and has been read from their sworn testimony before trial, and the stipulations entered by the parties.  Arguments, remarks, and summation of the attorneys are not evidence, nor is anything that I may have said

with regard to the facts of this case. Anything you may have seen or heard about this case outside the courtroom is not evidence and must be disregarded.

   *ii)  Direct and Circumstantial Evidence*

There are two types of evidence that you may properly use.

One type of evidence is called direct evidence. Direct evidence is a witness' testimony, or the contents of a document, about what the witness saw, heard, or observed. In other words, when a witness testifies about what is known to that witness by virtue of the witness's own senses – what the witness sees, feels, touches or hears – that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse: Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. As you were sitting here, someone walked in with an umbrella that was dripping wet. Someone else then walked in with a raincoat that was dripping wet. The courtroom is without windows, so you cannot look outside to see whether or not it is raining – therefore, you have no direct evidence of that fact. But, based on the combination of other facts, it would be reasonable and logical for you to conclude that it had been raining outside.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. Circumstantial evidence is of no lesser value than direct evidence – you alone decide what weight to give to all of the evidence.

*iii) Evidence Admitted For a Limited Purpose*

Some evidence was admitted or shown to you for a limited purpose only. When I

instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

If you have a question concerning whether a particular item of evidence was admitted or shown to you for a limited purpose, send out a note and we will clarify it for you.

D.  <u>WITNESSES</u>

*i) Weighing Testimony*

The law does not require you to accept all of the evidence I admit.  In deciding what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony.  As I mentioned when we first began, there is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you.  The same tests that you use in your everyday dealings apply in your deliberations.  The interest or lack of interest of any witness in the outcome of this case; the bias or prejudice of a witness, if there is any; the manner in which the witness gives testimony on the stand; the opportunity that the witness had to observe the facts about which the witness testifies; and the probability or improbability of the witness's testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness's testimony.

If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together.  If that is not possible, you will have to decide which of the conflicting stories you will accept.

8

*ii) Interest in Outcome*

The parties to this lawsuit and other witnesses testified before you.  The parties, and some of the other witnesses, are considered interested witnesses, which means, they stand to benefit in some way from the outcome of this case.

An interested witness is not necessarily less believable than a disinterested witness.  The fact that the witness is interested in the outcome of the case does not mean that the witness has not told the truth.  It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by their interest.  You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted.  However, you are not required to reject the testimony of such a witness, and may accept all or such part of the witness's testimony as you find reliable and reject such part as you find unworthy of acceptance.

*iii) Foreign Language Testimony & Evidence*

Certain witnesses in this case did not speak English as their first language and had limited abilities speaking and understanding English. An interpreter was used during their testimony. You must not make any assumptions about a witness based solely upon the use of an interpreter to assist that witness. The fact that a witness's testimony was translated from a foreign language must not be considered in deciding the credibility of the witness. Testimony must not be discounted or disregarded solely because it is translated.

The evidence to be considered by you is only that provided through the official court interpreters for testimony.  The same applies with respect to documents in this case where there

9

the parties have agreed to translations. Unless you have been informed of some objection or dispute, you must accept the agreed English interpretation or translation.

*iv) Use of Pre-Trial Depositions at Trial*

You have seen video of and heard the lawyers read portions of documents referred to as examinations before trial, or depositions.

At some point before this trial began, the witness, under oath, answered certain questions put to him or her by the lawyers for the parties.  A stenographer recorded the questions and answers and transcribed them into a document which the witness later signed before a notary public.  The portions of the transcript of the examination before trial that you heard are to be considered as if the witness were testifying from the witness stand.

