# Exhibit A

**MotleyRice**
ATTORNEYS AT LAW LLC

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000   f. 843.216.9450

**Michael E. Elsner, Esq.**
*Licensed in NY, SC, VA*
direct:  843.216.9250
melsner@motleyrice.com

October 17, 2014

**VIA ELECTRONIC MAIL**

Shand S. Stephens, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020

      Re:    *Linde v. Arab Bank, PLC*, 04 Civ. 2799 (BMC) (VVP) and related Cases

            **Damages Trial**

Dear Shand:

      In an effort to increase the productivity of our scheduled November 7, 2014 conference before Judge Cogan, we are writing to you in order to suggest ways the parties can potentially streamline the damages phase of this case, save the parties as much time and expenses as possible, and conserve judicial resources. Below, and for discussion purposes, we set forth certain data points and proposals regarding the anticipated jury trial on damages for your consideration; we are, of course, happy and prepared to fairly evaluate alternatives to our proposals, and your comments to the framework below.

      We would propose certain steps to streamline the process. With respect to further damages-related discovery, from Plaintiffs' standpoint, Arab Bank has had more than 10 years to undertake damages discovery and has waived any rights it may have had to further discovery on these issues. The Bank has had Plaintiff Profile Forms in hand for years (indeed, defense counsel originally advised that PPFs likely obviated the need to depose most individual Plaintiffs, but then withdrew that representation) and the Bank has, for nearly a decade, received the Plaintiffs' medical records and damages-related discovery documents on a rolling basis. That said, and without waiver of our right to object to any further discovery proposed by the Bank, Plaintiffs do not take an absolutist position on this issue, and we are prepared to engage with you on a number of issues. We initially note the following data points relevant to the damages phase:

- To date, Arab Bank has deposed **107** of the plaintiffs whose liability-side claims were the subject of the verdict.

Case 1:04-cv-02799-BMC-VVP   Document 1177-1   Filed 10/31/14   Page 3 of 11 PageID #: 86310



Letter to Shand Stephens, Esq.
October 17, 2014
Page 2 of 4

- To date, Arab Bank has received agreed upon Plaintiff Profile Forms for **187** of the plaintiffs whose liability-side claims were the subject of the verdict.

- To date, Arab Bank has undertaken no Rule 35 medical exams for any of the injured plaintiffs whose liability-side claims were the subject of the verdict.

- To date Arab Bank has not sought to depose any plaintiffs' treating physician.

Our trial proposal, reflecting the data points above, is as follows:

a. Any retained expert reports, or Rule 26(a)(2)(C) disclosures submitted by either side will be exchanged within 120 days.

b. Neither side's damages experts will be deposed before trial, aside from those identified below in d., to the extent they are identified as expert witnesses.

c. Plaintiffs will identify all treating physicians likely to testify at trial within 60 days.

d. Defendant will depose all identified treating physicians likely to testify at trial within 105 days in the city in which they practice medicine.

e. Plaintiffs will identify any additional fact witnesses to testify at trial within 30 days and make them available for deposition in New York within 45 days.

f. At trial, each of the 24 attacks will be presented serially with all plaintiffs whose injuries resulted from a particular attack presenting their respective damages evidence grouped by attack. At the outset of trial prior to presenting evidence on the first attack, to avoid duplication and unnecessarily prolonging the length of trial, the parties may offer expert testimony on damages issues impacting most Plaintiffs, including but not limited to such issues as the symptoms of PTSD and severe trauma, following an attack and possibly other general pain and suffering elements.



Letter to Shand Stephens, Esq.
October 17, 2014
Page 3 of 4

      g. After each the evidence for each attack is presented by Plaintiffs, Defendant will put on its case for that attack and the jury will receive its charge, deliberate and complete a verdict form for all claims relating to the attack presented – until all 24 attacks are presented and 24 verdict forms are returned.

The exchange dates for expert reports, Rule 26(a)(2)(C) disclosures, and date range for depositions of treating physicians and any other fact witnesses will of course be adjusted – depending on when the Court sets the date for jury selection.

