# EXHIBIT A
# PLAINTIFFS' PROPOSALS

*Summary*

The Plaintiffs submit two separate but complementary proposals with the goal of meeting the Court's stated goal of holding a trial in late April or May that affords Defendant the ability to complete discovery within four months. As explained in greater detail below, the *Linde/Almog* Plaintiffs propose two (2) staggered damages trials and concurrent completion (by December 2015) of damages discovery for all claims associated with the 24 Hamas attacks that were adjudicated in the first liability trial. The first trial would adjudicate damages awards arising from five (5) specific attacks, and the second trial would resolve damages arising from four (4) further attacks. *Litle* counsel propose a first trial on the same timeline but, as set forth below, urge the inclusion of the Café Hillel bombing to be adjudicated in the first trial.

Plaintiffs respectfully submit that our proposals can achieve two vital goals with the greatest possible efficiency, namely:

1.  creating sufficient jury damages (both wrongful death and injuries ranging from PTSD to catastrophic physical injuries) that can be used by the parties if the Second Circuit affirms the jury's liability verdict; and

2.  insuring that damages discovery is completed for *all* Plaintiffs impacted by the jury's liability verdict.

In Plaintiffs' view, these goals are especially critical because the claims in this case do not qualify for Rule 54(b) certification. While that issue is not presently before the Court, it does impact the parties' approach to trial management issues. For example, one of Defendant's proposals is to proceed with a trial for one victim of the Park Hotel bombing, presumably believing that the verdict would warrant Rule 54(b) certification and lead to an expedited appeal. The claims of the various Park Hotel victims are not, however, separable. "Claims are normally treated as separable ... if they involve at least some different questions of fact and law and could be separately enforced, or if different sorts of relief are sought." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 21 (2d Cir.1997). That would clearly not be the case here.

Moreover, even an initial trial for all Park Hotel victims (to use but one example), would not present the Second Circuit with a judgment that would bind either party as to the other 23 attacks and therefore qualify as being "in the interest of sound judicial administration" as courts in this Circuit have used the term. Most of the Bank's claimed trial errors arguments are inherently attack-specific and cannot be resolved through an appeal of one claim or even one attack.[1] Therefore, the Plaintiffs' proposals detailed below establish a process that would ultimately result in a damages award for each victim.

---

[1] Although the Court has considerable discretion on this issue, the Supreme Court has described the considerations involved in permitting Rule 54(b) certification to include "whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, (1980) (quoting *Sears Roebuck,*

Exhibit A
**Plaintiffs' Submission to the Hon. Brian M. Cogan**
**December 5, 2014**
**Page 2 of 8**


### The *Linde/Almog* Plaintiffs' Proposal

### Summary

The *Linde/Almog* Plaintiffs' proposal would begin with an initial 4 week damages trial to adjudicate the damages for **38 Plaintiffs** whose claims arise from the 5 attacks listed below, thus resulting in meaningful bellwethers for a range of wrongful death, PTSD and moderate physical injury claims. The second 4 week damages trial would adjudicate the damages for **28 plaintiffs** whose claims arise from 4 additional attacks (under a schedule that affords the Bank additional time to complete discovery for those attacks), and will thus provide further damage metrics and bellwethers for a variety of physical injury claims (including spinal injuries, gunshot wounds, and severe shrapnel injuries). The two trials would together address approximately 20% of the Plaintiffs' claims. Lastly, our proposal would result in the Court entering a schedule wherein the parties commit to completing *all* further damages-related discovery by December 1, 2015, as proposed by Defendant in its November 4, 2014 letter to the Court (*Linde* ECF No. 1178).

The *Linde/Almog* Plaintiffs' proposal below reflects our best efforts to present the Court with a detailed proposal, and also reflects our attempt to provide Your Honor:

- sufficient metrics regarding discovery not yet completed for each of the nine (9) attacks;

- the type and scope of damages sought and the likely form of evidence that will be presented at trial.

