

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

December 15, 2014

*VIA ECF*

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   *Linde v. Arab Bank, PLC*, **04-CV-2799 (BMC) (VVP), and related ATA cases**

Dear Judge Cogan:

On behalf of Arab Bank, PLC (the "Bank"), we request that your Honor amend the scheduling order filed December 10, 2014 (the "Order") to avoid undue prejudice to the Bank. The Order sets a schedule for damages discovery and a trial in May 2015.

In its December 5, 2014 submission, the Bank proposed an expedited schedule for a May 2015 damages trial of one estate claim that involved only two derivative family-member claims. In contrast, the Court's Order calls for an expedited May 2015 trial of damage claims made by seventeen Plaintiffs.  These claims include one estate claim, three physical injury claims, and fifteen family-member derivative claims.  Using conservative estimates, discovery on these claims will require a total of 34 to 52 depositions, including:

- 17 depositions of the Plaintiffs

- 3 or more depositions of treating physicians and other medical care providers for the three physical injury Plaintiffs

- Potentially 15 depositions of non-plaintiff fact witnesses for non-economic loss for the fifteen family-member derivative claims

- 2 to 4 depositions of fact witnesses (other than the Plaintiffs themselves) for the two Plaintiffs claiming economic loss

- 2 to 4 economic loss experts

Documents must be obtained from Plaintiffs and third-parties, and many will require translation and analysis by experts.  It is not reasonable to compress this amount of depositions and document discovery into the short time frame called for by the Order.  The schedule also has



Honorable Brian M. Cogan
December 15, 2014
Page Two

other provisions that effectively deprive the Bank of a reasonable opportunity to prepare a defense:

       1.     The Bank is directed to designate all witnesses it wants to depose by January 7, 2015.  This is before the Bank serves and receives responses to interrogatories asking Plaintiffs to identify all their treating physicians, health care providers, and other witnesses with relevant information, and it is before the Bank serves its requests for relevant documents, much less receives responses to its requests.  Indeed, the Order does not even require Plaintiffs to provide authorizations for release of their medical, employment, insurance and other records in the U.S. and Israel — delivery of authorizations should be one of the first steps required of Plaintiffs in a discovery order, and it normally takes some period of time to collect the authorized records from third-parties.  The fact that most, if not all, of these records are housed overseas is only likely to extend the length of time custodians of such records will need to comply.  The Bank, of course, is entitled to review obtain and review all medical and other relevant records from third-parties, not just those records Plaintiffs determine to produce.[1]

       2.     Plaintiffs are not required to produce responsive documents and records until February 17, 2015, six weeks after the Bank is to identify who it seeks to depose.  The Order states that additions to the deposition list might be made later, but this reverses the normal discovery process.  For example, the estate claim for Abigail Little claims economic damage, but the Bank does not have the records that could determine what fact witnesses may be important to that claim.  Similar problems affect the physical injury claims of Yosuf Cohen, Eugene Goldstein, and Lorraine Goldstein.

       3.     The Order does not make any provision for independent physical and mental examinations that the Bank is entitled to under Fed. R. Civ. P. 35.  If such rights are exercised, the schedule does not provide sufficient time for scheduling and conducting such examinations, which would typically take place after all medical records have been obtained, and the issuance of any reports by plaintiffs' health care providers or medical experts.

---

[1] "'[I]n any lawsuit where the plaintiff is alleging physical and emotional injuries, it is standard procedure for the judge to direct the plaintiff to sign a "HIPPA-compliant authorization for the release of his complete medical, pharmacy, psychiatric or psychological treatment or counseling records."'  *Hockenjos v. City of New York*, No. CV-13-27 WFK, 2014 WL 3530895, at *4 (E.D.N.Y. May 30, 2014) report and recommendation adopted, No. 13-CV-27, 2014 WL 3519186 (E.D.N.Y. July 15, 2014) (citing *Bowen v. Fed. Exp. Corp.*, No. 05 CIV. 7487 LAK DFE, 2007 WL 646293, at *3 (S.D.N.Y. Feb. 28, 2007)) (internal citations omitted)



Honorable Brian M. Cogan
December 15, 2014
Page Three

      4.      Expert reports are due by April 1, 2015, which is a month prior to the April 30 discovery completion date for treating physicians and other treating health professionals.  Thus, expert reports are required prior to discovery of the facts that the expert reports must consider.  The rebuttal expert reports are also due prior to completion of depositions of treating physicians and treating health professionals.  The sequence inverts what is typically efficient, and deprives the Bank of both time and normal discovery rights.

    The schedule favors Plaintiffs at the expense of discovery by the Bank.  The Bank therefore respectfully requests that the Court modify the schedule as follows:

| | |
|---|---|
| December 24, 2014: | Service by Bank of interrogatories and requests for production of documents to the Plaintiffs, including requests for signed authorizations for release of medical, employment, Israeli National Insurance Institute, and other records from third parties. |
| January 16, 2015: | Delivery to the Bank of signed authorizations for release of medical, employment, and other records in the custody of third-parties.  Response by Plaintiffs to interrogatories and requests for production, and full production of requested documents. |
| February 24, 2015 | Depositions of fact witnesses to begin, including Plaintiffs and treating physicians, treating health care professionals, or other third-parties as appropriate. |
| April 10, 2015 | Depositions of all fact witnesses to be completed. |
| May 15, 2015 | Rule 35 physical and mental examinations to be completed. |
| June 12, 2015 | All initial expert reports and any Rule 35 reports to be served. |
| June 29, 2015 | Expert depositions to begin. |
| July 24, 2015 | Discovery to be Completed. |
| August, 2015 | Trial. |



Honorable Brian M. Cogan
December 15, 2014
Page Four

      The Bank has proposed this schedule in order to respect the Court's desire for a rapid trial but at the same time allowing enough time, another 2 1/2 months, to reasonably complete discovery and trial preparation.  We respectfully ask that the schedule be amended as requested.

                                           Respectfully submitted,

                                           _____/s/_____
                                           Shand S. Stephens

cc:  all counsel (via ECF)