

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

January 15, 2015

*VIA ECF*

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Linde v. Arab Bank, PLC, 04-CV-2799 (BMC) (VVP), and related cases

Dear Judge Cogan:

    This is to respond to plaintiffs' submission of *Julin et al. v. Chiquita Brands Int'l Inc.*, 2015 WL 71562 (S.D. Fla. Jan. 6, 2015) as supplemental authority in support of their opposition to the Bank's pending post-trial motions.

    As an initial matter, *Julin* supports the Bank's pending post-trial motions because it acknowledges that "but for" causation is an element of an ATA claim in the Second Circuit. *Compare Julin*, 2015 WL 71562, at *6 (citing *Rothstein v. UBS AG*, 708 F.3d 82, 95 (2d Cir. 2013) ("*Rothstein IV*")) *with* Bank Rule 59 Br. (*Linde* ECF No. 1175) at 4 (*citing Rothstein IV*, 708 F.3d at 95), Bank Rule 50(b) Br. (*Linde* ECF No. 1172) at 2 (same), and Bank 1292 Br. (*Linde* ECF No. 1180) at 13 (same).

    *Julin*'s conclusion, that the ATA imposes no "but for" causation requirement, contradicts the binding precedent of this Circuit, it also ignores the central holdings of *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013) and *Burrage v. United States*, 134 S. Ct. 881 (2014), and otherwise misinterprets *Paroline v. United States*, 134 S. Ct. 1710 (2014).  The phrase "by reason of" in a Congressional statute has an established meaning, and it is not up to Plaintiffs, or the *Julin* court for that matter, to divine a Congressional intent at variance with the language Congress chooses to apply.  If Congress wishes to change its application of the "by reason of" causation standard in the ATA, it has many opportunities to do so—but that is a Congressional decision, not a judicial one.

    With regard to *Burrage*, the *Julin* decision fails to address the Supreme Court's "insistence on but-for causality" in statutes, like the ATA, that include "by reason of" language. 134 S. Ct. 881, 889 ("the phrase 'by reason of' requires at least a showing of 'but for' causation[.]").  *Julin* by also ignores the Supreme Court's conclusion in *Nassar* that "but for" causation is the default standard that must be applied in federal tort cases "absent an indication to the contrary *in the statute itself*." 113 S. Ct. at 2525 (emphasis supplied).  Instead, *Julin* distinguishes *Burrage* and *Nassar* because "[n]either case interpreted the ATA."  2015 WL



Honorable Brian M. Cogan
January 15, 2015
Page Two

71562, at *7.  Yet both *Burrage* and *Nassar* considered the consistent requirement to prove "but for" causation across various statutes—including the RICO and antitrust statutes that were addressed in *Rothstein IV*—and address general principles of statutory interpretation that apply to the "by reason of" language incorporated into the ATA.  *See Burrage*, 134 S. Ct. at 889; *Nassar*, 113 S. Ct. at 2527.

While *Julin* quotes *Burrage*, 134 S. Ct. at 888, for the proposition that "'but for' causation [is required] '*where there is no textual or contextual indication to the contrary*,'" it construes this language as an invitation to consider legislative history and policy arguments in interpreting an otherwise clearly worded statute.  2015 WL 71562, at *7.  In this regard, *Julin* is at odds with *Nassar*, 113 S. Ct. at 2525, which states that courts must focus on the plain language of statute, and *Burrage*, 134 S. Ct. at 890-92, which requires plaintiffs to prove "but for" causation "even if [courts] think some other approach might 'accord with good policy.'"

*Julin* adopts plaintiffs' argument that *Paroline* relieves them of proving "but for" causation.  2015 WL 71562, at *6.  *Paroline* did not interpret the ATA, 2015 WL 71562, at *7; rather, it involved the "atypical" circumstance of a statute that required a convicted felon to compensate the victims of his crimes.  *Paroline*, 134 S. Ct. 1722.  In *Paroline*, the Court reached the unremarkable conclusion that where the express words of the statute required the defendant to pay the plaintiff, the defendant could not escape liability by arguing that the plaintiff would have been injured regardless of his or her particular criminal conduct.  *Id.* at 1727.

The statute at issue in *Paroline* is therefore not analogous to the ATA.  While the *Paroline* statute made it *mandatory* for criminals to compensate the victims of their crimes, and limited liability to "an amount that comports with the defendant's relative role in the causal process that underlines the victim's general losses" *Paroline*, 134 S. Ct. at 1727, no such mandatory compensation or liability allocation regime exists under the ATA.  Rather, the ATA requires plaintiffs to prove that they were injured "by reason of" the defendant's conduct—language that requires proof of "*at least 'but for' causation*," *Burrage*, 134 S. Ct. at 889 (emphasis supplied)—and imposes severe treble damages penalties on those found liable.  Moreover, nothing in the text of the ATA indicates that "but for" causation is not required, nor would its primary purpose be frustrated by the imposition of a traditional "but for" causation requirement.  Bank Reply Br. at 8-9, 14-17.

The undersigned appreciates the Court's consideration of this request.



Honorable Brian M. Cogan
January 15, 2015
Page Three

Very truly yours,

**DLA Piper LLP (US)**

/s/
Shand S. Stephens

SSS:/rm
cc:  all counsel (via ECF)