

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

January 20, 2015

*VIA ECF*

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Linde v. Arab Bank, PLC*, **04-CV-2799 (BMC) (VVP), and related cases**

Dear Judge Cogan:

In advance of the January 21, 2015 Status Conference directed by the Court, we write to provide a brief status report regarding the parties' exchanges to date. We do not understand your Honor's January 15 Order directing the parties to "desist" from further letters on the trial schedule to preclude a status report to the Court.

    1.  On December 10, 2014 the Court issued its Trial Management Order, which was modified on December 16, 2014 (the "TMO");

    2.  On Dec. 19, the Bank provided Plaintiffs with proposed records release authorization forms;

    3.  Per the TMO, on Dec. 24, Plaintiffs submitted their Fact Witness List, listing 47 witnesses;

    4.  On Jan. 7, the parties held a meet-and-confer concerning the authorization forms provided by the Bank (discussing format, applicable time frames and relevance of authorization categories to respective types of claims at issue);

    5.  Per the TMO, on Jan. 7, the Bank submitted its Fact Witness List, listing 88 witnesses drawn from the information provided to date by plaintiffs;

    6.  On Jan. 12, the Bank provided revised English language authorizations to Plaintiffs;

    7.  On Jan. 13, Plaintiffs requested that the Bank prepare Hebrew language translations of the authorization forms for use in Israel, which the Bank provided on Jan. 19;

    8.  Per the TMO, on Jan. 14, the Bank served requests for production of documents and interrogatories relating to damages; responses are due February 17;

Case 1:06-cv-01623-BMC-VVP   Document 965   Filed 01/20/15   Page 2 of 3 PageID #: 74654



Honorable Brian M. Cogan
January 20, 2015
Page Two


    9.  On Jan. 15, the Bank requested Plaintiffs to identify (a) which of their trial witnesses they will make available for deposition and (b) which, if any, of the additional witnesses listed by the Bank they can make available for deposition;

    10.  On Jan. 16, Plaintiffs responded that (a) they would produce for deposition those Plaintiffs who were not deposed for the liability trial and fact-witnesses "who already have received government permission to testify," (b) they had no ability to produce the witnesses identified by the Bank as deposition witnesses but would cooperate concerning the Hague Convention, and (c) that the Plaintiffs would be produced in Israel if they lived there, subject to agreed cost-sharing;

    11.  On Jan. 16, Sayles Werbner provided executed authorizations for 12 providers on behalf of 3 of the 17 Plaintiffs (Heidi, Philip and Hannah Litle) and stated they would forward an additional authorization for a fourth Plaintiff (Josiah Litle, not yet received); there is no further information as yet on the other authorizations for Plaintiffs.

    Related procedural issues are as follows:

    1.  Plaintiffs will not agree to provide medical records dating back more than 3 years prior to their respective incidents at issue; Defendant believes that all mental health records for Plaintiffs claiming mental health damages should be produced, and that records prior to three years may be relevant on a case-by case basis for Plaintiffs claiming physical injuries. Defendant also believes that Plaintiffs must identify all health-care providers in their interrogatory responses so that the issue can be presented on a record to the Court for decision.

    2.  For Plaintiffs not claiming physical injury or seeking lost wages, Plaintiffs will not agree to provide employment records, education records, social security records or Medicare records; Defendant believes that education and employment records are relevant to assessing the claims of mental health injuries, and that social security and Medicare records, like medical records, are relevant.

    3.  There is an open issue as to whether Plaintiffs who were produced for deposition in the liability phase of discovery will also be produced for damages depositions.



Honorable Brian M. Cogan
January 20, 2015
Page Three

                                              Very truly yours,

                                              **DLA Piper LLP (US)**

                                              _____/s/_____
                                              Shand S. Stephens

SSS:/rm
cc: all counsel (via ECF)