OSEN LLC

ATTORNEYS AT LAW

WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 201, HACKENSACK, NJ 07601          345 SEVENTH AVENUE, 21ST FLOOR, NEW YORK, NY 10001
T. 201.265.6400    F. 201.265.0303                            T. 646.380.0470  F. 646.380.0471

March 30, 2015

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Linde v. Arab Bank, PLC*, **04-CV-2799 (BMC)(VVP) and related cases**

Dear Judge Cogan:

We write in response to Arab Bank's letters of March 28, 2015 (*Linde* ECF No. 1238) and March 30, 2015 (*Linde* ECF No. 1239) regarding the Bank's proposed motion to dismiss the *Linde* plaintiffs' Second Amended *Linde* Complaint (*Linde* ECF No. 1236).

As Your Honor is aware, the Second Amended *Linde* Complaint merely adds claims of three additional claimants: Michal Honickman – in her individual capacity and on behalf of the Estate of Howard Goldstein – and David Goldstein (referred to herein as the "New Plaintiffs"), in connection with the June 20, 2003 Attack. The liability jury concluded that Arab Bank was liable for injuries arising from that attack.[1]

*First*, plaintiffs do not object to Defendant preserving its appellate rights by formally adopting the arguments in its *sub judice* Fed. R. Civ. P. 50, Rule 59 and 28 U.S.C. § 1292 briefs in a manner that ensures that Arab Bank has not waived those arguments as to the Second Amended *Linde* Complaint.

*Second*, when we filed our February 6, 2015 motion (*Linde* ECF No. 1222) to further amend the then-operative *Linde* complaint to add specific allegations for the New Plaintiffs, we did not intend to revive or reargue the common law liability claims and claims for intentional infliction of emotional distress that were dismissed pursuant to this Court's prior orders. We do not, therefore, object to the Court entering an Order that conforms to those prior rulings if that is deemed procedurally necessary.

---

[1]      The June 20, 2003 Attack is one of the three attacks that will be adjudicated in the first bellwether damages trial this July. The Court has previously ruled that the New Plaintiffs' claims will not be included in this trial.

Hon Brian M. Cogan, U.S.D.J.
March 30, 2015
Page 2 of 3

*Third*, other than its previewed challenge to personal jurisdiction, Defendant has previously raised with the Court <u>all</u> of the arguments delineated in its March 28 letter, including the cases cited therein, on <u>multiple</u> occasions, including in summary judgment practice, motions for reconsideration, interlocutory appeal and mandamus, challenges to jury instructions, and its voluminous triad of post-trial briefing. We are cognizant that the Court's February 25, 2015 Order (*Linde* ECF No. 1231) provides at * 2, "*the new plaintiffs will not receive the benefit of the jury's findings as to liability in these cases, except that they may move for summary judgment as to liability based on the principles of collateral estoppel, if and when that becomes appropriate.*" However, questions of collateral estoppel regarding *factual* determinations notwithstanding,[2] we respectfully submit that the Court did not intend to give the Bank license to use the Second Amended *Linde* Complaint as a vehicle to yet again reargue the identical *legal* challenges it raised in its myriad prior briefs. Therefore, while plaintiffs do not object to Defendant filing a motion that incorporates its pending post-trial briefing by reference, we submit that yet another full regurgitation of the same arguments made on *no less* than five prior occasions is wholly unnecessary and vexatious.

*Finally*, to the extent that Defendant raises personal jurisdiction as to the New Plaintiffs, we observe that the Bank's previewed arguments in its March 28 letter appear frivolous in light of: (1) the controlling precedent of *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170-73 (2d Cir. 2013), and *Chew v. Dietrich*, 143 F.3d 24, 29 (2d Cir. 1998); and (2) the fact that Defendant waived its right to challenge personal jurisdiction years ago, when it failed to challenge same in its pre-answer motion. An amended complaint does not revive a defendant's right to challenge personal jurisdiction. *See* Fed. R. Civ. P. 12(g)-(h). *See also Gilmore v. Shearson/Am. Express Inc.*, 811 F.2d 108, 112 (2d Cir. 1987) (if personal jurisdiction defense has been waived by failure to raise it in response to original complaint, it may not be resurrected merely because amended complaint was filed) *overruled on other grounds by McDonnell Douglas Fin. Corp. v. Penn. Power & Light Co.*, 849 F.2d 761 (2d Cir. 1988).[3] Moreover, to the extent that Defendant seeks to raise personal jurisdiction as to all *other* plaintiffs, Defendant unequivocally waived the defense, and is not permitted to raise it post-trial. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) ("personal jurisdiction, unlike subject-matter jurisdiction, can, however, be purposely waived or inadvertently forfeited. Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived") (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). In any event these issues (including the Bank's suggestion

---

[2]    It is telling that in its March 28 letter Defendant fails to explain why it should not be collaterally estopped from challenging proximate causation. To date, the *only* factor the Bank has pointed to in claiming that it is not subject to collateral estoppel is the timing of the New Plaintiffs' claims. All other factors present a textbook case for offensive issue preclusion. *See Faulkner v. National Geographic Enterprises Inc.*, 409 F.3d 26, 37 (2d Cir. 2005) (offensive collateral estoppel can be applied where: (1) issues in both proceedings are identical, (2) issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits).

[3]    *Accord Credle-Brown v. Connecticut*, 246 F.R.D. 408, 409-410 (D. Conn. 2007); C. Wright & A. Miller, 5C *Fed. Prac. & Proc.* § 1388 (3d ed. 2004, Supp. 2014) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading.").

**Hon Brian M. Cogan, U.S.D.J.**
**March 30, 2015**
**Page 3 of 3**

that *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) revives its personal jurisdiction defenses), can be addressed in a concise opposition memorandum.

Accordingly, the *Linde* plaintiffs do not object to the Bank's proposed schedule as it relates to personal jurisdiction challenges directed at the New Plaintiffs, but we respectfully submit that Defendant's schedule is too truncated if the Bank insists upon fully presenting the same arguments already made (and repeatedly rejected) in numerous previous briefs (as its March 28 letter foreshadows). Moreover, should Defendant insist on burdening the Court with yet *another* series of redundant briefs, we request leave to seek appropriate sanctions for this vexatious conduct pursuant to 28 U.S.C. § 1927 and the Court's inherent powers.

Respectfully submitted,

<u>/s/ Gary M. Osen</u>

cc:     All counsel