

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T 212.335.4594
F 415.659.7328

April 17, 2015

*VIA ECF*

Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Linde v. Arab Bank, PLC*, **04-CV-2799 (BMC) (VVP), and related cases**

Dear Judge Cogan:

      Pursuant to your Honor's docket Order of April 8, 2015 (the "April 8 Order"), Arab Bank plc ("Arab Bank" or "the Bank") respectfully submits this letter motion to dismiss the *Linde* plaintiffs' Second Amended Complaint. The Bank understands that this Court has already considered and rejected, in substantial part, its motions to dismiss plaintiffs' related complaints, for summary judgment, and for judgment as a matter of law or, in the alternative, for a new trial or certification of an interlocutory appeal, and "cautioned" the Bank "to limit its re-argument" of the legal positions it addressed in those motions. In light of this instruction and the Court's recent ruling on the Bank's post-trial motions, this letter brief incorporates by reference the Bank's prior submissions to "preserve its arguments for appellate review." (Apr. 8 Order.)

      The deficiencies in plaintiffs' pleadings that were identified by the Bank in its prior filings are also present in the plaintiffs' Second Amended Complaint, which incorporates by reference substantially all of the substantive allegations from the *Linde* First Amended Complaint, filed on August 10, 2004 (*Linde* ECF No. 4). The Bank hereby incorporates by reference its prior arguments concerning the deficiencies of the plaintiffs' allegations. Accordingly, the Second Amended Complaint should be dismissed with prejudice because the plaintiffs failed to adequately allege that:

- the Bank was the "but for" factual cause and direct proximate cause of their injuries;

- the Bank acted with the knowledge and intention that is required to establish a violation of the ATA's civil remedies, primary liability and material support provisions;

- the Bank's services constituted acts of "international terrorism" pursuant to Sections 2331(1)(A)-(C) of the ATA;



- the Bank's upper level management participated in conduct that violates the ATA;

- the Bank did more than administer accounts and process funds transfers—conduct that does not give rise to civil liability under the ATA;

- the Bank "collected funds" for prohibited parties within the meaning of Section 2339C of the ATA.

The Second Amended Complaint also asserts untimely and insufficient claims for intentional infliction of emotional distress, as well as legally invalid ATA claims for aiding and abetting and conspiracy liability, and for alleged violations of Section 2339B(a)(2)'s bank reporting obligation, that have already been dismissed by this Court. *See infra*. Moreover, the international comity concerns presented by the Second Amended Complaint, and evidenced by the history of this litigation, warrant the dismissal of this action on *forum non conveniens* grounds.

The specific filings, incorporated by reference herein, that brief these issues in support of dismissing the Second Amended Complaint are located on the *Linde* docket at the following EFC numbers: 53 (Bank's moving and reply briefs in support of its motion to dismiss the First Amended Complaint, together with supporting affidavits and exhibits); 157 (Bank's moving and reply briefs in support of its motion for certification of an interlocutory appeal of this Court's denial, in substantial part, of its motion to dismiss); 887-91 & 895-96 (Bank's moving and reply briefs in support of its motion for summary judgment, together with supporting affidavits and exhibits); 942 & 956 (Bank's moving and reply briefs in support of its motion for partial reconsideration of the court's summary judgment decision); and 1135, 1172-73, 1180 & 1198 (Bank's moving and reply briefs in support of its motions for judgment as a matter of law, a new trial or, in the alternative, certification of an interlocutory appeal, together with supporting exhibits).

Finally, the Court's April 8 Order held that "Plaintiffs' common law liability claims and claims for intentional infliction of emotional distress, to the extent they have already been adjudicated with respect to other plaintiffs, are deemed withdrawn as to the new plaintiffs." We respectfully request that the Court formally dismiss these claims, including the plaintiffs' ATA aiding and abetting and conspiracy claims, and their claims premised on a violation of Section 2339B(a)(2) of the ATA, consistent with its prior orders. *See* Hr'g Tr., dated Apr. 24, 2013, at 4-5 ("Apr. 24th Hr'g Tr.") (dismissing ATA aiding and abetting claims); Minute Entry, dated April 30, 2013 (ECF No. 937) (same); Order, dated May 10, 2013 (ECF No. 944) (dismissing ATA conspiracy claims); Opinion and Order, dated Sept. 2, 2005 (ECF No. 96), at 28-31 (dismissing



Honorable Brian M. Cogan
April 17, 2015
Page Three

plaintiffs' claims premised on a violation of Section 2339B(a)(2) of the ATA and their claims for intentional infliction of emotional distress); Opinion and Order, dated Sept. 7, 2007 (ECF No. 436) (dismissing plaintiffs' claims for intentional infliction of emotional distress).  *See also* Ltr. from G. Osen, Esq. to Hon. Brian M. Cogan, dated Mar. 20, 2015 (*Linde* ECF No. 1240) (stating that plaintiffs "do not . . . object to the Court entering an Order that conforms to [its] prior rulings if that is deemed procedurally necessary").

Very truly yours,

**DLA Piper LLP (US)**

/s/
Shand S. Stephens

cc:  all counsel (via ECF)