```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   COURTNEY LINDE, et al.,                                  :
                                                            :
                                  Plaintiffs,               :   DECISION AND ORDER
                                                            :
              - against -                                   :   04-cv-2799 (BMC) (VVP)
                                                            :   and related cases[1]
   ARAB BANK, PLC,                                          :
                                                            :
                                  Defendant.                :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is the parties' [1243] joint submission regarding plaintiffs' motion for a protective order and certain other relief. Broadly, plaintiffs seek an Order imposing: (1) certain limitations on defendant's conduct at depositions and Rule 35 examinations; (2) limitations on defendant's ability to notice or subpoena non-party depositions; and (3) pre-payment of certain costs and expenses pursuant to Local Civil Rule 30.1. Plaintiffs' request is granted in part as follows:

**Conduct at Depositions**

1. It appears, if plaintiffs' contentions are true, that many of defendant's questions have no purpose other than to elicit duplicative testimony from witnesses whose sworn testimony is already in the record. As I have previously cautioned defendant, such questions are improper. Further instances of duplicative questioning brought to my attention are likely to result in sanctions.

---

[1] The following related cases have been consolidated with this case for the purposes of this trial: Philip Litle, et al. v. Arab Bank, PLC, 04-cv-5449; Oran Almog, et al. v. Arab Bank, PLC, 04-cv-5564; Robert L. Coulter, Sr., et al. v. Arab Bank, PLC, 05-cv-365; Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC, 05-cv-388; Michael Bennett, et al. v. Arab Bank, PLC, 05-cv-3183; Arnold Roth, et al. v. Arab Bank, PLC, 05-cv-03738; Stewart Weiss, et al. v. Arab Bank, PLC, 06-cv-1623.

2. Because defendant will adhere to the foregoing, no additional time limit on previously-deposed witnesses is necessary.

3. I can imagine no relevant testimony that would be elicited by questions relating to plaintiffs' legal remedies against parties not involved in this lawsuit, or relating to the role of Hamas in causing their injuries (which is no longer at issue in the current phase of this case). Such questions are improper.

4. Defendant has failed to adequately explain the relevance of questions relating to whether Howard Goldstein (or any other party) possessed a firearm, but plaintiffs have similarly failed to adequately explain why such a question is particularly objectionable.

5. Questions aimed at establishing the financial well-being of a plaintiff claiming emotional damages are proper.

6. Notwithstanding the above, defendant has failed to show that questions asking a plaintiff to quantify his own emotional damages flowing from the loss of a relative are relevant. The question is inherently argumentative, and it inflicts unnecessary pain on a person that has already suffered pain. The determination will be the province of the jury, not the plaintiffs. Any further questions such as "Could any amount of money make you feel better" about the loss of a relative brought to my attention are likely to be sanctioned.

7. Defendant's contentions with respect to the basis for questioning Barbara Goldstein-Ingardia as to her medical history appear to have merit. However, Defendant shall exercise the utmost care in crafting any such questioning to avoid humiliating or intimidating a witness.

8. I will not enter prospective rulings with respect to defendant's Rule 35 examinations because I am confident that defendant will conduct those examinations in a proper

manner and will take pains to avoid the possibility that they become a vehicle for harassment or embarrassment.

### Third Party Depositions

9.  As a general matter, the relief that plaintiffs are seeking is superfluous, because although I have consistently recognized the possibility that discovery may reveal grounds to expand defendant's initial 88-deponent list, my rulings have been clear that any deposition not listed and sought by defendant to which plaintiffs do not consent may be taken only with the Court's approval.[2] Defendant may seek such approval by joint letter at any time, but before doing so, is reminded to consider the principles of proportionality required by the Federal Rules of Civil Procedure and by my prior rulings on discovery with respect to this trial.

10. Defendant has shown good cause for the deposition of Dr. Viola, subject to the limitations I have already placed on treating physician depositions.

11. Although defendant may be correct that the withdrawal of David Goldstein's own claims in this case is not a valid reason to preclude his deposition, it has failed to proffer any grounds for finding good cause to allow his deposition (*i.e.*, the anticipated relevance of his testimony to any other claim in this case). Defendant's request to depose him is denied.

12. Defendant's implied request for blanket permission to depose friends and family members of plaintiffs is denied without prejudice to renewal on a case-by-case basis. Such requests are likely to be denied without a clear showing that the proposed deponent is likely to have testimony that is both relevant and non-duplicative.

---

[2] If, due to any lack of clarity on this point, any non-party deposition has already occurred over plaintiff's objection, it is deemed consented-to or approved, consistent with this Order.

### Costs Pursuant to Local Rule 30.1

13. Plaintiffs' motion for payment of costs and expenses of depositions occurring more than 100 miles from this Courthouse pursuant to Local Rule 30.1 is granted in part in connection with: (1) The deposition of any treating physician who will not be called by plaintiffs at trial; and (2) the deposition of any third-party witness who was previously deposed in this case before the issue of damages was severed (if any such witnesses exist). Counsel fees shall be paid for travel time only (*i.e.*, shall not include fees for plaintiffs' counsel to attend depositions). These costs must be paid within 14 days of plaintiffs' delivery of a copy of travel receipts (or their substantial equivalents) to defense counsel.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       April 17, 2015