**OSEN LLC**
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 University Plaza, Suite 201, Hackensack, NJ 07601                     345 Seventh Avenue, 21st Floor, New York, NY 10001
T. 201.265.6400   F. 201.265.0303                                              T. 646.380.0470   F. 646.380.0471

May 1, 2015

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Linde v. Arab Bank, PLC*, 04-CV-2799 (BMC)(VVP) and related cases

Dear Judge Cogan:

We write in further support of our April 20, 2015 letter motion ("Motion," *Linde* ECF No. 1246), requesting partial reconsideration of the Court's April 8 Order.[1]

Defendant Arab Bank Plc's opposition ("Opposition," *Linde* ECF No. 1254) rests on the mistaken premise that Plaintiffs' Motion constitutes an effort to present new evidence in support of its factual claims at trial. Opp. at 3-6. Not so. As the Court recognizes, the jury concluded that Hamas bore legal responsibility for the Bus No. 19 Attack. Plaintiffs' Motion addresses the narrow question of whether the Court granted Fed. R. Civ. P. 50 relief because it believed that as a result of PX4045's translation error, the jury should not have credited Mr. Shaked's expert conclusions concerning the Bus No. 19 Attack.

*To the extent* that the Court's assessment of Mr. Shaked's testimony, and the jury's right to credit it, was based on what the Court understandably believed to be a *translation* error rather than a *transcription* error in the original document, Exhibits A and B to Plaintiffs' Motion simply clarify why Mr. Shaked's opinions were factually supported and why the jury was entitled to credit his testimony. The jury did not see or hear about these documents and, contrary to Defendant's Opposition's claim, these documents are *not* now being offered as evidence that Nashash was a convicted Hamas operative. Plaintiffs have only asked the Court to take judicial notice, "in order to determine what statements [the public records] contained ... not for the truth of the matters asserted." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (emphasis added).[2]

---

[1] Except as otherwise set forth herein, defined, capitalized, or abbreviated terms are synonymous in scope and meaning with their use in the Motion.

[2] *Slate v. American Broadcasting Companies, Inc.*, 12 F. Supp. 3d 30 (D.D.C. 2013), cited by the Bank

Hon. Brian M. Cogan, U.S.D.J.
May 1, 2015
Page 2 of 2

In sum, Plaintiffs' Motion does not ask the Court to assume the "truth" of the information set forth in <u>Exhibits A or B</u>. Rather, the Motion requests that the Court reconsider its decision to dislodge a factual determination that was clearly within the jury's province, *to the extent* that the Court's ruling is based on a transcription error in PX4045. In Plaintiffs' view, the undisputed evidence that the suicide bomber was recruited into Hamas, trained by Hamas operatives, photographed by them in Hamas paraphernalia, and given instructions on the target of the bombing is legally sufficient to support the jury's finding, *notwithstanding* the equally undisputed fact that the Al Aqsa Martyrs Brigade *also* bears legal responsibility for subsequently providing the bomb that was detonated on Bus No. 19 and providing other logistical support to the suicide bomber.

Accordingly, for the reasons set forth above and those in the Motion, Plaintiffs respectfully request that the Court reconsider this limited aspect of the April 8 Order.

Respectfully submitted,

/s/ Gary M. Osen

cc:   All Counsel

---

(Opp. at 4) is far from "identical." *Slate* involved a motion for judicial notice in support of the plaintiffs' companion motion for reconsideration of the court's grant of summary judgment in favor of the defendant, and dismissal for bad-faith litigation conduct by the plaintiff. The plaintiff asked the court to take judicial notice of other decisions issued by other courts that he claimed were relevant to alleged discovery misconduct. Here, Plaintiffs' Motion provides <u>Exhibits A and B</u> merely to demonstrate that it was not error for the jury to credit Mr. Shaked's opinions.