UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
COURTNEY LINDE et al.,                                      :
                                                            :
                              Plaintiffs,                   :   **ORDER**
                                                            :
            - against -                                     :   04 Civ. 2799 (BMC) (VVP)
                                                            :   and related cases[1]
ARAB BANK, PLC,                                             :
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

Before me is defendant's [1256] letter motion to conduct additional depositions and to adjourn trial. For the reasons that follow, defendant's request is granted in part and denied in part.

1. As I have consistently emphasized during the discovery portion of the damages phase of this trial, there must be an effort by all parties to consider the concept of proportionality. See Fed. R. Civ. P. 26(b). Nevertheless, the Trial Management Order, dated December 10, 2014, as amended, is further amended as follows: (1) jury selection will commence on August 10, 2015 at 9:30 a.m., with trial to follow immediately thereafter; and (2) fact discovery will conclude on June 8, 2015. The remaining expert discovery deadlines remain unchanged. To the extent any expert's opinion changes by what is learned during the period of overlap between fact

---

[1] The following related cases have been consolidated with this case for the purposes of discovery and other pretrial proceedings: Philip Litle, et al. v. Arab Bank, PLC, 04-CV-5449; Oran Almog, et al. v. Arab Bank, PLC, 04-CV-5564; Robert L. Coulter, Sr., et al. v. Arab Bank, PLC, 05-CV-365; Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC, 05-CV-388; Michael Bennett, et al. v. Arab Bank, PLC, 05-CV-3183; Arnold Roth, et al. v. Arab Bank, PLC, 05-CV-03738; Stewart Weiss, et al. v. Arab Bank, PLC, 06-CV-1623.

and expert discovery, the party representing that expert must file a letter requesting that such a change be permitted and explaining the reason for the change.

2. With respect to the foreign third-party witnesses, for which the Court approved Hague Convention Requests, there is always a risk that those depositions will not be taken because of the delays inherent in the process. It sometimes happens that witnesses residing abroad are not amenable to any process at all to compel their pretrial testimony under the local law; so it also happens that witnesses residing abroad who are theoretically amenable to local process are effectively unavailable because the local process takes too long to conform to the needs of litigation here. In the absence of some proof that a delay to accommodate these depositions would be fruitful, the case cannot wait for an undefined period for the Israeli court system to set a hearing date regarding the Request sent to Israel. There is simply no assurance that these witnesses or the ones referenced in the following paragraph will become available on any reasonable schedule, including the schedule proposed by defendant. Although I have authorized the depositions of these individuals, most of whom are treating physicians for whom defendant already has medical records, they are not so critical to defendant's case as to justify indefinite delay.

3. For the same reason, I decline to delay trial indefinitely to accommodate the mere possibility that the Israeli police will decide to permit the depositions of David Edelson and Sagi Matza.

4. The party producing a witness for deposition must have also produced all relevant documents related to that witness prior to that witness' deposition. See Fed. R. Civ. P. 30(d)(1). It is immaterial whether defendant possesses "copious medical and other records" if plaintiffs have not provided a complete production prior to the deposition of one of their witnesses. For

example, although plaintiffs dispute some of the chronology, they admit that relevant documents were produced after Yossef Cohen's deposition. As defendant has held open certain of these depositions, it is entitled to continue depositions of these individuals for whom full productions were not provided prior to the deposition. Those depositions will be confined to examination concerning the late-produced documents. The above-noted one-month extension should alleviate defendant's concern regarding delays relating to obtaining plaintiffs' medical records.

    5.    Finally, defendant's requests for eight additional depositions are disposed of as follows:

    A)    Leave to depose Dr. Spivak is denied. Defendant has failed to demonstrate a likelihood that his knowledge based on his treatment of Ms. Attias will be relevant to her claims. Plaintiffs will be precluded from relying on the condition for which he treated her (apparently, her fainting spells) as evidence of or symptoms of any injury for which she seeks to recover.

    B)    Leave to depose Ms. Lachman is denied. Defendant has failed to show a likelihood that she will have knowledge of facts relevant to this case.

    C)    Leave to depose Shai Pinhasi (or Pinoshav) is denied. His proffered testimony appears too attenuated from the claims in this case, and too likely to be duplicative, to justify his deposition in light of defendant's untimely request.

    D)    Leave to depose Dr. Tandetnik (or Mauriel) is granted; plaintiffs' only objection to this request is on the grounds of timeliness, which should be obviated by this Order's amendment of the discovery and trial schedule.

    E)    Leave to depose Ms. Goldstein is granted. Plaintiffs object to this request on the grounds of timeliness, spousal privilege, and the fact that Ms. Goldstein's

emotional injuries are not at issue in this case. To the extent that spousal privilege applies, plaintiffs are free to make those objections. Defendant is reminded that any emotional injuries suffered by Ms. Goldstein are not at issue in this case.

      F)    Finally, plaintiffs do not appear to object to the defendant's request to depose three of the Goldstein families' treating physicians. Therefore, defendant is granted leave to depose these three individuals.

**SO ORDERED.**

                                                                                           U.S.D.J.

Dated: Brooklyn, New York
       May 7, 2015