UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
 :
COURTNEY LINDE et al., :
 :
                         Plaintiffs, : **ORDER**
 :
      - against - : 04 Civ. 2799 (BMC) (VVP)
 : and related cases[1]
ARAB BANK, PLC, :
 :
                        Defendant. :
 :
-------------------------------------------------------------- X

      Before me is the parties' [1262] joint letter regarding defendant's motion to compel certain discovery. For the reasons that follow, defendant's requests are denied.

      1.     Defendant has not provided sufficient grounds to compel production of Josiah Litle's IDF records. Even if defendant is correct that the military incident had a traumatic effect on Josiah's emotional well-being, the fact that defendant already has an abundance of testimony from various witnesses renders the IDF records duplicative. This is especially true considering that Josiah is not claiming damages related to his inability to advance within the IDF. Likewise, defendant has not demonstrated good cause why such records would need to be "reviewed and evaluated by the Bank's medical experts," who apparently were free to examine and question Josiah about this incident, but opted against doing so.

      2.     Plaintiffs are not required to produce Josiah or Elishua Litle's education records. First, neither plaintiff is making a claim for lost wages or income, so these records are not

---

[1] The following related cases have been consolidated with this case for the purposes of discovery and other pretrial proceedings: Philip Litle, et al. v. Arab Bank, PLC, 04-CV-5449; Oran Almog, et al. v. Arab Bank, PLC, 04-CV-5564; Robert L. Coulter, Sr., et al. v. Arab Bank, PLC, 05-CV-365; Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC, 05-CV-388; Michael Bennett, et al. v. Arab Bank, PLC, 05-CV-3183; Arnold Roth, et al. v. Arab Bank, PLC, 05-CV-03738; Stewart Weiss, et al. v. Arab Bank, PLC, 06-CV-1623.

essential to proving an element of their damages. Second, as I stated at the January 21, 2015 Status Conference, the parties should be starting from the position that a witness is not going to fabricate a decline in academic performance. I left open the possibility that if there were a reason to doubt the accuracy of a witness, for example if the witness could not recall whether his grades actually went down, that might constitute sufficient reason for third party discovery on the issue. Defendant has offered no such reasons here. I also allowed – in a ruling that defendant mischaracterizes – that if a plaintiff were to allege, for example, that she "dropped out of school for a semester and that is an element of [her] damages," then confirmation would be appropriate. There has been no such contention with respect to these plaintiffs.

3. The parties seem to have resolved their disputes with respect to many of Josiah's medical records.[2] With respect to the few issues that remain: I cannot require Josiah's parents to remember the name of the pediatric specialist that Josiah saw as a child, nor can I require plaintiffs to produce records related to that specialist that they do not have in their own custody or control.

---

[2] These and other issues that the parties discuss in their letter are apparently already moot. When the parties have resolved issues on their own, a practice that is greatly encouraged, they should not include any discussion of those issues in a joint discovery submission. My reason for requiring a joint submission for discovery disputes in the first place is to narrow the disputes to those that require judicial attention.

      4.      Finally, defendant is not entitled to Litle family photographs from the last three years because their request for those documents was untimely. Defendant concedes that it initially asked only for photographs "from two years prior and three years after" Abigail Litle's death. Defendant also acknowledges that plaintiffs produced those pictures. The fact that defendant may be "left with little photographic evidence to counter the photos" that were produced is not plaintiffs' fault, and they should not be compelled at this late stage to correct it.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       May 12, 2015