

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   212.335.4501

June 1, 2015

<u>**VIA ECF**</u>

Honorable Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Linde v. Arab Bank, PLC*, 04-CV-2799 (BMC) (VVP), and related cases

Dear Judge Cogan:

  We submit this letter in further support of Arab Bank plc's ("Arab Bank" or "the "Bank") motion to dismiss the *Almog* plaintiffs' Second Amended Complaint (*Almog* ECF No. 1265).  In their opposition letter (*Almog* ECF No. 1272) ("Opposition" or "Opp."), plaintiffs fail to explain why the Anti-Terrorism Act ("ATA") claims of Esther Desta, Nechama Desta, Shifra Desta and Nilly Choman are not barred under the doctrine of claim preclusion given that their claims under Alien Tort Statute, 28 U.S.C. § 1350 ("ATS") were previously dismissed.  Plaintiffs likewise fail to demonstrate how Shimon Mordechai, the father of a U.S. national who was injured, but who is not himself a U.S. national, has standing under the ATA.  As such, the claims of all of these plaintiffs must be dismissed.

<u>Claim Preclusion (Esther Desta, Nechama Desta, Shifra Desta and Nilly Choman)</u>

  Esther Desta, Nechama Desta, Shifra Desta and Nilly Choman filed suit in 2008 as plaintiffs in the *Lev* action alleging violations under the ATS.  Those claims were dismissed. (Judgment (*Lev* ECF No. 393)).  These plaintiffs have now filed suit against Arab Bank once again, this time as U.S. citizens alleging violations under the ATA, explaining that their U.S. citizenship was only recently discovered. (*Almog* Second Am. Compl., ¶ 76, n.2, ¶ 85, n.4).  As stated in the Bank's initial letter motion, plaintiffs' newfound ATA claims are barred under the doctrine of claim preclusion which forecloses claims that could have been brought in a previous action between the parties. *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

  Plaintiffs argue that claim preclusion does not apply to their ATA claims because those claims were time barred in 2008 when the *Lev* Complaint was filed and thus could not have been brought at that time. (Opp. at 3).  This argument misconstrues how claim preclusion is applied. Whether or not a claim would have been successful if brought as part of a previous action is irrelevant.  Rather, "[w]hether a claim that was not raised in the previous action could have been raised therein depends in part on whether the same transaction or connected series of transactions



Honorable Brian M. Cogan
June 1, 2015
Page Two

is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (quoting *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992)). Courts thus consider "whether the underlying facts are related in time, space, origin, or motivation [and] whether they form a convenient trial unit," not whether the new claim would have been successful if brought as part of the previous action. *Id.* (quoting *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001)).

The fact that plaintiffs' ATA claims would have been time-barred if brought alongside their ATS claims in 2008 is irrelevant because their ATA claims arise out of the same exact factual allegations. Accordingly, for purposes of claim preclusion, they could have been brought as part of the *Lev* action. Moreover, the fact that plaintiffs would have been time-barred from asserting ATA claims in 2008 is a problem completely of their own making as there was no reason that they could not have filed their ATA claims within the permitted timeframe. The ATA claims of Esther Desta, Nechama Desta, Shifra Desta and Nilly Choman should therefore be dismissed.

Lack of Standing (Shimon Mordechai)

As set out in the Bank's initial letter motion, the unambiguous language of the ATA creates two, and only two, categories of plaintiffs who may bring suit: (1) U.S. nationals who are injured or killed, and (2) the survivors or heirs of U.S. nationals (regardless of their own nationality). 18 U.S.C. § 2333(a). Shimon Mordechai does not fall into either category.

In response, plaintiffs once again rely on language found in *Weiss v. Nat'l Westminster Bank PLC*, 453 F. Supp. 2d 609, 620 (E.D.N.Y. 2006). (Opp. at 4). Yet plaintiffs completely ignore the Bank's explanation as to why that ruling was erroneous. As the Bank explained, the court's ruling in *Weiss* appears to be based on a misreading of *Ungar v. Palestinian Authority*, 304 F. Supp. 2d 232, 264 (D.R.I. 2004). In *Ungar*, the court ruled that alleging a family relationship to a U.S. national who has been killed is sufficient for pleading a claim as a survivor under the ATA. That case did not address whether a family member of a U.S. national who was injured can bring suit under the ATA if they are not themselves U.S. nationals. In fact, no other court has ever allowed such an action to proceed.

In addition to the *Weiss* court's plain misreading of *Ungar*, the language of the ATA itself expressly limits actions by family members to "survivors" and "heirs"—terms that refer only to family members of someone who has been killed. *Morris v. Khadr*, 415 F. Supp. 2d



Honorable Brian M. Cogan
June 1, 2015
Page Three


1323, 1337-38 (2006).  Had Congress intended that family members of injured U.S. nationals be able to bring suit under the ATA, it easily could have incorporated language to that effect, but it did not.  As such, the claim of Shimon Mordechai must be dismissed.

        Respectfully submitted,

        /s/
        Shand S. Stephens
        DLA Piper LLP (US)
        1251 Avenue of the Americas
        New York, NY 10020

        *Attorneys for Defendant Arab Bank*


cc:  all counsel (via ECF)