

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   415.659.7328

July 15, 2015

*VIA ECF*

Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Linde v. Arab Bank, PLC*, 04-CV-2799 (BMC) (VVP), and related cases

Dear Judge Cogan:

      On behalf of Arab Bank, plc, we are responding to the letter sent to the Court by Plaintiffs this afternoon concerning the location of depositions of expert witnesses.  Plaintiffs' letter asks the Court to order that Plaintiffs' experts shall be deposed at the offices of Plaintiffs' counsel, and the Bank's experts be deposed at the offices of the Bank's counsel.

      Plaintiffs' request is contrary to the deposition notices served by the Bank and normal practice under the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 30(b)(1), the Bank noticed the depositions of Plaintiffs experts in the U.S. specifying the "place of the deposition" as the offices of the Bank's counsel in New York City.  As a general rule, "the party noticing the deposition usually has the right to choose the location."  *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citation omitted).  Here there is no reasonable basis for changing the noticed location to accommodate Plaintiffs, especially when the Court has already ordered the Bank to travel to Israel to depose Plaintiffs' experts who are located in Israel.

      Under the current expedited schedule, which has expert depositions almost every day, it is far more efficient to have experts deposed at the examining party's offices because it avoids having to transport thousands of pages of documents—all of them in multiple copies—to opposing counsel's offices so that they can be available to be used as exhibits as the deposition proceeds.

      We do not understand why Plaintiffs have refused this arrangement and involved the Court.  Plaintiffs' letter avoids discussing the efficiencies at issue and instead relies principally on a letter from 2011 that does not concern the damages trial and that discusses preferences for a situation in 2011 that is nothing like the expedited, multi-track damages trial schedule.  The 2011 letter (exhibit A to Plaintiffs letter sent today) never contemplated two-dozen expert depositions almost daily in little more than two weeks, which is the current damages trial schedule.  In 2011, expert discovery materials were to be produced at least three weeks before a deposition, which



Honorable Brian M. Cogan
July 15, 2015
Page Two

again is nothing like the present schedule which requires documents only five days prior to the deposition.  Plaintiffs' letter itself recognizes that the current schedule is "hectic" (at page 1).

In the current situation, the practical burden of transporting multiple copies of documents across New York, and then immediately repeating the process for another deposition involving different documents, is not small.  Some of the Plaintiffs' experts have allegedly relied on thousands of documents, all of which would have to be moved from the examining counsel's office to the offices of counsel for the opposing party, including multiple copies so that both the witness and counsel can review the same document at the same time.  For example, for Plaintiffs' expert Dr. JoAnn Difede, who prepared separate reports on ten Plaintiffs discussing their asserted psychological claims over more than ten years, this means transporting the files for ten Plaintiffs across New York for a one-day deposition.

The only inconvenience to Plaintiffs is that they and their expert would have to travel a short distance in New York City to our offices.  Counsel for the expert witness does not have to bring multiple copies of deposition exhibits, and indeed does not have to bring anything with them except the witness.

The Court has already required the Bank to travel to Israel to depose Plaintiffs' experts who reside in Israel.  Fairness should require that when the U.S. witnesses are deposed in New York, those witnesses come to the offices of the Bank's counsel—and vice versa.  Fairness also requires that the expert witness not interrupt the deposition to conduct other business, which is in fact what is happening today: we accommodated Plaintiffs' request to start the deposition at 1:00 p.m. instead of 10:00 a.m., and then they suspended it after one hour so that the witness could carry on separate business through an hour-long conference call.

We respectfully request that the Court order that expert depositions in New York take place at the offices of examining counsel, unless the parties agree otherwise.

Very truly yours,

**DLA Piper LLP (US)**

/s/
Shand S. Stephens

cc:  all counsel (via ECF)