

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
T   212.335.4594
F   415.659.7328

July 17, 2015

*VIA ECF*

Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Linde v. Arab Bank, PLC*, 04-CV-2799 (BMC) (VVP), and related cases

Dear Judge Cogan:

    We write on behalf of Arab Bank plc ("Arab Bank" or the "Bank") in opposition to the plaintiffs' letter of July 17, 2015 (*Linde* ECF No. 1290), requesting the Court's permission to file a reply memorandum of law in further support of their expedited motion to strike the expert report of Dr. Marc Sageman, MD, PhD.  Plaintiffs have not articulated why they believe that they need a reply under the current expedited schedule, and their request to submit an additional brief should be rejected accordingly.

    On July 3, 2015, the plaintiffs wrote to the Court to seek its permission for "leave to file a motion (of no more than 5 pages) to strike Marc Sageman's expert report" "in advance of the parties' expert witness depositions in order to spare the parties the time and expense involved in deposing an expert whose proffered opinions are facially inadmissible" (*Linde* ECF No. 1283). This Court promptly granted plaintiffs' request and issued the following scheduling order: "Plaintiffs are granted leave and are to file their motion by 7/10/15. Defendant's opposition is due by 7/16/15." The parties have now complied with that order.

    Plaintiffs chose to limit themselves to five pages, even though the importance of the legal question at issue has been known to the parties for at least a year.  Resolution of this issue will determine whether the Bank will be held liable for a share of the plaintiffs' damages, reflecting its relative role in the chain of causation (consistent with *Paroline v. United States*, 134 S. Ct. 1710 (2014) and fundamental principles of tort law), or threefold the entirety of the plaintiffs' damages, notwithstanding the fact that the Bank was not a factual cause of their injuries.  This Court also acknowledged the importance of this issue to the bellwether damages trial in its post-liability verdict opinion (ECF No. 1241 at 48 n.18); the fact that plaintiffs chose to submit a five page brief on this important question was one of their own making.



Honorable Brian M. Cogan
July 17, 2015
Page Two

      Even if the Court were to permit the plaintiffs to file a reply now, their proposed schedule should be rejected. The Bank was permitted six days after the plaintiffs filed their moving brief to file its opposition. The plaintiffs now seek seven days after the Bank filed its opposition to file their reply. Such a schedule is patently unfair. Nevertheless, if the Court sets a schedule for plaintiffs to file a reply, we respectfully request a like period of time to file a sur reply to address any arguments raised by plaintiffs that should have been raised in their initial memorandum of law. We also respectfully request that the Court set a date for oral argument on the motion.

      Very truly yours,

      **DLA Piper LLP (US)**

      /s/
      Shand S. Stephens

cc: all counsel (via ECF)