

**DLA Piper** LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Shand S. Stephens
shand.stephens@dlapiper.com
**T**  212.335.4594
**F**  415.659.7328

August 5, 2015

*VIA ECF*

Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** *Linde v. Arab Bank, PLC*, 04-CV-2799 (BMC) (VVP), and related cases

Dear Judge Cogan:

We submit this letter on behalf of defendant Arab Bank, plc ("Defendant" or the "Bank") in response to Plaintiffs continued attempts to accuse the Bank of creating controversy where none exists.  Yesterday, the parties filed a joint discovery letter pursuant to the Court's Individual Rule III.A.1 in connection with a dispute regarding expert depositions and related discovery.  This morning, Plaintiffs' counsel submitted a letter to this Court alleging that the Bank "prematurely and unilaterally" filed the discovery letter with the Court and that the "parties were still conferring" regarding Plaintiffs' deficiencies concerning Drs. Kurtz and Kraut. (Pl.'s Aug. 5, 2015 Ltr. (ECF No. 1330).)

As noted in yesterday's joint discovery letter, throughout the discovery process, Plaintiffs have failed to meet their obligations to produce all documents relevant to their expert witnesses prior to the witness's deposition.  In an effort to resolve these issues without Court intervention, the Bank asked repeatedly for the reliance materials not previously disclosed or produced, both at the depositions of Drs. Kurtz and Kraut and afterward in correspondence.  On Friday July 31, 2015, Plaintiffs produced an incomplete set of documents pertaining to Drs. Kurtz and Kraut, and upon receiving the Bank's portion of the discovery letter, asked Defendant whether their production mooted our letter to the Court with regard to Drs. Kurtz and Kraut.  By way of email from Joe Alonzo to Plaintiffs' counsel Ari Ungar dated Aug. 4, 2015 at 12:33pm (*see* Pl.'s Aug. 5, 2015 Ltr. (ECF No. 1330) at Ex. A), the Bank responded that Plaintiffs' production was still incomplete and laid out the conditions under which the issue would be mooted.  Those conditions included "additional depositions of Drs. Kurtz and Kraut, to be taken at a mutually convenient time prior to trial, and to be limited to these newly-produced documents." (*Id.*) Plaintiffs responded that they did not so consent. (*Id.*)  Defendant was left with no choice but to file the discovery letter to seek relief from the Court.

The Bank was not given the opportunity to fully question these experts on their opinions due to Plaintiffs' delinquency in meeting their discovery obligations.  Given the extremely



Honorable Judge Brian M. Cogan
August 5, 2015
Page Two

restricted time frame for expert depositions, Plaintiffs' repeated failures are resulting in prejudice to the Bank in preparing its defense in this case.  We ask that the Court order Plaintiffs' experts be required to sit for a continued deposition after those productions have been completed.  *See* May 7, 2015 Order at ¶ 4.

We thank the Court for its attention to this matter.

Very truly yours,

**DLA Piper LLP (US)**

_____/s/_____
Shand S. Stephens