UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
  COURTNEY LINDE et al.,                                 :
                                                         :
                              Plaintiffs,                :     **ORDER**
                                                         :
              - against -                                :     04 Civ. 2799 (BMC) (VVP)
                                                         :     and related cases[1]
  ARAB BANK, PLC,                                        :
                                                         :
                              Defendant.                 :
                                                         :
-------------------------------------------------------- X

**COGAN**, District Judge.

        Before me is the parties' [1327] purportedly joint letter regarding certain discovery

disputes and the parties' individual letters on those disputes.[2]  My rulings are as follows:

        1.      With respect to Drs. Kurtz and Kraut, the parties' dispute comes down to whether

defendant should be required to "articulate a specific opinion that [it] feel[s it was] unable to

cover" before learning plaintiffs' position on whether these depositions should be continued.

The Court cannot see why defendant should not have to articulate the prejudice it thinks it has

suffered with respect to these witnesses, but if and when it does, the Court will decide whether

defendant may continue their depositions.

        2.      Defendant has not demonstrated good cause for continuing the deposition of Mr.

Kleiman based on plaintiffs' untimely production of his retention letter, because it cannot

possibly have been prejudiced thereby.  Similarly, defendant has not shown that any of the four

---

[1] The following related cases have been consolidated with this case for the purposes of discovery and other pretrial proceedings:  Philip Litle, et al. v. Arab Bank, PLC, 04-CV-5449; Oran Almog, et al. v. Arab Bank, PLC, 04-CV-5564; Robert L. Coulter, Sr., et al. v. Arab Bank, PLC, 05-CV-365; Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC, 05-CV-388; Michael Bennett, et al. v. Arab Bank, PLC, 05-CV-3183; Arnold Roth, et al. v. Arab Bank, PLC, 05-CV-03738; Stewart Weiss, et al. v. Arab Bank, PLC, 06-CV-1623.

[2] The other letters addressed herein are plaintiffs' [1328], [1329], and [1330], which all are the same letter, and defendant's [1332] response.

other categories of information sought with respect to Mr. Kleiman are within the parties'

agreed-upon scope of expert discovery, i.e., were relied upon by this expert, and are not

privileged.  Accordingly, defendant's requests as to Mr. Kleiman are denied.

3.      Finally, defendant is entitled to a continued telephone or video-conference

deposition of Dr. Burton, which is limited to one hour, and is limited to questions about the

summary sheets created by Dr. Burton's assistant and upon which Dr. Burton may have relied.

Defendant's remaining production requests regarding Dr. Burton are denied because it has not

shown that the documents it seeks are within the parties' agreed-upon scope of expert discovery

and non-privileged.


**SO ORDERED.**


_____
                                                   U.S.D.J.


Dated: Brooklyn, New York
        August 5, 2015

2