# FLEISCHMAN BONNER & ROCCO LLP
## ATTORNEYS AT LAW

81 Main Street • Suite 515 • White Plains • New York • 10601
Tel: 908-516-2066 • Fax: 908-516-2049 • Web: WWW.FBRLLP.COM

Email: JBonner@fbrllp.com

April 24, 2020

Hon. Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Litle v. Arab Bank, PLC,* 04-CV-5499 (BMC)(PK) and Related Cases**

Dear Judge Kuo:

Pursuant to Section VI.A.1. of Your Honor's Individual Practice Rules, claimant Jackob Raz and respondents Sayles Werbner, P.C. and The David Law Firm, P.C. write to request that the Court resolve a discovery dispute. Specifically, Sayles Werbner and The David Law Firm (collectively, "Respondents") request a protective order staying the discovery the Court ordered in its March 31, 2020 "Memorandum and Order" (the "Fee Opinion") pending the outcome of their objections to that ruling. After good faith discussions, Mr. Raz and the Respondents have not reached a compromise concerning the stay the Respondents propose.

## Respondents' Position

*Relevant Facts*. A large number of American citizens and foreign nationals engaged the Respondents to pursue claims against Arab Bank, PLC. In turn, the Respondents retained Mr. Raz, an Israeli attorney, to assist with representing the primarily Hebrew-speaking clients residing in Israel that the Respondents represented. Those clients fell into two categories: (a) a small number of America citizens residing in Israel who secured a settlement of the claims they pursued under the Anti-Terrorism Act (18 U.S.C. § 2333 et seq.) in *Litle v. Arab Bank, PLC*, 04-CV-5499 and related matters (collectively, "*Litle*"); and (b) a much larger number of Israeli citizens who unsuccessfully pursued claims under the Alien Tort Statute (28 U.S.C. § 1350) in *Jesner v. Arab Bank, PLC*, 06-CV-3869 ("*Jesner*").

*The Fee Opinion.* In the Fee Opinion, the Court ruled that Mr. Raz had no entitlement to a payment under his contingency-fee agreement with the Respondents. Fee Opinion at 6-8. On the other hand, the Court ruled that Mr. Raz might be entitled to fees on a quantum meruit basis. *Id.* at 8-11. The Court did not differentiate between the services Mr. Raz undertook for the American clients in *Litle* and the Israeli clients in the unsuccessful *Jesner* action.

The Respondents have objected to the Fee Opinion as it relates to the unsuccessful *Jesner* clients. The objections argue that the subject of Mr. Raz's attorney's fees is a "dispositive" issue under Fed. R. Civ. P. 54(d)(2)(D) and Fed. R. Civ. P. 72(b). Thus, Rule 72(b)(1) limited the Court's authority to "enter[ing] a recommended disposition," and the Fee Opinion is not self-executing. Rather, it will take effect only if he District Court adopts this Court's recommendation. Moreover, the District Court has already ruled that Mr. Raz should demonstrate his entitlement to a fee *before* he obtains discovery. *See* March 27, 2019 Order.

*A Stay is Appropriate.* A stay, of course, falls squarely within the Court's discretion under Fed. R. Civ. P. 26(c). *See, e.g., Nike, Inc. v. Wu,* 349 F. Supp. 3d 346, 352 (S.D.N.Y. 2018) (noting that court granted stay of discovery pending outcome of objections from Magistrate's

FLEISCHMAN BONNER & ROCCO LLP
ATTORNEYS AT LAW

Hon. Peggy Kuo
April 24, 2020
Page 2

ruling). Staying discovery is the most advisable course here because the District Court's ruling regarding the objections may severely limit the scope of relevant discovery. If the objections are sustained, the parties will conduct no discovery relating to the *Jesner* claimants, who are the subject of the vast majority of the disclosure the Fee Opinion requires. Moreover, the Respondents respectfully submit that compelling bases exist for their objections. Mr. Raz has advanced no reason why he alone should collect fees in the *Jesner* matter where all counsel, including Mr. Raz, agreed to work on a contingent basis.

Multiple practical factors also favor granting a brief stay pending the objections' outcome. Obviously, New York and Israel are currently locked down as a result of the Covid-19 crisis. Significant obstacles therefore exist to gathering the files all parties possess. For the Respondents, that difficulty is aggravated by the fact that both firms have ceased operations. Thus, to produce all of the responsive materials, the Respondents will need to unearth archived material that they no longer possess. Moreover, the Respondents' preliminary investigation reveals that they do not possess *many* of the *Jesner* client transcripts Mr. Raz referenced in his fee application. Thus, to sustain his burden of proving his supposed damages, Mr. Raz will have to incur substantial expense obtaining those transcripts. No such expense will be necessary if the District Court sustains the Respondents' objections.

