```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
COURTNEY LINDE, et al.                                      :
                                                            :
                            Plaintiffs,                     :   MEMORANDUM DECISION
                                                            :   AND ORDER
            - against -                                     :
                                                            :   04-cv-2799 (BMC) (PK)
ARAB BANK, PLC,                                             :
                                                            :
                            Defendant.                      :
----------------------------------------------------------- X
                                                            :
PHILIP LITLE, et al.                                        :
                                                            :
                            Plaintiffs,                     :
                                                            :   04-cv-5449 (BMC) (PK)
            - against -                                     :
                                                            :
ARAB BANK, PLC,                                             :
                                                            :
                            Defendant.                      :
----------------------------------------------------------- X
                                                            :
MICHAEL BENNETT, et al.                                     :
                                                            :
                            Plaintiffs,                     :
                                                            :   05-cv-3183 (BMC) (PK)
            - against -                                     :
                                                            :
ARAB BANK, PLC,                                             :
                                                            :
                            Defendant.                      :
----------------------------------------------------------- X
                                                            :
ARNOLD ROTH, et al.                                         :
                                                            :
                            Plaintiffs,                     :
                                                            :   05-cv-3738 (BMC) (PK)
            - against -                                     :
                                                            :
ARAB BANK, PLC,                                             :
                                                            :
                            Defendant.                      :
```

```
------------------------------------------------------------ X
                                                             :
STEWART WEISS, et al.                                        :
                                                             :
                                   Plaintiffs,               :
                                                             :   06-cv-1623 (BMC) (PK)
                 - against -                                 :
                                                             :
ARAB BANK, PLC,                                              :
                                                             :
                                   Defendant.                :
------------------------------------------------------------ X
                                                             :
JOSEPH JESNER, et al.                                        :
                                                             :
                                   Plaintiffs,               :
                                                             :   06-cv-3869 (BMC) (PK)
                 - against -                                 :
                                                             :
ARAB BANK, PLC,                                              :
                                                             :
                                   Defendant.                :
------------------------------------------------------------ X
```

**COGAN**, District Judge.

By Memorandum and Order dated March 31, 2020, Magistrate Judge Kuo determined that movant Jackob Raz is entitled to compensation in *quantum meruit* for certain legal work that he performed at the request of The David Law Firm, P.C. and Sayles Werbner, P.C. (the "Firms"). The Firms appeal that decision only "to the extent that it found Raz entitled to a quantum meruit award with respect to the work that he performed for the Israeli clients in the *Jesner* action." Specifically, they argue that (1) Mr. Raz cannot receive compensation in *quantum meruit* because there was an enforceable contract governing the matter at issue; (2) Mr. Raz cannot establish that he possessed a reasonable expectation of non-contingent compensation; and (3) the deposition services Mr. Raz performed that form the basis for the *quantum meruit* claim "were not sufficiently distinct from" his contractual duties to justify an equitable award.

2

Although the Court initially referred this fee dispute to Magistrate Judge Kuo to decide as a non-dispositive matter, a review of the few cases to address fee disputes under Federal Rule of Civil Procedure 72 has proven inconclusive as to whether such motions are dispositive or non-dispositive. On the one hand, several courts have either assumed or decided that fee disputes may be referred to magistrate judges as non-dispositive pretrial matters. See, e.g., United States ex rel. Doe v. Biotronik, Inc., No. 09-cv-3617, 2015 WL 6447489, at *6 (E.D. Cal. Oct. 23, 2015) ("[Rule 54(d)(2)(D)] implicitly recognizes motions for attorneys' fees are non-dispositive."); Wilkinson v. I.C. Sys., Inc., No. 09-cv-2456, 2011 WL 5304150, at *1 (D. Kan. Nov. 1, 2011) (assuming "that plaintiff's request for fees is a non-dispositive motion" for the purposes of that motion); cf. Joffe v. King & Spalding LLP, No. 17-cv-3392, 2019 WL 4722673, at *2 (S.D.N.Y. Sept. 25, 2015) (reviewing a motion for a charging lien, brought by plaintiff's former law firm against plaintiff, as a non-dispositive matter under Rule 72(a)).

On the other hand, several courts have determined that fee disputes are dispositive matters that may be referred to a magistrate judge only for a report and recommendation under Rule 72(b). See, e.g., Rajaratnam v. Moyer, 47 F.3d 922, 924 & n.5 (7th Cir. 1995) ("The application for fees cannot be characterized as nondispositive."); Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 658-59 (9th Cir. 1993) (concluding that the magistrate judge "lacked authority" to determine the motion for attorney's fees "because the motion she was determining was neither 'pretrial' nor 'nondispositive.'"); Louima v. City of New York, No. 98-cv-5083, 2004 WL 2359943, at *55 n.83 (E.D.N.Y. Oct. 5, 2004).

Although the Second Circuit has mostly stayed out of the fray on this particular question, see Sutton v. New York City Transit Auth., 462 F.3d 157, 159 & n.2 (2d Cir. 2006) ("We are not certain whether CMJ Azrack had authority to determine the amount of the charging lien or only

3

recommend a proposed ruling to the District Court."), a recent non-precedential decision suggests that "[a]ttorneys' fee determinations are considered 'dispositive' for purposes of Rule 72 of the Federal Rules of Civil Procedure" in this Circuit. See McConnell v. ABC-Amega, Inc., 338 F. App'x 24, 26 (2d Cir. 2009) (citing Williams v. Beemiller, Inc., 527 F.3d 259, 265 (2d Cir. 2008) (citing, in turn, Rajaratnam, 47 F.3d at 923-24 (discussed *supra*))). The question would appear to remain open, however, as Beemiller does not actually decide whether fee disputes are dispositive and cites the Rajaratnam case for another purpose. Nevertheless, because the Second Circuit's recent leanings counsel in favor of treating this motion for attorneys' fees as a dispositive matter, the Court will review the Firms' objections to Magistrate Judge Kuo's decision *de novo*.[1]

After review of the materials under the applicable *de novo* standard, the Court overrules the Firms' objections and adopts the Memorandum and Order in full. Judge Kuo conducted a careful review of the parties' written submissions, employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. Although it appears that Mr. Raz prepared plaintiffs and assisted counsel for certain depositions before July 2007 as part of his administrative services, the legal work he performed, including defending depositions on his own after his *pro hac vice* admission, was clearly distinct from the administrative services that are the subject of his agreement with the Firms. Thus, it would be unreasonable for the firms to assume that these legal services "were rendered without expectation of further pay," see Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175-76 (2d

---

[1] Motions for attorneys' fees should not be confused with attorney fee *sanctions* that magistrate judges may levy against parties for disobeying a court order or for violating a discovery precept. There is little question that a sanctions motion is a non-dispositive pretrial matter. See Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co., No. 15-cv-2926, 2020 WL 1242616, at *4 (E.D.N.Y. Mar. 16, 2020) ("Generally, orders relating to discovery sanctions are considered nondispositive. For example, a magistrate judge has authority to issue award of attorney's fees as a Rule 37 sanction or issue a preclusion order as such orders are non-dispositive.").

Cir. 2005), and Mr. Raz reasonably expected compensation for this work.  That Mr. Raz did not seek compensation until he learned that the relevant actions had settled does not compel a different conclusion, as the record supports the conclusion that the Firms and Mr. Raz expected that he would not be paid for any of his services until the actions were resolved.

      I therefore affirm the Decision and Order of Magistrate Judge Kuo or, alternatively, adopt her decision as the decision of this Court.

**SO ORDERED.**

                                                  U.S.D.J.

Dated: Brooklyn, New York
       September 1, 2020