*v) Expert Witnesses*

You have heard testimony from witnesses described as experts.  Experts are witnesses who by education, experience, or training have acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness, as well as the expert witness's education, training and experience, the

10

soundness of the reasons given for the opinion, and all other evidence in the case.  You should

consider the expert opinions which were received in evidence in this case and give them as much

or as little weight as you think they deserve.  If you should decide that the opinion of an expert

was not based on sufficient education, experience, or sufficient data, or if you should conclude

that the trustworthiness or credibility of the expert is questionable for any reason, then you might

disregard the opinion of that expert.  Furthermore, if the opinion of an expert was outweighed, in

your judgment, by other evidence in the case, then you might disregard the opinion of that expert

entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data,

education, training and experience, and the other evidence does not give you reason to doubt his

or her conclusions, you would be justified in placing great reliance on the expert's testimony.

The expert's opinion is what you must consider.  The facts and data upon which an expert

based that opinion are not evidence, unless those facts were independently admitted into

evidence.

E.  BURDEN OF PROOF

You have heard me say that the plaintiffs must prove their case by a preponderance of the

evidence.  The question naturally is, "What does a preponderance of the evidence mean?"  To

establish a fact by a preponderance of the evidence means to prove that something is more likely

true than not true.  In other words, a preponderance of the evidence means such evidence that,

when considered and compared with the evidence opposed to it, has more convincing force and

produces in your mind the belief that what is sought to be proved is more likely so than not so.

A preponderance of the evidence means the greater weight of the evidence.  It refers to the

quality and persuasiveness of the evidence, not the number of witnesses or documents produced

by either party.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

The burden of proof rests on the plaintiffs.  That means that in order for the plaintiffs to prevail, the evidence that supports their claim must appeal to you as more nearly representing the truth than the evidence opposed to their claim.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of defendant.  It is only if the evidence favoring the plaintiffs' claim outweighs the evidence opposed to it that you can find in favor of the plaintiffs.

F.  INFERENCES

During these instructions, you have heard me used the term "inference," and in the lawyers' arguments, they may have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a fact exists on the basis of another fact that you know exists.  There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiffs ask you to draw one set of inferences, while defendant asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted, but not required to draw, from the facts that have been established by direct or circumstantial evidence.

G.  ADVERSE INFERENCE

Before a case goes to trial, the litigants go through a process called "discovery."  In that process, each party is required to turn over documents in their possession that are relevant to the other side's case, as well as have witnesses answer questions posed by the other party. Nevertheless, the defendant refused to provide certain documents that the plaintiffs requested and to permit their witnesses to answer questions during depositions.

Accordingly, based on this refusal, you may, but are not required to, infer:

(1) that defendant provided financial services to Hamas, and to individuals affiliated with Hamas;

(2) that defendant processed and distributed payments on behalf of the Saudi Committee to terrorists, including those affiliated with Hamas, their relatives, or representatives; and

(3) that defendant did these acts knowingly.

Because the bank made a complete production of the account records of Osama Hamdan, it is entitled to rely on the files it produced with respect to its state of mind as to that account.

H.  EXISTENCE OF INFERENCE AGAINST DEFENDANT DOES NOT SHIFT BURDEN OF PROOF

The mere existence of an inference against the defendant does not, by itself, relieve the plaintiffs of the burden of establishing their case by a preponderance of the evidence. If the plaintiffs are to obtain a verdict, you must still find from the credible evidence that they have sustained the burden cast upon them. If plaintiffs have failed, then your verdict must be for the defendant. If you should find that all of the evidence is evenly balanced, then the plaintiffs have failed to sustain the burden of proof and your verdict should be for the defendant. If and only if

you determine, after carefully weighing all the evidence, that the facts favor the plaintiffs by the standard I have articulated, then they have met the burden of proof.

## PART II: THE LEGAL ELEMENTS

I will now turn to the second part of my instructions.  In this part, I will instruct you as to the legal elements of the plaintiffs' claims.

### A. ACTING "KNOWINGLY"

Because plaintiffs' claims implicate the concepts of knowledge and intent, I will discuss these concepts before addressing the elements of those claims.  You should consider the term "knowingly" to have the definition I am about to give wherever it is mentioned in these instructions.