Lastly, Plaintiffs also request under this proposal that Defendant stipulate to the authenticity of several categories of records likely to be offered at trial to obviate the need to present testimony on that subject. These include:

1. Police records
2. Medical Records
3. School, Wage and Employment Records
4. Forensic Examiner's Records

In order to provide the parties sufficient time to discuss the within proposal, or alternative proposals by Defendant, and to provide the Court with adequate notice of the parties' views before the November 7, 2014 conference, we ask that you provide us an initial response to the framework above no later than October 24th.[1]

Sincerely,

Michael Elsner

---

[1] As an additional alternative, Plaintiffs are open to discussing the appointment of Special Masters pursuant to Fed. R. Civ. P. 53. For your consideration in this regard, and purely by way of example, we attach as Exhibit A an Order Adopting an Administrative Plan that the Hon. John Bates, U.S.D.J, entered recently in the *Owens v. Republic of Sudan* cases in the District of Columbia. In this regard our consideration contemplates that the Special Masters arrive at damages awards based on metrics available in analogous cases (such as those cited in Exhibit A), which would aid in streamlining and reducing the need to present extensive evidence regarding the specifics of an attack's impact. Furthermore, given that Special Masters can evaluate personal injury data more quickly and efficiently, it can reduce or possibly eliminate the need for live testimony.



Letter to Shand Stephens, Esq.
October 17, 2014
Page 4 of 4


Attach.

cc:  All Counsel

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES OWENS, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **REPUBLIC OF SUDAN, et al.,** <br><br> Defendants. | Civil Action No. 01-2244 (JDB) |
| **WINFRED WAIRIMU WAMAI, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **REPUBLIC OF SUDAN, et al.,** <br><br> Defendants. | Civil Action No.   08-1349 (JDB) |
| **MILLY MIKALI AMDUSO, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **REPUBLIC OF SUDAN, et al.,** <br><br> Defendants. | Civil Action No.   08-1361 (JDB) |
| **JUDITH ABASI MWILA, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **THE ISLAMIC REPUBLIC OF IRAN, et al.,** <br><br> Defendants. | Civil Action No.   08-1377 (JDB) |

1

| | |
|---|---|
| **MARY ONSONGO, et al.,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**REPUBLIC OF SUDAN, et al.,**<br><br>　　Defendants. | **Civil Action No.   08-1380 (JDB)** |
| **RIZWAN KHALIQ, et al.,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**REPUBLIC OF SUDAN, et al.,**<br><br>　　Defendants. | **Civil Action No. 10-0356 (JDB)** |

## ORDER ADOPTING ADMINISTRATIVE PLAN

On August 7, 1998, the United States embassies in Nairobi, Kenya and Dar es Salaam, Tanzania were devastated by simultaneous suicide bombings that killed hundreds of people and injured over a thousand. Plaintiff are victims of the bombings and their families. On November 30, 2011, this Court found that the defendants were responsible for supporting, funding, and otherwise carrying out this unconscionable act and therefore are liable to the plaintiffs pursuant to the Foreign Sovereign Immunities Act ("FSIA"). See Owens v. Republic of Sudan, Nos. 01-2244, 08-1349, 08-1361, 08-1377, 08-1380, 10-0356, slip op. at 6-27 (D.D.C. Nov. 30, 2011). The Court held that it has subject matter jurisdiction under the FSIA pursuant to 28 U.S.C. § 1605A(a)(2)(A)(ii). Id. at 29-31. Plaintiffs who are U.S. nationals, members of the U.S. armed forces, U.S. government employees or contractors, or a legal representative of such a person have a federal cause of action arising under 28 U.S.C. § 1605A(c). The Court concluded that the

2

plaintiffs who are family members of individuals covered under 28 U.SC. § 1605A(c) lack a federal cause of action under the FSIA but may proceed under applicable state law. Id. at 39. The Court further found that the law of the District of Columbia should apply to plaintiffs' claims that do not arise under a federal cause of action. Id. at 45.

Pursuant to 28 U.S.C. § 1605A(e)(1) and Federal Rule of Civil Procedure 53(a), Special Masters will be appointed by the Court to consider all issues relating to compensatory damages for each plaintiff's claims. Punitive damages, if any, shall be assessed by the Court. The following plan shall govern all proceedings regarding determination of damages by the Special Masters.

1. Qualifications

Each person appointed as a Special Master of this Court under this plan shall be a member of the bar of the highest court of a state of the United States or of the District of Columbia and shall have not less than five years of experience as a practicing attorney or as a judge of a court of any state, the District of Columbia, or the United States. Such person shall not be related to any party or counsel appearing in this action, nor have any financial or other interest that would create a conflict of interest.

2. Appointment

Counsel for the plaintiffs shall be responsible for providing the names, curriculum vitae, and a written, signed statement indicating that this plan has been read by and will be followed by each person known to be interested in appointment as a Special Master in this action. This information shall be provided prior to the date of entry of this Order or in any event no later than 30 days after the date of entry. Appointment shall be conditioned upon adherence to this plan.