Although the *Linde/Almog* Plaintiffs respectfully submit that our proposal[2] represents the best, achievable, efficient damages framework in light of the Court's guidance at the November 7, 2014 status conference and the goals articulated above, we are mindful of the Court's calendar and the multiplicity of factors that must be considered. We therefore respectfully submit that *any* subset of attacks' damages awards proposed for the first trial (that includes Plaintiffs from *each* of the three Plaintiffs groups) can also be adjudicated beginning in late April or early May.

While we are confident that discovery can be fully completed in four months for all five attacks and those five afford a representative sample of damages to establish appropriate future benchmarks, even a smaller subset within that grouping is preferable to any further delay in reaching trial. We do, however, maintain that that it is ultimately vital to the interests of justice as well as judicial efficiency to establish a broad range of bellwethers that would increase the

---

351 U.S. at 435, 437, 438, 76 S.Ct. 895). Plaintiffs' concern is that any piecemeal certification would ultimately lead to serial appeals – particularly in light of the procedural history of this litigation.

[2]   As noted below, the *Litle* Plaintiffs propose that the Court order that the first trial include adjudicating damages awards for claims arising from the September 9, 2003 Café Hillel bombing, and also damages for claims arising from the March 5, 2003 Bus No. 37 bombing. The *Linde/Almog* Plaintiffs' proposal herein includes the Bus 37 attack in their list of prospective attacks to be tried this year.

**Exhibit A**
**Plaintiffs' Submission to the Hon. Brian M. Cogan**
**December 5, 2014**
**Page 3 of 8**

likelihood that the remaining claims could, by consent, be resolved through a Special Master process.

### *Linde/Almog* Plaintiffs' Proposed First Damages Trial

For an initial damages jury trial commencing in late April 2015, the *Linde/Almog* Plaintiffs propose that damages claims arising from the following five (5) attacks be adjudicated (and that the Court enter a Pre-trial Scheduling Order establishing deadlines for fact and expert damages discovery, as well as processes for expediting resolution of any discovery disputes within the established time period):

1. December 12, 2001 – Bus No. 189 attack (*Almog*/*Afriat-Kurtzer* Plaintiffs only);

2. March 27, 2002 – Park Hotel suicide bombing (All Plaintiff Groups);

3. May 7, 2002 – Sheffield Club bombing (*Linde/Almog* Plaintiff Groups);

4. June 18, 2002 – Bus No. 32-A suicide bombing (*Linde/Litle* Plaintiffs Groups); and

5. July 31, 2002 – Hebrew University cafeteria bombing (*Linde/Litle* Plaintiffs Groups).

More specific information regarding the discovery posture for these attacks is set forth below, and the particulars concerning the Plaintiffs' identities, injuries, discovery status, and anticipated expert testimony is set forth in Exhibit A-1 (attached). The *Linde/Almog* Plaintiffs request that the Court schedule claims from these 5 attacks for a first trial commencing in late April 2015 not only because they include claims for *all* Plaintiffs Groups, but also because our review concluded:

- Attack No.1 (Bus No. 189) involves one personal injury claim in which the victim was diagnosed with Post-Traumatic Stress Disorder (PTSD), and four of his family members are seeking damages for derivative injuries. The victim has been deposed, and we do not object to his submitting to a Rule 35 exam. His four family members who are also Plaintiffs have not been deposed (a few of them are minors). We have identified the victim's four treating physicians and will provide their available contact information to the Bank. The other Plaintiff (Avraham Eichental) asserting a claim for this attack has not been deposed. Unlike the other attacks, Attack No. 1 involves a PTSD claim, rather than a wrongful death claim, and thus can establish a helpful, relevant benchmark for future, similar, injuries.

- Attacks Nos. 2-5 are limited to wrongful death claims and/or a limited number of derivative claims for surviving family members arising from a wrongful death. Adjudicating the claims for these 4 attacks provides the Court and parties a useful

**Exhibit A**
**Plaintiffs' Submission to the Hon. Brian M. Cogan**
December 5, 2014
Page 4 of 8

array of metrics that can be considered with respect to claims that arise or are derived from wrongful deaths. Very minimal additional discovery should be necessary for each of these attacks.