Furthermore, the Respondents intend to depose Mr. Raz and perhaps his accountant to assist in demonstrating that his inflated estimate of the time he spent defending plaintiff depositions (4000-6000 hours) bears no relationship to his actual efforts. The high end of that estimate would have required Mr. Raz's full-time work for the three years in which the depositions proceeded intermittently. Those depositions and the hearing the Court will require to assess Mr. Raz's credibility and participation in these matters cannot take place any time soon.

The Respondents therefore respectfully request that the Court enter a stay of discovery pending the outcome of their objections to the Fee Opinion.

## Mr. Raz's Position

***Relevant Facts.*** Mr. Raz is an attorney licensed and practicing in Israel. For more than 15 years, he has also served as a military judge, ranked lieutenant colonel, in the Military Courts of Israel. On or about March 17, 2005, Mr. Raz entered into an agreement with the Respondents pursuant to which he agreed to provide certain administrative services to the Respondents in Israel in connection with five related litigations against Arab Bank (the "Actions"). Specifically, Mr. Raz agreed to be "responsible for hiring employees" who would communicate with the Respondents' Israel-based clients and perform other tasks under the direct supervision of the Respondents. In exchange for his services, Mr. Raz was entitled to receive a small share of the fees ultimately recovered by the Israeli plaintiffs and any dual-citizen plaintiffs that he engaged during one-on-one meetings at the request of the Respondents. Pursuant to the Agreement, Mr. Raz staffed an Israeli office for the Respondents and handled the finances for that office, paying rent and employee salaries that were reimbursed by the Respondents.

In 2007, depositions in the Actions commenced in Israel. For the first round of depositions, the Respondents sent an American attorney to Israel to represent the plaintiffs. Mr. Raz observed those depositions at the request of the Respondents. Thereafter, the Respondents asked Mr. Raz to represent the plaintiffs during subsequent rounds of depositions, so that the Respondents would not

have to continue sending personnel to Israel. Mr. Raz agreed, with the expectation that the Respondents would compensate him for the fair value of his legal services. Thereafter, the Respondents prepared a motion to admit Mr. Raz to the Court *pro hac vice*, and entered an appearance for him on behalf of the plaintiffs. Mr. Raz represented the plaintiffs on his own during the approximately 21 rounds of depositions that took place in Israel from 2007 to 2010, sometimes defending as many as three depositions per day. He has received no compensation for the thousands of hours of legal services that he rendered on behalf of the plaintiffs at the request of the Respondents.

***The Memorandum and Order.*** In a Memorandum and Order dated March 31, 2020 (the "Order"), the Court, in relevant part, determined that Mr. Raz was entitled to recover the reasonable value of the legal services that he performed on behalf of the plaintiffs in the Actions in *quantum meruit*. In so holding, the Court determined that the legal services rendered by Mr. Raz were sufficiently distinct from the administrative services performed pursuant to the Agreement, that the Agreement did not preclude Mr. Raz from recovering in quasi-contract.

The Respondents have objected to the Court's ruling only insofar as it determined that Mr. Raz was entitled to compensation in connection with the *Jesner* action. In their objection, the Respondents merely rehash the same arguments that they made in opposing Mr. Raz's fee application, based on an implausible reading of the Agreement that the Court properly rejected. The Respondents' objection is thus unlikely to be successful.

***A Stay Is Inappropriate.*** The Respondents have only objected to the Court's determination that Mr. Raz is entitled to fees in connection with the *Jesner* action. There is thus no basis to stay discovery related to Mr. Raz's work in connection with the other four Actions. With respect to *Jesner*, the Respondents' objections are unlikely to be successful such that a stay of discovery would only serve to delay Mr. Raz's receipt of substantial compensation to which he is clearly entitled. Under these circumstances, and in light of the many years that Mr. Raz has been deprived of compensation for his work, a stay is inappropriate.

The practical considerations identified by the Respondents likewise do not warrant a stay. Although the Covid-19 crisis has complicated litigation, the courts and litigants are increasingly able to operate remotely, and discovery of electronically-stored information (and/or remote depositions, if needed) should not be impacted. Further, it is unclear when the Covid-19 crisis will abate. A stay of discovery clearly will not lessen the discovery challenges posed by the fact that Sayles Werbner, P.C. and The David Firm, P.C. seemingly no longer exist.

Mr. Raz respectfully requests that discovery proceed pursuant to the Order pending the resolution of the Respondents' partial objections.

Respectfully submitted,

| | |
|---|---|
| /s/ James P. Bonner | /s/ Megan H. Daneshrad |
| Fleischman Bonner & Rocco LLP | Moses & Singer LLP |
| Counsel for Respondents Sayles Werbner, P.C. and The David Law Firm, P.C. | Counsel for Claimant Jackob Raz |