A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether defendant acted knowingly may be proven by its conduct and by all of the facts and circumstances surrounding the case.

One way in which plaintiffs can prove that defendant acted knowingly is by proving that defendant deliberately closed its eyes to a fact that otherwise would have been obvious to it.  In order to infer that defendant deliberately closed its eyes to a fact, you must find that two things have been established.  First, that defendant was aware of a high probability of the fact in question.  Second, that defendant consciously and deliberately avoided learning of that fact.  That is to say, defendant willfully made itself blind to that fact.  It is entirely up to you to determine whether defendant deliberately closed its eyes to the fact, and if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant.

B.  <u>THE ELEMENTS OF A CLAIM UNDER 18 U.S.C. § 2333(a) AND 18 U.S.C. §2339B(a)(1)</u>

*i)  18 U.S.C. § 2333(a)*

The law to be applied to the plaintiffs' claims is the federal Anti-Terrorism Act, 18 U.S.C. § 2333(a), which provides a remedy for individuals who allege they have suffered injury to their person, property, or business by reason of an act of international terrorism.  As part of their claims, plaintiffs must prove that the attacks in which they were allegedly injured were acts of international terrorism.  Here, the parties have stipulated that each of the 24 attacks at issue were acts of international terrorism within the meaning of this statute.  Therefore, I instruct you to find that plaintiffs have satisfied this element of their claim.

Plaintiffs must also prove that defendant committed an act of international terrorism. Plaintiffs allege that defendant committed an act of international terrorism by violating 18 U.S.C. § 2339B.  A violation of 18 U.S.C. § 2339B is itself an act of international terrorism.  Therefore, I instruct you that, as a matter of law, if you find that plaintiffs have proved by a preponderance of the evidence that defendant violated 18 U.S.C. § 2339B, you must find that plaintiffs have proved that defendant committed an act of international terrorism.

*ii)  18 U.S.C. § 2339B*

Plaintiffs allege that defendant violated 18 U.S.C. § 2339B by knowingly providing material support to a foreign terrorist organization.  To prove this portion of their claim, plaintiffs must establish the following elements by a preponderance of the evidence:

<u>First</u>, that the defendant provided material support or resources.  For the purposes of this case, the term "material support or resources" means any property, tangible or intangible, or

15

service, including currency, monetary instruments, financial securities, or financial services.  If you should find by a preponderance of the evidence that defendant provided support or resources in any of these forms, plaintiffs' burden with respect to the first element is met.

Second, that the defendant provided this support or these resources to a foreign terrorist organization, specifically Hamas.  I instruct you as a matter of law that Hamas has been designated a foreign terrorist organization by the United States Secretary of State, and was so designated by the Secretary on October 8, 1997.  Consequently, if you find by a preponderance of the evidence that the defendant provided any of the types of "material support or resources" I have just described to Hamas, or furnished it to any person acting on behalf of Hamas, plaintiffs' burden with respect to this element has been met.

You should find that defendant provided material support or resources to Hamas if you find that the person or entity to which the defendant provided the support or resources was operating under Hamas's direction or control or if that person or entity was organizing, managing, supervising, or otherwise directing the operation of Hamas's personnel or resources. Conversely, if plaintiffs do not prove that the person or entity to which the defendant provided the support or resources was operating under Hamas's direction or control or that the person or entity was organizing, managing, supervising, or otherwise directing the operation of Hamas's personnel or resources, then you should find that defendant did not provide material support or resources to Hamas.

Third, that in providing material support or resources to a foreign terrorist organization, the defendant did so knowingly.  I previously explained to you the definition of "knowingly", and you'll follow those instructions here.  For this element to be satisfied, plaintiffs must prove by a preponderance of the evidence that the defendant knew that it was providing material

support to Hamas, and that defendant also knew

(1) that Hamas had been designated by the Secretary of State as a "foreign terrorist organization," or

(2) that Hamas engaged in "terrorist activity," or

(3) that Hamas engaged in "terrorism."