3. Compensation

Payment of the Special Masters is contingent upon the provision of funding from public or

private sources to the United States District Court for the District of Columbia. If funding is received from any non-governmental source, the amounts so obtained shall be deposited in the registry of the Court to be disbursed pursuant to an order of this Court. Each Special Master shall be paid $1,000 per day and shall be reimbursed for all reasonable expenses incurred in the performance of the duties herein described, upon submitting to the Court a voucher indicating such expenses. Where less than a full work day is expended by any Special Master in performance of duties under this plan, the voucher shall indicate the portion of the day worked. Where less than a full work day but more than one-half of a work day is expended, the Special Master shall be paid $1000 for that day. Where less than one-half of a work day is expended, the Special Master shall be paid $500 for that day. Additional expenses beyond meals, lodging, and transportation shall not exceed $300 per day. Should any question as to expenses arise, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business-related shall be paid. Time spent by a Special Master reviewing legal issues relating to damages shall be compensable in accordance with this paragraph.

4. <u>Issues</u>

The Special Masters appointed under this plan shall consider all issues relating to compensatory damages as to each claim made by plaintiffs. They are to be guided as to the admissibility of evidence by the Federal Rules of Evidence. However, it shall not be necessary for documents to be qualified as genuine pursuant to Federal Rule of Evidence 901. Authentication may be made by any counsel's representation that a proferred document is genuine and is an accurate copy of what counsel proffers it to be.

The Special Masters shall assess compensatory damage claims pursuant to the applicable

4

federal or District of Columbia cause of action. Depending on the applicable cause of action, plaintiffs' claims may or may not include (and may or may not be limited to) assault, battery, and intentional infliction of emotional distress. The Special Masters shall be guided in reviewing and evaluating damage claims by the provisions of 28 U.S.C. § 1605A, by the decisions of this Court in the cases joined here for liability issues (including the Court's ruling of November 28, 2011), by this Court's decision in Dammarell v. Islamic Republic of Iran, 404 F. Supp. 2d 261 (D.D.C. 2005), by Chief Judge Lamberth's decisions in Flatow v. Islamic Republic of Iran, 999 F. Supp. 1 (D.D.C. 1998), Eisenfeld v. Islamic Republic of Iran, 172 F. Supp. 2d 1 (D.D.C. 2000), Jenco v. Islamic Republic of Iran, 154 F. Supp. 2d 27 (D.D.C. 2001), Peterson v. Islamic Republic of Iran, 515 F. Supp. 2d 25 (D.D.C. 2007), Valore v. Islamic Republic of Iran, 700 F. Supp. 2d 52 (D.D.C. 2010), and Estate of Bland v. Islamic Republic of Iran, 2011 WL 6396527 (D.D.C. 2011), and by any further orders as may be entered by the Court.

With respect to damage awards for wrongful death, the Court notes that that manner of death has influenced the size of damage awards. See Peterson, 515 F. Supp 2d at 53-54. The Special Masters shall be guided by the damage awards set out in Peterson. With respect to damage awards for physical injury, the Special Masters shall be guided by the damage awards set out in Dammarell, 404 F. Supp 2d at 276, 290, 295, 307, 313, 323. With respect to damage awards for solatium (emotional damages), the Special Masters shall be guided by the damage awards set out in Dammarell, id. at 303, 310, 323.

5. Powers

Each Special Master shall have all the powers set forth in Federal Civil Rule 53(c), including, but not limited to, the power to compel production of evidence and to administer oaths. Testimony may be recorded by electronic means and the electronic copy, clearly identified as to

5

the participating parties, shall be turned over to plaintiffs' counsel, who shall preserve it for the Court.

6. Reports

Each Special Master shall submit a report to the Court containing findings of fact and conclusions of law regarding compensatory damages as to each claim referred to him. The report shall contain an evaluation of each item of damages. For each item, the special master must specify which cause of action entitles the plaintiff to his or her damages. The findings of fact and conclusions of law for claims for solatium should be included in the report containing the claim arising from the physical injury that gave rise to the claim for solatium.

7. Costs

The amounts paid from the registry of this Court as compensation and expenses to Special Masters on any claim pursuant to this Plan shall be repaid to the registry of this Court from any amounts received in payment of any judgment entered on behalf of a party to a claim. Upon application by that party, all such amounts of reimbursement paid to the registry shall be taxed upon the defendant or defendants found liable.

**SO ORDERED.**

                                                /s/

                                JOHN D. BATES
                        United States District Judge

Dated: February 27, 2012