- For the claims arising from deaths resulting from Attacks Nos. 2-5, as <u>Exhibit A-1</u> indicates, only **8** Plaintiffs have not yet been deposed. Plaintiffs will agree to make all of these Plaintiffs available for deposition between now and January 31, 2015.

- Plaintiffs presently believe that **7** Plaintiffs (including estates of **5** decedents) will be asserting economic losses that may require an expert report from a (single) trained economist.

Hence, as <u>Exhibit A-1</u> demonstrates, the *Linde/Almog* Plaintiffs' proposal requires no more than **12** client depositions, **one** Fed. R. Civ. P. 35 examination,[3] **3** medical experts, **one** economics expert (each of whom would submit expert reports) and an additional **3-5** fact witnesses who have not been deposed by Defendant (all of whom would be identified to the Bank before December 31st). The *Linde/Almog* Plaintiffs submit that all of the necessary discovery can be easily completed within the 4-month time-frame the Court described at the November 7 Conference. We estimate that completing a trial of damages claims arising from these five attacks would take approximately 4 weeks, because four of the five attacks solely involve deaths not requiring extensive medical expert testimony or introduction of extensive medical records. Resolving these claims also does not require trial testimony from more than 6-8 eyewitnesses in total. We also submit that if the Court implements certain streamlining techniques described below efficiency will be enhanced even further without any prejudice to Defendant.

### *Linde/Almog* Plaintiffs' Proposed Second Damages Trial

Subject to the Court's schedule, and applying the streamlining techniques described below, the *Linde/Almog* Plaintiffs propose that the Court also schedule a second damages trial (commencing sometime in August 2015) that adjudicates all damages claims for the following **four** attacks (and also request that the Court enter an additional Pre-trial Scheduling Order imposing deadlines for fact and expert damages discovery):

---

[3] However, we reserve the right to contest Rule 35 exams for other Plaintiffs. We not believe the Bank has, or can establish, good cause for Rule 35 medical examinations of Plaintiffs not physically injured or claiming PTSD; the fact that Plaintiffs are pursuing recovery for consortium or solatium damages does not, *per se*, constitute good cause. *See Jackson v. U.S. Kids Golf, LLC*, 2008 WL 2078777, at *1 (E.D. Tex. May 15, 2008) (denying defendant's Rule 35 examination request; defendant failed to establish good cause for exam based on fact that plaintiff was seeking recovery for loss of consortium and mental anguish, and failed to demonstrate why plaintiffs' deposition testimony and previously –produced records were insufficient). To the extent Defendant maintains that it is entitled generally to conduct Rule 35 exams, the Court's Order should also provide a similar process to rapidly resolve any disputes.

**Exhibit A**
**Plaintiffs' Submission to the Hon. Brian M. Cogan**
**December 5, 2014**
**Page 5 of 8**

      1.      March 10, 2002 – Café Moment suicide bombing (*Almog/Afriat-Kurtzer* Plaintiffs only);

      2.      March 5, 2003 – Bus No. 37 suicide bombing (*Litle/Almog/Afriat-Kurtzer* Plaintiff Groups);

      3.      May 18, 2003 – Bus No. 6 suicide bombing (*Linde/Almog/Afriat-Kurtzer* Plaintiff Groups); and

      4.      June 20, 2003 – Road 60 shooting attack (*Linde* Plaintiffs only).

Specific details regarding the Plaintiffs, injuries, discovery status, and anticipated expert testimony for this second trial are set forth in attached Exhibit A-2. The *Linde/Almog* Plaintiffs' proposed second trial requires no more than **11** additional client depositions, **3** Rule 35 examinations, **5** medical experts and **one** economics expert (all of whom would issue expert reports) and an additional **3-5** fact witnesses who have not been deposed by Defendant. We estimate that completing a trial adjudicating damages claims arising from these four attacks would, take approximately 4 weeks. Only one of the four attacks involves solely deaths. The other three would require 4-5 medical experts and more extensive medical records. They would, however, likely require trial testimony from no more than 10 fact witnesses (including treating physicians).