I have already explained to you that Hamas was designated as foreign terrorist organization by the U.S. Secretary of State. If you find that the defendant knew that it was providing material support to Hamas, and knew that Hamas was designated as a foreign terrorist organization, plaintiffs' burden with respect to this element is met.

Alternatively, if you find that defendant knew that it was providing material support to Hamas, and knew that Hamas engaged in "terrorist activity," plaintiffs' burden with respect to this element is met. The term "terrorist activity" includes hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance; seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or not do some act; a violent attack upon an internationally protected person, including employees and officials of governments or international organizations; assassination; the use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger the safety of one or more individuals or to cause substantial damage to property.

As a further alternative, if you find that defendant knew that it was providing material support to Hamas, and knew that Hamas engaged in "terrorism," plaintiffs' burden with respect to this element is met. The term "terrorism" means premeditated, politically motivated violence

against noncombatant targets by sub-national groups or clandestine agents.

       *iii) Proximate Cause*

       If you find that defendant violated 18 U.S.C. § 2339B by knowingly providing material support or resources to Hamas, you must then consider whether the provision of that material support or those resources proximately caused plaintiffs' injuries.

       To show this, plaintiffs must show that defendant's unlawful acts were a substantial factor in the sequence of events responsible for causing plaintiffs' injuries and that plaintiffs' injuries were reasonably foreseeable or anticipated as a natural consequence of such acts.

       An injury is proximately caused by unlawful activity only when the activity, directly and in natural and continuous sequence produces, or contributes substantially to producing, such injury.  In other words, the unlawful activity at issue must be a direct, substantial, and identifiable cause of the injury that plaintiffs claim.  Activities that are too remote, too indirect, or too attenuated are insufficient.

       Plaintiffs are not required to prove that defendant's alleged unlawful acts were the sole cause of their injuries; nor do plaintiffs need to eliminate all other possible causes of injury.  It is enough if plaintiffs have proved that defendant's acts substantially contributed to their injury, even though other factors may have also significantly contributed as well.

       I further instruct you that if you find that plaintiffs have not proven that it is more likely than not that Hamas committed a particular attack, you must also find that defendant's acts did not proximately cause plaintiffs' injuries from that attack.

    C. <u>EACH TERRORIST ATTACK TO BE CONSIDERED SEPARATELY</u>

       In this trial plaintiffs claim that they were injured by 24 separate terrorist attacks

allegedly carried out by Hamas.  You must consider each of these attacks separately.  To establish defendant's liability for any specific attack, plaintiffs must prove the elements of liability that I have just explained to you with regard to that specific terrorist attack.  That is, for each attack, plaintiffs must prove that Hamas committed the attack, that defendant knowingly provided material support to Hamas, and that defendant's unlawful acts proximately caused plaintiffs' injuries from that attack.

Proof of liability relating to one alleged terrorist attack does not automatically constitute proof of liability relating to any other alleged terrorist attack.  You must consider each of the 24 attacks separately.

Similarly, evidence that might be relevant to one attack might not be relevant to others. In considering whether a particular item of evidence is relevant to a particular attack, you should use your common sense.  Evidence of events or actions that are occurred long before or long after a particular terrorist attack may not be relevant to that attack.

D.  CORPORATION'S RESPONSIBILITY FOR ACTS OF ITS AGENTS

A corporation is a legal entity that may act only through its agents.  The agents of a corporation are its officers, directors, employees, and certain others who are authorized by the corporation to act for it.   In order for plaintiffs to sustain their burden of proof for their claims against defendant, plaintiffs must prove by a preponderance of the evidence that the elements required for liability that I explained to you in these instructions were committed by an officer, director, employee, or agent of the corporation.

The law holds a corporation responsible for all unlawful acts of its directors, or officers, or employees, or other agents, provided the unlawful acts are done within the scope of their

authority, as would usually be the case if done in the ordinary course of their employment, or in the ordinary course of the corporation's business.