Once a jury sets parameters for the full range of damages in these two initial trials, the parties may decide to revisit the possibility of utilizing Special Masters with the benefit of the metrics arrived at based on these contested proceedings.

Exhibit A
**Plaintiffs' Submission to the Hon. Brian M. Cogan**
**December 5, 2014**
**Page 6 of 8**

### *The Litle/Bennett/Roth* **Plaintiffs' Proposal**

The *Litle* plaintiffs believe an efficient discovery and pretrial process will permit a jury to award damages for several families in a three-week trial in April 2015. There is ample time for the Bank to take the reasonable discovery in the cases being proposed by the Plaintiffs. The *Litle* Plaintiffs request the Court include one or more cases from each of the three Plaintiffs groups. Doing so will not foreclose a manageable trial in April or May and it will be a fair approach to the management of a complex matter.

The *Litle* Plaintiffs do not agree with the Bank's position that no trial is necessary and that there should be mediation regarding parameters for a Special Master. We have stated that our clients will not waive their right to a jury trial and consent to determinations by a Master. Nor do we agree that the three cases nominated by the Bank are representative or appropriate for trial at this time. Each of the three cases concern attacks that also injured or killed other Plaintiffs who received a liability verdict. Piecemealing Plaintiffs from attacks is inefficient and would cause the Court to hear repetitive testimony as the damage trials occur.

The Bank has conditionally offered to the entry of a judgment in the *Bennett* case. This is not acceptable because it is conditioned upon no other case moving forward to trial, and is based on flawed and erroneous legal premises.

### **The Café Hillel Attack**

The *Litle* plaintiffs respectfully request that the September 2003 terror attack at Café Hillel be included in the first trial. This Hamas suicide bombing attack killed Dr. David Applebaum and his daughter, Naava, and wounded Ms. Tzippy Cohen. There were no other ATA Plaintiffs injured or killed in that attack.

Ms. Cohen has been deposed and her two pages of medical records were produced. She was in the hospital for four days and her chief complaint following removal of shrapnel from her back was recurring pain stemming from those injuries. This is not a complex physical injury case. She was deposed by the Bank in 2007, and we will make her available in New York for a two-hour follow-up deposition by January 16, 2015 if the Bank desires.

There are seven surviving members of the Applebaum family: six siblings, and David's wife, Debra. They are available for depositions in Israel in January. If we intend to call any other fact witnesses, we will make them available as well. These depositions can easily be completed in one week. Earlier in the case, Arab Bank deposed hundreds of Plaintiffs in Israel, completing as many as 40 depositions per week with four separate depositions occurring simultaneously.

Exhibit A
Plaintiffs' Submission to the Hon. Brian M. Cogan
December 5, 2014
Page 7 of 8

In addition, we would use one economic expert for the Estates of David and Naava Applebaum. We will provide expert reports pursuant to the below-proposed schedule.

### The Suicide Attack on Bus #37 in Haifa

Should the Court be able to accommodate additional cases in the first trial, the *Litle* Plaintiffs request inclusion of the suicide bombing attack on Bus 37 in Haifa on March 5, 2003 that killed 14 year-old Abigail Litle. Abigail's mother has been deposed. The deposition of her father and four siblings can easily occur over several days in January or February 2015. One *Almog* Plaintiff, Racheli Laham, the sibling of a deceased victim, also is an ATA Plaintiff in this attack.