Authority to act for a corporation in a particular matter, or in a particular way or manner, may be inferred from the surrounding facts and circumstances shown by the evidence in the case. Authority to act for a corporation, like any other fact in issue in a civil case, need not be established by direct evidence, but may be established by indirect or circumstantial evidence.

E. POLICIES AND PROCEDURES; INDUSTRY STANDARDS AND PRACTICES

You have heard evidence concerning defendant's policies and procedures, and banking industry standards and practices. You may consider this evidence in deciding whether defendant acted knowingly. A defendant who violates an industry standard is not necessarily liable under the Anti-Terrorism Act, if the defendant did not knowingly provide material support to a foreign terrorist organization, as I have already defined those terms for you. Conversely, compliance with industry standards does not necessarily shield a defendant who knowingly provides material support to a foreign terrorist organization. However, I instruct you that you are only to consider evidence concerning defendant's policies and procedures, or compliance with banking industry standards and practices, with regard to its mental state regarding the account for which it produced complete records, namely, the Beirut account of Osama Hamdan.

F. FOREIGN LAW

At times during this trial, you have heard references to the laws of foreign nations, including Israel, Palestine, Jordan, Lebanon, and others. You are not to consider whether any conduct was illegal or legal under the law of any other nation. You are to concern yourself solely with the laws of the United States that I have described in these instructions.

## PART III: GENERAL REMARKS REGARDING DELIBERATION

### A.  DUTY TO CONSULT & NEED FOR UNANIMITY

Now that I have outlined for you the rules of law applicable to the allegations in this case and the processes by which you should weigh the evidence and determine the facts, I will give you some guidance for use in your deliberations.

You are about to go into the jury room and begin your deliberations.  Your function, to reach a fair conclusion from the law and the evidence, is an important one.  Your verdict must be unanimous.  That is, all of you must ultimately reach the same conclusion.

Each juror is entitled to his or her opinion; each should, however, exchange views with their fellow jurors.  That is the very purpose of jury deliberation – to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence – if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration of the evidence in this case with your fellow jurors.  You should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.  However, if, after carefully considering all of the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.  Your final vote must reflect your conscientious conviction as to how the issues should be decided.

## J.   COMMUNICATIONS WITH THE COURT

No member of the jury should attempt to communicate with me or with any court personnel by any means other than a signed writing.  All communication should be in writing, signed by your foreperson, who I will appoint, and given to one of the marshals.  I will respond to any questions or requests you have as promptly as possible, either in writing, or by having you return to the courtroom, so I can speak with you in person.  In any event, do not tell me or anyone else, not even in open court, how the jury stands, numerically or otherwise, on the issue of defendant's liability until after a unanimous verdict is reached.  I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

## K.   RIGHT TO SEE EXHIBITS & HEAR TESTIMONY

All exhibits admitted in evidence will be made available to you in the jury room.  If you find you need to have a portion of the testimony read back to you, that can be done.  However, please remember that it is not always easy to locate what you might want, so please be as specific as you possibly can in requesting portions of testimony that you may want to review.

When you have reached a verdict, please send a note signed by your foreperson, whom I am going to appoint, that you have reached a verdict.  Do not indicate in the note what the verdict is.  I have prepared a verdict form that you will have with you in the jury room, but do not send that out with the note saying you have reached a verdict.  The verdict form contains questions, and the answers to those questions will constitute your verdict.  After the questions are completed, the foreperson should sign and date the verdict form and bring it into the courtroom with you when I call you back to deliver your verdict.  You may not infer from the fact that

questions are submitted to you or from the wording of the questions, or from anything that I have said or say in instructing you concerning the questions, that it is the Court's view that your answer to any of the questions should be one way or the other.

***

Your oath sums up your duty – and that is – you will, without fear or favor to any persons, conscientiously and truly try the issues before you according to the evidence given to you in court under the law.