### *Discovery Schedule Proposed By All Plaintiffs*

Finally, and in furtherance of the Court's expressed desire to expedite a first trial's resolution, all Plaintiffs believe the Pre-trial Scheduling Order for the first damages trial should order:

a. Any retained expert reports or Rule 26(a)(2)(C) disclosures submitted by either side will be exchanged on or before **February 16, 2015**.

b. Any retained expert rebuttal reports submitted by either side will be exchanged on or before **March 16, 2015**.

c. All Rule 26(a)(2)(B) retained experts will be deposed on or before **April 10, 2015**.

d. Defendant to complete depositions it chooses to conduct of identified treating physicians or treating health professionals by **March 31, 2015**.

e. Plaintiffs to identify any additional fact witnesses to testify at trial by **December 31, 2014** and make them available for deposition by **January 31, 2015**.

In addition, as noted above Plaintiffs also recommend that Your Honor direct the parties to streamline the pre-trial process by:

f. Limiting all fact witness depositions conducted in English to 3 hours, and depositions requiring translation to 6 hours, absent a showing for cause.

g. Limiting all expert witness depositions conducted in English to one 7-hour deposition, and depositions requiring translation to 12 hours.

h. Requiring parties to establish good cause (by letter) for refusing to stipulate to the authenticity of categories of records such as medical, wage, school, employment,

**Exhibit A**
**Plaintiffs' Submission to the Hon. Brian M. Cogan**
**December 5, 2014**
**Page 8 of 8**

and police records (and thus obviate the need to burden the jury with superfluous jury testimony).

### *Remaining Discovery Timelines*

For *all* remaining Plaintiffs, the discovery schedule contemplated by Plaintiffs largely adheres to Defendant's prior proposal in its November 4 letter to the Court:

| | |
|---|---|
| August 5, 2015: | Fact depositions to be completed. |
| September 15, 2015: | All initial expert reports to be served. |
| October 1, 2015: | Expert depositions to begin. |
| December 1, 2015: | Discovery to be completed. |

# Exhibit A-1

# LINDE/ALMOG PLAINTIFFS' PROPOSED FIRST DAMAGES TRIAL

| Attack Date | Attack | Plaintiff Group | Family Name | Plaintiff Full Name | Injury/Familial Relationship | Profile Form Provided | Plaintiff Aleardy Deposed | Anticipated Retained Expert Witness | Medical Records Provided |
|---|---|---|---|---|---|---|---|---|---|
| 2001-12-12 | Emmanuel Bus No. 189 | Almog cases | Eichental | Avraham Eichental | Spouse of non-U.S. victim-decedent | 12/16/2011 | No | | No |
| 2001-12-12 | Emmanuel Bus No. 189 | Almog cases | Pilant | Benyamin Pilant | Physically present at attack but not physically injured | No | 7/16/2007 | Medical | Yes |
| 2001-12-12 | Emmanuel Bus No. 189 | Almog cases | Pilant | Elizabeth Ann Hastings | Child of victim-parent | 11/16/2012 | No | | No |
| 2001-12-12 | Emmanuel Bus No. 189 | Almog cases | Pilant | Levy Izak Pilant | Child of victim-parent | 11/16/2012 | No | | No |
| 2001-12-12 | Emmanuel Bus No. 189 | Almog cases | Pilant | Robert Elliott Hastings | Child of victim-parent | 11/16/2012 | No | | No |
| 2001-12-12 | Emmanuel Bus No. 189 | Almog cases | Pilant | Samuel Philips Hastings | Child of victim-parent | 11/16/2012 | No | | No |
| 2002-03-27 | Park Hotel | Litle cases | Naimi | Moshe Naimi | Child of victim-decedent | No | 2/20/2007 | | No |
| 2002-03-27 | Park Hotel | Linde cases | Rogen | Estate of Hannah Rogen (Greta Geler as Estate Representative) | Estate of victim-decedent | No (deceased) | *Not Applicable* | | Yes |
| 2002-03-27 | Park Hotel | Almog cases | Anachovich | Akiva Anachovich | Child of victim-decedent | No | 12/5/2007 | | No |
| 2002-05-07 | Sheffield Club Bombing | Linde cases | Bablar | Esther Bablar (Jacqueline Chambers as Estate Representative) | Estate of victim-decedent | No (deceased) | *Not Applicable* | | Yes |
| 2002-05-07 | Sheffield Club Bombing | Linde cases | Bablar | Jacqueline Chambers | Child of victim-decedent | No | 3/6/2007 | | No |
| 2002-05-07 | Sheffield Club Bombing | Linde cases | Bablar | Levana Cohen Haroooch | Child of victim-decedent | Yes | No | | No |
| 2002-05-07 | Sheffield Club Bombing | Almog cases | Massa | Menashe Agababa | Sibling of victim-decedent | 12/9/2011 | No | | No |

1

| Attack Date | Attack | Plaintiff Group | Family Name | Plaintiff Full Name | Injury/Familial Relationship | Profile Form Provided | Plaintiff Aleardy Deposed | Anticipated Retained Expert Witness | Medical Records Provided |
|---|---|---|---|---|---|---|---|---|---|
| 2002-05-07 | **Sheffield Club Bombing** | Almog cases | **Massa** | Yehuda Agababa | Sibling of victim-decedent | 2/6/2013 | No | | No |
| 2002-05-07 | **Sheffield Club Bombing** | Almog cases | **Massa** | Yehezkel Agababa | Sibling of victim-decedent | 2/6/2013 | No | | No |
| 2002-06-18 | **Bus 32A** | Litle cases | **Gottlieb** | Moshe Gottlieb | Estate of victim-decedent | Yes | *Not Applicable* | | No |
| 2002-06-18 | **Bus 32A** | Litle cases | **Gottlieb** | Sheila Gottlieb | Spouse of victim-decedent | No | 3/21/2007 | | No |
| 2002-06-18 | **Bus 32A** | Litle cases | **Gottlieb** | Seymour Gottlieb | Child of victim-decedent | No | No | | No |
| 2002-06-18 | **Bus 32A** | Litle cases | **Gottlieb** | Faye Benjaminson | Child of victim-decedent | No | 3/12/2007 | | No |
| 2002-06-18 | **Bus 32A** | Linde cases | **Aluf** | Gila Aluf | Spouse of victim-decedent | No | 3/12/2008 | | No |
| 2002-07-31 | **Hebrew University** | Litle cases | **Bennett** | Marla Bennett | Estate of victim-decedent (Michael and Linda Bennett as Estate Representatives) | Yes | *Not Applicable* | Medical / Economic | No |
| 2002-07-31 | **Hebrew University** | Litle cases | **Bennett** | Michael Bennett | Parent of victim-decedent | No | 3/15/2007 | | No |
| 2002-07-31 | **Hebrew University** | Litle cases | **Bennett** | Linda Bennett | Parent of victim-decedent | No | 3/15/2007 | | No |
| 2002-07-31 | **Hebrew University** | Litle cases | **Bennett** | Lisa Nies | Sibling of victim-decedent | Yes | No | | No |
| 2002-07-31 | **Hebrew University** | Linde cases | **Blutstein** | Benjamin Blutstein (Richard Blutstein and Katherine Baker as Estate Representative) | Estate of victim-decedent | No (deceased) | *Not Applicable* | Economic | No |
| 2002-07-31 | **Hebrew University** | Linde cases | **Blutstein** | Richard Blutstein | Parent of victim-decedent | No | 2/6/2007 | | No |
| 2002-07-31 | **Hebrew University** | Linde cases | **Blutstein** | Katherine Baker | Parent of victim-decedent | No | 2/6/2007 | | Yes |
| 2002-07-31 | **Hebrew University** | Linde cases | **Blutstein** | Rebekah Blutstein | Sibling of victim-decedent | No | 11/19/2008 | | Yes |
| 2002-07-31 | **Hebrew University** | Linde cases | **Carter** | Dianne Carter (Larry Carter as Estate Representative) | Estate of victim-decedent | No | *Not Applicable* | Economic | No |
| 2002-07-31 | **Hebrew University** | Linde cases | **Carter** | Larry Carter | Parent of victim-decedent | Yes | 3/1/2007 | | No |

2

| Attack Date | Attack | Plaintiff Group | Family Name | Plaintiff Full Name | Injury/Familial Relationship | Profile Form Provided | Plaintiff Aleardy Deposed | Anticipated Retained Expert Witness | Medical Records Provided |
|---|---|---|---|---|---|---|---|---|---|
| 2002-07-31 | **Hebrew University** | Linde cases | **Carter** | Shaun Choffel | Sibling of victim-decedent | Yes | No | | No |
| 2002-07-31 | **Hebrew University** | Linde cases | **Coulter** | Janis Coulter (Robert Coulter, Sr. as Estate Representative) | Estate of victim-decedent | No (deceased) | *Not Applicable* | Economic | No |
| 2002-07-31 | **Hebrew University** | Linde cases | **Coulter** | Robert Coulter, Sr. | Parent of victim-decedent | No | 11/13/2008 | | Yes |
| 2002-07-31 | **Hebrew University** | Linde cases | **Coulter** | Robert Coulter, Jr. | Sibling of victim-decedent | No | 11/13/0208 | | No |
| 2002-07-31 | **Hebrew University** | Linde cases | **Coulter** | Dianne Miller | Sibling of victim-decedent | No | 1/16/2007 | | No |
| 2002-07-31 | **Hebrew University** | Linde cases | **Gritz** | David Gritz (Nevanka Gritz as as Estate Representative) | Estate of victim-decedent | No (deceased) | *Not Applicable* | Economic | No |
| 2002-07-31 | **Hebrew University** | Linde cases | **Gritz** | Nevenka Gritz | Parent of victim-decedent | No | 9/7/2007 | | No |
| 2002-07-31 | **Hebrew University** | Linde cases | **Gritz** | Norman Gritz | Parent of victim-decedent | No | No | | No |

3

# Exhibit A-2

# LINDE/ALMOG PLAINTIFFS' PROPOSED SECOND DAMAGES TRIAL

| Attack Date | Attack | Plaintiff Group | Family Name | Plaintiff Full Name | Injury/Familial Relationship | Profile Form Provided | Plaintiff Aleardy Deposed | Anticipated Retained Expert Witness | Medical Records Provided |
|---|---|---|---|---|---|---|---|---|---|
| 2002-03-09 | Café Moment, Jerusalem | Almog cases | **Eliyahu** | Ayelet Attias | Sibling of victim-decedent | 1/21/2011, 11/16/2009 | No | | No |
| 2002-03-09 | Café Moment, Jerusalem | Almog cases | **Cohen** | Yossef Cohen | Physically injured in attack | 11/16/2009 | 6/15/2010 | Medical | Yes |
| 2002-03-09 | Café Moment, Jerusalem | Almog cases | **Eliyahu** | Yehuda Eliyahu | Sibling of victim-decedent | 1/21/2011, 11/16/2009 | No | | No |
| 2003-03-05 | Bus No. 37, Haifa | Litle cases | **Litle** | Abigail Litle (Philip Litle as Estate Representative) | Estate of victim-decedent | Yes | Not Applicable | Economic | No |
| 2003-03-05 | Bus No. 37, Haifa | Litle cases | **Litle** | Philip Litle | Parent of victim-decedent | Yes | No | | Yes |
| 2003-03-05 | Bus No. 37, Haifa | Litle cases | **Litle** | Heidi Litle | Parent of victim-decedent | No | 6/2/2009 | | Yes |
| 2003-03-05 | Bus No. 37, Haifa | Litle cases | **Litle** | Elishua Litle | Sibling of victim-decedent | Yes | No | | No |
| 2003-03-05 | Bus No. 37, Haifa | Litle cases | **Litle** | Hannah Litle | Sibling of victim-decedent | Yes | No | | No |
| 2003-03-05 | Bus No. 37, Haifa | Litle cases | **Litle** | Josiah Litle | Sibling of victim-decedent | Yes | No | | No |
| 2003-03-05 | Bus No. 37, Haifa | Litle cases | **Litle** | Noah Litle | Sibling of victim-decedent | Yes | No | | No |
| 2003-03-05 | Bus No. 37, Haifa | Almog cases | **Laham** | Racheli Laham | Sibling of victim-decedent | 11/6/2009 | No | | No |
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Linde cases | **Averbach** | Steven Averbach (Julie Averbach as Estate Representative) | Estate of victim-decedent | No | 3/1/2006 | Medical / Economic | Yes |
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Linde cases | **Averbach** | Julie Averbach | Spouse of victim-decedent | No | 7/18/2008 | | Yes |

| Attack Date | Attack | Plaintiff Group | Family Name | Plaintiff Full Name | Injury/Familial Relationship | Profile Form Provided | Plaintiff Alearrdy Deposed | Anticipated Retained Expert Witness | Medical Records Provided |
|---|---|---|---|---|---|---|---|---|---|
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Linde cases | **Averbach** | Devir Averbach | Child of victim-decedent | No | 8/8/2008 | | Yes |
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Linde cases | **Averbach** | Sean Averbach | Child of victim-decedent | Yes | No | | Yes |
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Linde cases | **Averbach** | David Averbach | Parent of victim-decedent | No | 9/25/2008 | | No |
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Linde cases | **Averbach** | Maida Averbach | Parent of victim-decedent | No | 9/25/2008 | | No |
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Linde cases | **Averbach** | Michael Averbach | Sibling of victim-decedent | No | 12/16/2008 | | No |
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Linde cases | **Averbach** | Tamir Averbach | Child of victim-decedent | No | 8/8/2008 | | No |
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Linde cases | **Averbach** | Adam Averbach | Child of victim-decedent | Yes | No | | Yes |
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Linde cases | **Averbach** | Eileen Sapadin | Sibling of victim-decedent | No | 12/11/2008 | | Yes |
| 2003-05-18 | Bus No. 6 Bombing, French Hill | Almog cases | **Israeli** | Adina Dabach | Sibling of victim-decedent | 11/16/2009 | No | | No |
| 2003-06-20 | Shooting Attack on Road 60 | Linde cases | **Goldstein** | Eugene Goldstein | Physically injured in attack, spouse of victim, parent of non-plainitff decedent Howard Goldstein | No | 5/25/2007 | Medical | Yes |
| 2003-06-20 | Shooting Attack on Road 60 | Linde cases | **Goldstein** | Lorraine Goldstein | Physically injured in attack, spouse of victim, parent of non-plainitff decedent Howard Goldstein | No | 5/25/2007 | Medical | Yes |
| 2003-06-20 | Shooting Attack on Road 60 | Linde cases | **Goldstein** | Richard Goldstein | Sibling of non-plaintiff decedent Howard Goldstein, Child of victim-parent | No | 10/14/2008 | | No |

2

| Attack Date | Attack | Plaintiff Group | Family Name | Plaintiff Full Name | Injury/Familial Relationship | Profile Form Provided | Plaintiff Aleardy Deposed | Anticipated Retained Expert Witness | Medical Records Provided |
|---|---|---|---|---|---|---|---|---|---|
| 2003-06-20 | **Shooting Attack on Road 60** | Linde cases | **Goldstein** | Michael Goldstein | Sibling of non-plaintiff decedent Howard Goldstein, Child of victim-parent | No | 7/1/2008 | | No |
| 2003-06-20 | **Shooting Attack on Road 60** | Linde cases | **Goldstein** | Barbara Goldstein-Ingardia | Sibling of non-plaintiff decedent Howard Goldstein, Child of victim-parent | No | 10/14/2008 | | No |
| 2003-06-20 | **Shooting Attack on Road 60** | Linde cases | **Goldstein** | Chana Freedman | Child of non-plaintiff decedent Howard Goldstein | No | 10/20/2008 | | No |

3